IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **TALIA N. HARRISON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | Civil Action No.: 4:21-cv-00607 |
| | : | |
| **TYLER TECHNOLOGIES, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

### Introduction

1.  In this FLSA overtime action, Plaintiff Talia Harrison ("Harrison") alleges that she was misclassified as exempt from the FLSA's maximum hour provisions by her former employer, Defendant Tyler Technologies, Inc. ("Tyler Technologies"), and as a result was not paid the legally required overtime premium in workweeks in which she worked more than 40 hours.

### Jurisdiction and Venue

2.  This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because this case arises under the FLSA, a federal statute.

3.  Venue properly lies in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b) because Tyler Technologies resides within this judicial district and division and is subject to this Court's personal jurisdiction.

### The Parties

4.  Harrison is a natural person and resident of Arkansas.

1

5. Tyler Technologies is a Delaware corporation with its principal place of business at 5101 Tennyson Parkway, Plano, TX 75024.

6. Tyler Technologies is subject to the personal jurisdiction of this Court.

7. Tyler Technologies may be served with process through its registered agent, Capitol Corporation Services, Inc., at 206 E. 9th Street, Suite 1300, Austin, TX 78701.

**Employment Relationship**

8. Harrison was employed by Tyler Technologies as a Project Manager from approximately July 2016 through June 17, 2021.

9. At all times relevant to this action, Tyler Technologies was Harrison's "employer" within the meaning of 29 U.S.C. § 203(d).

**Non-Exempt Employee**

10. At all relevant times, Harrison's primary duties included training customers on the use of ExecuTime time-tracking software and providing customers with post-training support relating to the use of ExecuTime software.

11. At all relevant times, Harrison's primary duties did not include the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications.

12. At all relevant times, Harrison's primary duties did not include the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications.

13. At all relevant times, Harrison's primary duties did not include the design, documentation, testing, creation, or modification of computer programs related to machine operating systems.

14. At all relevant times, Harrison's primary duties did not include a combination of duties described in the three preceding paragraphs, and requiring the same level of skills.

15. At all relevant times, Harrison did not have the primary duty of managing the enterprise in which she was employed or a customarily recognized department or subdivision thereof.

16. At all relevant times, Harrison did not customarily and regularly direct the work of two or more other employees.

17. At all relevant times, Harrison did not have the authority to hire or fire other employees and her suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

18. At all relevant times, Harrison did not have authority to formulate, affect, interpret, or implement management policies or operating practices of her employer or her employer's customers.

19. At all relevant times, Harrison's primary duties did not include carrying out major assignments in conducting the operations of the business of her employer or her employer's customers.

20. At all relevant times, Harrison's primary duties did not include work that affected the business operations of her employer or her employer's customers to a substantial degree.

21. At all relevant times, Harrison did not have authority to commit her employer or her employer's customers in matters that have significant financial impact.

22. At all relevant times, Harrison did not have authority to waive or deviate from established policies and procedures without prior approval.

23. At all relevant times, Harrison did not have authority to negotiate and bind her employer or her employer's customers on significant matters.

24. At all relevant times, Harrison did not have a primary duty of providing consultation or expert advice to the management of her employer or her employer's customers.

25. At all relevant times, Harrison was not involved in planning the long- or short-term business objectives of her employer or her employer's customers.

26. At all relevant times, Harrison did not investigate and resolves matters of significance on behalf of the management of her employer or her employer's customers.

27. At all relevant times, Harrison did not represent the company in handling complaints, arbitrating disputes or resolving grievances.

28. At all relevant times, Harrison did not have the authority to make independent choices, free from immediate direction or supervision.

29. At all relevant times, Harrison's primary duties consisted of applying well-established techniques, procedures. or specific standards described in manuals or other sources.

30. Throughout the Relevant Time Period, Harrison did not have the primary duty of performing office or non-manual work directly related to the management or general business operations of her employer or her employer's customers.

31. Throughout the Relevant Time Period, Harrison did not have a primary duty that included the exercise of discretion and independent judgment with respect to matters of significance.

32. Throughout the Relevant Time Period, Harrison was not employed in a bona fide professional capacity within the meaning of 29 USC § 213(a)(1).

33. At all relevant times, Harrison was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213(a)(1).

34. At all relevant times, Harrison was not employed in a bona fide executive capacity within the meaning of 29 USC § 213(a)(1).

35. At all relevant times, Harrison was not employed as a "computer professional" within the meaning of 29 USC § 213(a)(17).

36. At all times during the Relevant Time Period, Harrison was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

**Failure to Pay Overtime**

37. At all relevant times, Harrison was compensated on a salary basis.

38. At all relevant times, Harrison regularly worked in excess of 40 hours per seven-day workweek.

39. At all relevant times, Harrison was not compensated at one-and-one-half times her regular hourly rate for all hours worked in excess of forty hours per workweek.

**Willfulness and Lack of Good Faith**

40. Tyler Technologies knew or should have known that the FLSA applied to Harrison and that she was not subject to any exemption from the maximum hour provisions of the FLSA.

41. In failing or refusing to compensate Harrison overtime wages as required by the FLSA, Tyler Technologies did not rely on any letter ruling from the Department of Labor indicating that Harrison was subject to any exemption from the overtime pay provisions of the FLSA.

42. In failing or refusing to compensate Harrison overtime wages as required by the FLSA, Tyler Technologies did not rely in good faith on any legal advice indicating that such practice was permissible.

43. Tyler Technologies' failure to compensate Harrison at one-and-one-half times her regular hourly rate for each hour worked in excess of 40 hours in each workweek was "willful" within the meaning of 29 U.S.C. § 255.

44. Tyler Technologies' failure to compensate Harrison at one-and-one-half times her regular hourly rate for each hour worked in excess of 40 hours in each workweek was not done in "good faith" within the meaning of 29 U.S.C. § 259.

45. Tyler Technologies' failure to compensate Harrison at one-and-one-half times her regular hourly rate for each hour worked in excess of 40 hours in each workweek was not done in "good faith" within the meaning of 29 U.S.C. § 260.

### Count I - Failure to Pay Overtime Pursuant to 29 U.S.C. §§ 207 and 215(a)(2)

46. At all relevant times, Harrison was an employee covered by the FLSA and entitled to the maximum hour protections set forth in 29 U.S.C. § 207(a).

47. Throughout her employment by Tyler Technologies, Harrison regularly worked in excess of 40 hours per workweek.

48. Throughout her employment by Tyler Technologies, the company failed to compensate Harrison for each hour worked in excess of 40 hours per workweek.

49. Harrison is entitled to recover from Tyler Technologies all her unpaid overtime wages that she earned but that were not paid within the three years prior to the filing of this action.

50. Harrison is entitled to recover from Tyler Technologies liquidated damages in an amount equal to her unpaid overtime wages, in accordance 29 U.S.C. § 216(b).

51. Harrison is entitled to recover from Tyler Technologies her litigation costs, including her reasonable attorney's fees, in accordance with 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff Harrison respectfully prays that this Court:

1. Take jurisdiction of this matter;

2. Issue a judgment declaring that Harrison was covered by the FLSA and were therefore entitled to be paid an overtime premium for each hour worked in excess of 40 in each workweek;

3. Issue a judgment declaring that Tyler Technologies failed to comply with the maximum hour provisions of the FLSA;

4. Award Harrison her due but unpaid overtime compensation calculated at one-and-one-half times her regular hourly rate, plus an equal amount in liquidated damages from three years prior to the filing of this complaint;

5. Award Harrison prejudgment interest on all amounts owed to the extent that liquidated damages are not awarded;

6. Award Harrison nominal damages;

7. Award Harrison her costs of litigation, including reasonable attorney's fees, pursuant to 29 U.S.C. § 216(b); and

8. Grant such other and further relief as the Court deems necessary, just and proper.

Dated:  August 3, 2021

Respectfully submitted,

**SHELLIST LAZARZ SLOBIN LLP**

s/ Melinda Arbuckle
Melinda Arbuckle
Texas Bar No. 24080773
Shellist Lazarz Slobin LLP
11 Greenway Plaza
Suite 1515
Houston, Texas 77046
Tel: 713.621.2277
Fax: 713.621.0993
marbuckle@eeoc.net

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

Charles R. Bridgers
Georgia Bar No. 080791
(to be admitted *pro hac vice*)
Matthew W. Herrington
Georgia Bar No. 275411
(to be admitted *pro hac vice*)
101 Marietta Street
Suite 2650
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

Counsel for Plaintiff