**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **TALIA N. HARRISON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **No. 4:21-cv-00607-ALM** |
| **vs.** | : | |
| | : | |
| **TYLER TECHNOLOGIES, INC.,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

---

### JOINT REPORT ON RULE 26(f) CONFERENCE

---

Pursuant to the Court's September 15, 2021, Order Governing Proceedings [DE 8] and Rule 26 of the Federal Rules of Civil Procedure, Plaintiff Talia Harrison ("Plaintiff") and Defendant Tyler Technologies ("Tyler") (collectively, the "Parties") file this, their Joint Rule 26(f) Conference Report, and respectfully state the following:

1. **A brief factual and legal synopsis of the case.**

    **Plaintiff's Statement:**

    Plaintiff Talia Harrison ("Harrison") alleges that she was misclassified as exempt from the FLSA's maximum hour provisions by her former employer, Defendant Tyler Technologies, Inc. ("Tyler Technologies"), and as a result was not paid the legally required overtime premium in workweeks in which she worked more than 40 hours.

    Defendant bears the burden of establishing the exemption excepting it from paying overtime premium pay.

    **Defendant's Statement:**

    During her employment with Defendant, Plaintiff satisfied the administrative exemption and therefore was properly classified as an exempt employee under the Fair Labor Standards Act.  As a result, Plaintiff is not legally entitled to overtime compensation as requested in her Complaint.

---

2.      **The jurisdictional basis for this suit.**

Federal question jurisdiction under the Fair Labor Standards Act, 29 U.S.C. § 203.

3.      **A list of the correct names of the parties to this action and any anticipated additional or potential parties.**

Talia N. Harrison, Plaintiff, and Tyler Technologies, Inc., Defendant.  The Parties do not anticipate any additional parties.

4.      **A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.**

None.

5.      **Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this order has been completed.**

The Parties anticipate completing their initial mandatory disclosures by the Court's October 18, 2021 deadline.

6.      **Proposed scheduling order deadlines. Appendix 1 has the standard deadlines. Explain any deviations from standard schedule. <u>Now is the time to inform the court of any special complexities or need for more time before the trial setting.</u> The standard schedule is planned so that there is time to rule on dispositive motions before parties begin final trial preparation.**

The Parties have completed the proposed scheduling order with the Court's standard deadlines.  *See* Ex. 1.  The Parties do not request any deviations from the Court's standard schedule.

7.      **Describe in accordance with Rule 26(f):**

(i)      **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The hours Plaintiff worked; the pay Plaintiff received; Plaintiff's job duties; issues related to willfulness/good faith; and the amount of Plaintiff's damages.  The Parties do not believe that discovery should be conducted in phases or be limited to or focused on particular issues.

(ii)     **Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as**

**any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.**

The parties agree that ESI should be produced in PDF format when possible and in native format when specifically requested or not practicable to produce in PDF format (e.g., spreadsheets, audiovisual files).  The parties have agreed to the service of discovery requests and responses via e-mail.

(iii)   **Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues).  A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.**

With respect to a protective order, Defendant is likely to assert that certain materials it produces in discovery are confidential.  Consequently, the Parties will prepare a proposed joint protective order.

With respect to inadvertent production of privileged information, the Parties agree to the following protocol:

If a party ("Disclosing Party") inadvertently discloses information that is subject to a claim of attorney-client privilege or work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information or its related subject matter in this litigation or in any other court or legal proceeding.

If at any time the Disclosing Party discovers that it has disclosed Inadvertently Disclosed Information, it shall as soon as practicable after learning that it inadvertently or mistakenly produced such information: (1) notify all parties in writing of the inadvertent disclosure; (2) identify all Inadvertently Disclosed Information; and (3) explain the circumstances surrounding its discovery that it inadvertently produced the information, including the date of such discovery.

Upon receiving the Disclosing Party's notice, each receiving party shall within 10 business days: (1) return, destroy, sequester, or delete all copies of the Inadvertently Disclosed Information; (2) take reasonable steps to retrieve the Inadvertently Disclosed Information if it was disseminated by the receiving party prior to such notification; and (3) provide a certification of counsel that all such information has been returned, destroyed, sequestered, or deleted.

Even if the receiving party objects (or intends to object) to the Disclosing Party's privilege or protection claim, it shall refrain from any further use, disclosure, or dissemination of the Inadvertently Disclosed Information in any way (including, but not limited to, using the information at depositions or trial) until the Court rules on the privileged or protected status of the Inadvertently Disclosed Information. The Disclosing Party must preserve the Inadvertently Disclosed Information until either: (1) all receiving parties concede that it is privileged or protected; or (2) the Court resolves any disputes as to whether the Inadvertently Disclosed Information is privileged or protected.

Within 10 business days of the notification that the receiving party returned, destroyed, sequestered, or deleted the Inadvertently Disclosed Information, the Disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

At any time after receiving the Disclosing Party's privilege log, a party may notify the Disclosing Party in writing of its objection to a claim of privilege or work product protection with respect to the Inadvertently Disclosed Information. Within 10 business days of the receipt of such notification, the Disclosing Party and the objecting party shall meet and confer in an effort to resolve any disagreement concerning the Disclosing Party's privilege or work product claim.

If the Parties do not resolve their disagreement after conducting the mandatory meet and confer, the receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information.  The motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

The Disclosing Party bears the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this agreement shall limit the right to request an in camera review of the Inadvertently Disclosed Information.

**(iv)  Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed as well as**

None.

**(v)  Whether any other order should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c)**

The Parties direct the Court to their response to Section 7(iii) above.

**8.  State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties**

have agreed upon a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation. An early date is encouraged to reduce expenses. The court will appoint a mediator if none is agreed upon.

There have been no settlement discussions to date.  Plaintiff anticipates providing a demand after receiving Plaintiff's pay records.  The Parties will confer on an agreed mediator and will notify the Court of their chosen mediator 6 weeks before the mediation deadline in the proposed scheduling order.

9.      **The identity of persons expected to be deposed.**

Plaintiff anticipates deposing Defendant's 30(b) Representative, Plaintiff's immediate manager(s), and Defendant's counsel, Paulo McKeeby.

Defendant anticipates deposing Plaintiff.  Defendant objects to the deposition of its counsel, Paulo McKeeby.  Plaintiff unsuccessfully attempted to depose Mr. McKeeby in prior FLSA litigation against Defendant, *Greene v. Tyler Technologies, Inc.*, No. 1:19-cv-01338-AT (N.D. Ga.)  [DE 36].  In *Greene*, the court denied Plaintiff's counsel's request to depose Mr. McKeeby and instead ordered Defendant to produce: (1) billing records, communications, and notes relating to the advice that Defendant received from Mr. McKeeby regarding proper classification; and (2) either Defendant's 30(b)(6) witness or Defendant's President and CEO (and former general counsel) for a one hour deposition on the advice given by Mr. McKeeby regarding classification.  *Id*. at pp. 3-4, 6.  Because Plaintiff's counsel also represented Ms. Greene, he is already familiar all of the relevant information regarding Mr. McKeeby's advice to Defendant regarding classification. Defendant is willing to stipulate to the use in this litigation of the information produced in *Greene*.

10.     **Estimated trial time and whether a jury demand has been timely made.**

The Parties estimate that trial will take approximately three to four days.  A jury demand has not been made.

11.     **The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

Matthew Herrington and Melinda Arbuckle on behalf of Plaintiff.  Paulo McKeeby and Amanda Brown on behalf of Defendant.

12.     **Whether the parties jointly consent to trial before a magistrate judge.**

The Parties do not jointly consent to trial before a magistrate judge.

13.     **Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.**

None at this time.


Respectfully submitted,


| <u>/s/ Matthew W. Herrington</u> (w/permission) | <u>/s/ Amanda E. Brown</u> |
|---|---|
| Charles R. Bridgers (*pro hac vice*) | Paulo B. McKeeby |
| charlesbridgers@dcbflegal.com | TX State Bar No. 00784571 |
| Matthew W. Herrington (*pro hac vice*) | pmckeeby@reedsmith.com |
| matthew.herrington@dcbflegal.com | Amanda E. Brown |
| DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC | TX State Bar No. 24087839 |
| | aebrown@reedsmith.com |
| 101 Marietta St. | Reed Smith LLP |
| Ste. 2650 | 2850 N. Harwood St., Suite 1500 |
| Atlanta, GA 30303 | Dallas, TX 75201 |
| | Telephone:      +1.469.680.4200 |
| Melinda Arbuckle | Facsimile:       +1.469.680.4299 |
| TX State Bar No. 24080773 | |
| marbuckle@eeoc.net | **ATTORNEYS FOR DEFENDANT** |
| Shellist Lazarz Slobin LLP | |
| 11 Greenway Plaza | |
| Suite 1515 | |
| Houston, TX 77046 | |

**ATTORNEYS FOR PLAINTIFF**

# **EXHIBIT 1**

## **PROPOSED SCHEDULING ORDER DEADLINES**

The following actions shall be completed by the date indicated.[1]

| | |
|---|---|
| Thursday, November 11, 2021<br>(1 week after mgmt conf.) | Deadline for motions to transfer |
| Thursday, December 16, 2021<br>(6 weeks after mgmt conf.) | Deadline to add parties |
| Friday, January 14, 2022<br><br>6 weeks prior to mediation deadline: | Mediation must occur by this date.<br>Deadline by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one. |
| Thursday, January 13, 2022<br>(10 weeks after mgmt conf.) | Disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party bears the burden of proof. |
| Thursday, January 27, 2022<br>(12 weeks after mgmt conf.) | Deadline for Plaintiff to file amended pleadings (A motion for leave to amend is required.) |
| Thursday, February 10, 2022<br>(14 weeks after mgmt conf.) | Disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party does not bear the burden of proof. |
| Thursday, March 24, 2022<br>(6 weeks after disclosure of expert is made) | Deadline to object to any other party's expert witnesses.<br>Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. |

---

[1]     If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Fed. R. Civ. P. 6, the effective date is the first federal court business day following the deadline imposed.

| | |
|---|---|
| <u>Thursday, February 10, 2022</u><br>(14 weeks after mgmt conf.<br>**but no later than 110 days prior to deadline for submission of Joint Final Pretrial Order**) | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| <u>Thursday, April 21, 2022</u><br>(24 weeks after mgmt conf.) | All discovery shall be commenced in time to be completed by this date. |
| <u>Thursday, July 21, 2022</u><br>(6 weeks before final pretrial conf.) | Notice of intent to offer certified records. |
| <u>Thursday, July 21, 2022</u><br>(6 weeks before final pretrial conf.) | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). |
| <u>Thursday, July 28, 2022</u><br>(5 weeks before final pretrial conf.) | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which cannot be resolved shall be presented to the court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties designations and the court's rulings on objections. |
| <u>Thursday, August 2, 2022</u><br>(30 days before final pretrial conf.) | Motions in limine due<br>File Joint Final Pretrial Order (*See* www.txed.uscourts.gov) |

| | |
|---|---|
| <u>Thursday, August 18, 2022</u><br>(2 weeks before final pretrial conf.) | Response to motions in limine due[2]<br><br>File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[3] (This does not extend deadline to object to expert witnesses.) File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law) |
| Date will be set by Court. Usually within 10 days prior to final pretrial conf. | If numerous objections are filed the court may set a hearing to consider all pending motions and objections. |
| September 1, 2022 | Final Pretrial Conference at 9:00 a.m. at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. Date parties should be prepared to try case. All cases on the Court's Final Pretrial Conference docket for this day have been set at 9:00 a.m. However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the Court's docket. |
| to be determined | 10:00 a.m. Jury selection and trial (or bench trial) at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. Cases that remain for trial following the Court's Pretrial docket will be tried between August 3, 2020, and August 31, 2020. A specific trial date in this time frame will be selected at the Final Pretrial Conference. |

---

[2]        This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. But, if there is a particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space respond only to items objected to. All others will be considered to be agreed. Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The parties shall notify the court of all the issues which are resolved.

[3]        Within five calendar days after the filing of any objections, opposing counsel **shall confer** to determine whether objections can be resolved without a court ruling. The parties shall notify the court of all issues which are resolved. The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.