IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **TALIA N. HARRISON,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**TYLER TECHNOLOGIES, INC.,**<br><br>**Defendant.** | Civil Action No. 4:21-cv-607-ALM |

**Plaintiff's Fed. R. Civ. P. 56(d) Response to Defendant's Motion for Summary Judgment**

Plaintiff Talia N. Harrison, through the undersigned counsel, hereby responds to Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(D), requesting that the Court continue consideration of Defendant's Motion until after discovery has been completed.

1. **BACKGROUND**

This is not Defendant's first time defending FLSA claims brought by employees from its ExecuTime division. Last year, Judge Amy Totenberg of the Northern District of Georgia rejected Defendant's administrative exemption defense and granted the plaintiff partial summary judgment. *Greene v. Tyler Techs.*, 526 F. Supp. 3d 1325, 1329 (N.D. Ga. 2021). The case then settled quickly. *Greene v. Tyler Techs.*, 1:19-cv-01338-AT, Dkt. 87 (N.D. Ga. April 14, 2021) Last year it settled another single-plaintiff FLSA claim brought in Arkansas. *Wright v. Tyler Techs.*, No. 4:20-cv-00454 KGB, 2021 U.S. Dist. LEXIS 177028, at *2 (E.D. Ark. Sep. 17, 2021). One of the undersigned counsel represented both Greene and Wright, and Tyler was defended by the same counsel. Additionally, in 2019, a collective action brought on behalf of Defendant's ExecuTime workers was filed in California; that case recently settled for $3.26

million. *Kudatsky et al. v. Tyler Techs.*, No. 3:19-cv-07647-WHA, Dkt. 137 (N.D. Cal. Nov. 17, 2021).

In *Greene,* the only case Tyler allowed to get to summary judgment, the district court berated Tyler and its counsel at length for their blatant dishonesty in their summary judgment briefing. *Greene*, 526 F. Supp. 3d at 1331 n.5 ("it is exasperating that Tyler advances this argument when, throughout its briefing, it misrepresents and stretches Plaintiff's testimony. . . . To characterize this as 'undisputed evidence' . . . is disingenuous. Similarly, Defendant mischaracterizes Plaintiff's brief . . . . The Court has discovered other examples of this stretching of the actual testimony, as well. These slanted and inaccurate representations are not appreciated. The Court expects better.").

In its recently-filed summary judgment motion [Dkt. 14], Tyler has raised both the Administrative and Executive exemptions. 29 U.S.C. 213(a)(1). Plaintiff Harrison intends to show this Court that both affirmative defenses are meritless and that Tyler has yet again grossly misrepresented the facts of this case, but is not prepared to do so at this time, because discovery has not yet been completed and additional document production and witness interviews and depositions are needed before the motion can be properly defended.

2. **ARGUMENT**

Summary judgment may only be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c).

If a non-movant shows by affidavit or declaration, that for specified reasons, it cannot present facts essential to justify its opposition, the Court may: (1) defer considering the motion or deny

it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d). Continuances under Rule 56(d) "are broadly favored" if the party seeking the continuance can show a plausible basis to believe that specific facts exist that would impact the outcome of the pending summary judgment motion and are as of yet undiscovered. *Crawford v. Metro. Life Ins. Co.*, 756 F. App'x 350, 355 (5th Cir. 2018) (quoting *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013)).

Discovery in this case has not closed (indeed, the deadline does not close for another 48 days, on April 21, 2022), and Plaintiff makes the requisite showing that outstanding discovery will provide facts necessary to rebut Defendant's Summary Judgment Motion. Plaintiff has made such a showing in the Declaration of Attorney Matthew W. Herrington. Exhibit 1 hereto. Specifically, discovery must be completed prior to Plaintiff's substantive response Tyler's Motion so that Plaintiff can:

(1) obtain Plaintiff's work emails, which Defendant has refused to produce (raising a mere boilerplate objection);

(2) obtain the identities of relevant witnesses (i.e., other employees who worked in Plaintiff's positions), which Defendant has improperly refused to disclose; and

(3) obtain JIRA tickets documenting the tasks that Plaintiff performed in her role as a Project Manager.

*See id.* As detailed in the attached Declaration, these discovery items are essential to showing:

(1) that Defendant has mischaracterized tasks performed by Plaintiff in an attempt to inflate the level of discretion and independent judgment exercised by Plaintiff or by the level of significance of her allegedly "management"-type duties; and

  (2) The time spent by Plaintiff on the purportedly exempt duties was limited and they were not her "primary" duties as required by both the Executive and Administrative exemptions.

*See id.* Because Plaintiff has not yet been able to obtain the required discovery, Plaintiff requires additional time to (1) confer with Defendant as to the discovery obligations that it has thus far evaded, (2) move to compel discovery responses if necessary, (3) conduct investigations and depositions with appropriate witnesses after obtaining their identities and contact information, and (4) issue additional document requests. This requested extension will not prolong the case, and need not impact the trial date.

**3. CONCLUSION**

 For the foregoing reasons, Plaintiff requests that the Court stay consideration of Defendant's Motion for Summary Judgment pending completion of discovery in this action and permit Plaintiff to substantively respond to Defendant's motion within 30 days following the conclusion of discovery.

             Respectfully submitted,

             **SHELLIST LAZARZ SLOBIN LLP**

             *s/ Melinda Arbuckle*
             Melinda Arbuckle
             Texas Bar No. 24080773
             11 Greenway Plaza
             Suite 1515
             Houston, Texas 77046
             Tel: 713.621.2277
             Fax: 713.621.0993
             marbuckle@eeoc.net

-5-

                                        **DELONG CALDWELL BRIDGERS**
                                        **FITZPATRICK & BENJAMIN, LLC**

                                        *s/Matthew W. Herrington*
                                        Charles R. Bridgers
                                        Georgia Bar No. 080791
                                        (admitted *pro hac vice*)
                                        Matthew W. Herrington
                                        Georgia Bar No. 275411
                                        (admitted *pro hac vice*)
                                        101 Marietta Street NW
                                        Suite 2650
                                        Atlanta, Georgia 30303
                                        (404) 979-3171
                                        (404) 979-3170 (f)
                                        charlesbridgers@dcbflegal.com
                                        matthew.herrington@dcbflegal.com

                                        Counsel for Plaintiff

## CERTIFICATE OF SERVICE

      On March 4, 2022, I filed the foregoing document with the Clerk of Court for the Eastern District of Texas using the CM/ECF method of the Court. I certify that I have served all counsel of record electronically thereby.

                                        *s/ Melinda Arbuckle*
                                        Melinda Arbuckle