IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **TALIA N. HARRISON,** | | |
| **Plaintiff,** | | |
| **vs.** | | Civil Action No. 4:21-cv-607-ALM |
| **TYLER TECHNOLOGIES, INC.,** | | |
| **Defendant.** | | |

---

### DECLARATION OF MATTHEW W. HERRINGTON

Matthew W. Herrington hereby submits this declaration under penalty of perjury, pursuant to 28 U.S.C. § 1746, in support of Plaintiff Talia Harrison's Fed. R. Civ. P. 56(d) Response to Defendant Tyler Technology's Motion for Summary Judgment in the above-captioned case, showing the Court as follows:

1.    My name is Matthew W. Herrington. I am over the age of 18, suffer from no disability or infirmity which would prevent me from testifying, and I testify to the matters herein from my own personal knowledge concerning the facts contained herein.

2.    Following the failure of court-ordered mediation in this action, Plaintiff served interrogatories and requests for production of documents on Defendant on January 27, 2022. Defendant served its objections and responses thereto on Monday, March 28, 2022. See Attachment A hereto.

3.    Defendant's discovery responses are almost entirely non-responsive, replete with improper boilerplate objections. Moreover, Defendant produced not a single document requested by Plaintiff, instead pointing to the personnel file produced with Defendant's initial disclosures and the exhibits to Defendant's Motion for Summary Judgment.

4.      I am currently drafting a conferral letter to address Defendant's discovery abuses and anticipate that a motion to compel will ultimately be necessary to cure this intransigence.

5.      I anticipate taking depositions of at least two management-level employees of Defendant, in addition to Defendant's 30(b)(6) deposition and the deposition of Defendant's counsel, Paulo McKeeby. The latter will be addressed in the forthcoming motion to compel dealing also with any other written discovery conflicts that cannot be resolved by the parties.

6.      After Plaintiff eventually obtains witness identities and contact information from Defendant, Plaintiff will attempt to contacting other current and former Tyler Technology employees who are potential witnesses. Depending on the success of those investigations, Plaintiff may take additional depositions of non-management Tyler employees as well.

7.      While virtually all of Defendant's written discovery responses are non-responsive and littered with boilerplate objections, two of those responses are relevant to Plaintiff's request for relief under Fed. R. Civ. P. 56(d):

> INTERROGATORY NO. 8: Identify all ExecuTime implementation consultants, project managers, and implementation analysts who worked for the Company during the Relevant Time Period.
>
> ANSWER: Tyler objects to this Interrogatory on the grounds that it requests information not reasonably related to the parties' claims or defenses in this case (for example, Plaintiff never worked as an implementation consultant) and that there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure.
>
> REQUEST FOR PRODUCTION NO. 6: Produce all emails sent to and received by Plaintiff's Company email account(s) during the Relevant Time Period.
>
> RESPONSE: Tyler objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably related to any claim or defense in the lawsuit. Plaintiff regularly communicated with her

supervisors and with other employees at Tyler regarding day-to-day work matters and such email cannot present facts essential to justify its opposition communications have no relevance to the parties' claims or defenses in the lawsuit. Subject to but without waiving the foregoing objections, Tyler has already produced emails relating to Plaintiff's job duties. If Plaintiff can identify a particular category or categories of emails she seeks, Tyler would assess the breadth, burden and relevance associated with such request

8.  Plaintiff does not possess contact information (and in some case, even full names) of numerous relevant witnesses who can provide testimony regarding virtually every issue of significance in this case. And, potentially, Plaintiff will be able to contact and obtain information from former employees who have not been pressured into executing false and/or misleading declarations by Defendant and its counsel.

9.  Plaintiff's emails will show at a highly detailed level the types of duties that Plaintiff—a remote worker whose work is overwhelmingly reflected in electronic records— performed in her role as a Project Manager and as an Implementation Analyst. They will provide evidence of the frequency that duties were performed and will provide objective evidence of the level of discretion that Plaintiff exercised in her positions, not subject to the types of exaggeration demonstrated in Defendant's Motion.

10.  While Defendant contends that production of the requested emails would be an undue burden, this is patently false. In fact, I produced all of plaintiff Suzanne Greene's emails to Defendant in discovery in the *Greene* case. It took pressing a few buttons and waiting a few minutes for the archive to be created. Defendant's (boilerplate) objection has no factual basis in reality.

11.  The emails requested will be extremely important for Plaintiff's case because they will demonstrate that many of the purportedly exempt duties that Plaintiff performed were not

"primary" duties within the meaning of 29 CFR § 541.200(a)(2) and 29 CFR

§ 541.100(a)(4).

12.     The requested emails will also evidence the relative infrequency with which Plaintiff

performed many of the purportedly exempt job duties alleged by Defendant. They will

provide granular evidence of the frequency that Plaintiff performed certain purportedly

exempt duties at a level of detail that she cannot provide based solely on her memory.

13.     Finally, the requested emails will provide evidence that Plaintiff in fact did not create

some of the documents that Defendants claim in their Motion that she created and that the

documents were actually created by other Tyler employees.

14.     Within the next 48 hours, Plaintiff also intends to issue an additional document request

for all "JIRA tickets" from projects to which Plaintiff was assigned. These records will

contain evidence of the types of problems/issues Plaintiff dealt with during customer

implementations, as well as demonstrate the scope of Plaintiff's responsibilities and how

they did not extend to the types of high-level decision-making that Defendant falsely

claims in its Motion and supporting affidavits.

15.     I believe, in good faith, that Ms. Harrison will be able to present facts essential to

justifying her opposition to Defendant's Motion for Summary Judgment after completion

of discovery in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 3, 2022

Matthew W. Herrington

# ATTACHMENT A



**Driving progress**
**through partnership**

**Amanda E. Brown**
Direct Phone:  +1 469 680 4232
Email:  aebrown@reedsmith.com

Reed Smith LLP
2850 N. Harwood Street
Suite 1500
Dallas, TX 75201
+1 469 680 4200
Fax +1 469 680 4299
reedsmith.com

February 28, 2022

charlesbridgers@dcbflegal.com
Charles R. Bridgers
matthew.herrington@dcbflegal.com
Matthew W. Herrington
DeLong Caldwell Bridgers Fitzpatrick &
Benjamin, LLC
101 Marietta St., Suite 2650
Atlanta, GA 30303

marbuckle@eeoc.net
Melinda Arbuckle
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046

Re:     *Talia N. Harrison v. Tyler Technologies, Inc.*; No. 4:21-cv-00607-ALM

Dear Counsel:

Enclosed please find *Defendant's Objections and Answers to Plaintiff's First Continuing Interrogatories* and *Defendant's Objections and Responses to Plaintiff's First Continuing Request for Production of Documents*.

Please let us know if you have any questions regarding the enclosed.

Very truly yours,

AEB:rs

Enclosures

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON
RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **TALIA N. HARRISON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **No. 4:21-cv-00607-ALM** |
| | : | |
| **vs.** | : | |
| | : | |
| **TYLER TECHNOLOGIES, INC.,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S**
**FIRST CONTINUING INTERROGATORIES**

TO:    Plaintiff, by and through her attorneys of record, Charles R. Bridgers and Matthew W. Herrington, Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC, 3100 Centennial Tower, 101 Marietta Street, Atlanta, GA 30303; Melinda Arbuckle, Shellist Lazarz Slobin LLP, 11 Greenway Plaza, Ste. 1515, Houston, Texas 77046.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Tyler Technologies, Inc. ("Defendant" or "Tyler") serves the following Objections and Answers to Plaintiff Talia N. Harrison's ("Plaintiff") First Continuing Interrogatories as follows:

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1**: Identify each specific exemption to the FLSA's maximum hour provisions that you contend were applicable to Plaintiff during the Relevant Time Period. Describe in detail the factual basis for such contentions, and Identify all Documents that You contend evidence or support that contention.

**ANSWER**:

       Tyler objects to this Interrogatory as overly broad in its request to identify each and every fact and/or document that might support Plaintiff's exempt classification under the Fair Labor Standards Act ("FLSA").  Subject to but without waiving the foregoing objections, Tyler responds as follows.  Plaintiff's role as a senior project manager was classified as exempt under the administrative and executive exemptions.  Plaintiff's role as an implementation analyst was classified as exempt under the administrative exemption.  Defendant refers Plaintiff to Defendant's Motion for Summary Judgment filed on February 10, 2022 and Exhibits 1-3 to Defendant's Motion for Summary Judgment.

**INTERROGATORY NO. 2**: During the Relevant Time Period and for each workweek therein:

      A.     State the beginning and ending day of each seven-day period, if any, the Company contends should be used as the applicable "workweek" (within the meaning of 29 CFR § 778.105) in this action;

      B.     State the actual number of hours that You contend Plaintiff worked during each workweek;[1] and

      C.     State the total compensation (cash and non-cash benefits), including bonuses, You contend that Plaintiff received for each workweek.

**ANSWER**:

       Tyler objects to this Interrogatory to the extent it seeks information about divisions or departments other than that in which Plaintiff worked during her employment. Tyler further objects to this Interrogatory on the grounds that it seeks irrelevant information not related to the parties' claims or defenses in its request for a valuation of employee benefits which Plaintiff may have received during her employment with Tyler.  Subject to but without waiving the foregoing objections, Tyler responds as follows:

      A. The ERP division in which Plaintiff worked did not have a formal "workweek" but, in general, for payroll and scheduling purposes, employees were expected to be at work Monday through Friday;

---

[1] This Interrogatory seeks information as to the actual number of hours worked, not necessarily a recitation of what Your records indicate that Plaintiff worked, if that amount differs from the information contained in Your records.

**Defendant's Objections and Answers to Plaintiff's First Interrogatories – Page 2**

US_ACTIVE-165003288.2

B.  Tyler does not "contend" that Plaintiff worked a particular number of hours during particular work weeks and, as such, is not able to provide an answer to subpart B of this Interrogatory.  Tyler believes that the hours that Plaintiff worked during particular work weeks are reflected in the time records that Plaintiff entered as to her weekly hours worked and that are reflected in payroll and other documents produced in this case;

C.  Tyler is not able to fully answer subpart C of this Interrogatory because it does not necessarily place a particular "value" on particular employee benefits. Plaintiff's "total compensation" can be identified through payroll records already produced in this case.

**INTERROGATORY NO. 3**: Identify each Person that You contend has knowledge of Plaintiff's actual hours worked during the Relevant Time Period and Identify all Documents that You contend evidence Plaintiff's actual hours worked in each workweek.

**ANSWER**:

Tyler believes that Plaintiff has knowledge of the hours she worked during the relevant time period and that such hours are accurately reflected in her time records produced by the parties in this case.  Tyler also refers Plaintiff to Tyler's Amended Initial Disclosures for the identity of additional individuals who may have knowledge of the hours Plaintiff worked.

**INTERROGATORY NO. 4**: Enumerate and describe with specificity what You contend were Plaintiff's primary job duties during the Relevant Time Period, and for each such primary job duty, state whether or not You contend that it is possible to determine the percentage of Plaintiff's typical workweek that each such primary duty occupied, and, if so, State the percentage of Plaintiff's typical workweek that You contend each such primary duty occupied.

**ANSWER**:

Tyler refers Plaintiff to Defendant's Motion for Summary Judgment, including Exs. 1-3 to Defendant's Motion for Summary Judgment, as well as to Plaintiff's job descriptions and other documents related to the performance of Plaintiff's job duties already produced in this litigation.

**INTERROGATORY NO. 5**: If You contend that You acted in "good faith" with respect to Plaintiff's compensation (within the meaning of 29 U.S.C. §§ 259 or 260) or did not "willful[ly]" violate the FLSA (within the meaning of 29 U.S.C. § 255), Describe in detail all efforts you made to investigate Your FLSA overtime obligations to implementation consultants, or other individuals who performed substantially similar duties, prior to the end of the Relevant Time Period, and Identify all Documents evidencing those investigations.

**Defendant's Objections and Answers to Plaintiff's First Interrogatories – Page 3**

**ANSWER**:

Tyler objects to this Interrogatory on the grounds that it is vague and ambiguous as to the term "investigate."  Tyler further objects to this Interrogatory as seeking irrelevant information as Plaintiff did not work as an implementation consultant, but as a senior project manager and as an implementation analyst, which have distinct job duties.  Subject to the foregoing and without waiving the same, Tyler's "good faith" and lack of "willfulness" as to Plaintiff's exempt classification is supported by, 1.) the fact that Plaintiff was classified as exempt by her previous employer which Tyler acquired in June of 2016; 2.) the fact that other similarly-situated employees are classified as exempt in the industry; and 3.) the fact that Plaintiff's job duties demonstrate that she qualified as an exempt administrative and executive employee under the FLSA.

**INTERROGATORY NO. 6**: If You contend that You acted in "good faith" with respect to Plaintiff's compensation (within the meaning of 29 U.S.C. §§ 259 or 260) or did not "willful[ly]" violate the FLSA (within the meaning of 29 U.S.C. § 255), Identify every Person from whom you received advice (including but not limited to legal advice), prior to the end of the Relevant Time Period, regarding the Company's potential FLSA overtime obligations to implementation consultants or other individuals who performed substantially similar duties; describe the substance of the advice; state when the advice was given; Describe in detail the circumstances under which the advice was given; and Identify any Documents reflecting or relating to the advice.

**ANSWER**:

Tyler objects to this Interrogatory as seeking irrelevant information as Plaintiff did not work as an implementation consultant, but as a senior project manager and as an implementation analyst, which have distinct job duties.  Subject to the foregoing and without waiving the same, Tyler's contention that it acted in "good faith" is not based on legal advice from outside counsel.

**INTERROGATORY NO. 7**: If You have taken any written (whether sworn or otherwise) or otherwise recorded statements (whether recorded by analog or digital means) from any Person regarding matters at issue in this litigation, please Identify each Person from whom a statement was taken and Describe fully the substance of each statement.

**ANSWER**:

Tyler deposed Plaintiff on January 20, 2022 and February 2, 2022.  Tyler refers Plaintiff to her deposition transcripts for the substance of her statements.

**INTERROGATORY NO. 8**: Identify all ExecuTime implementation consultants, project managers, and implementation analysts who worked for the Company during the Relevant Time Period.

**Defendant's Objections and Answers to Plaintiff's First Interrogatories – Page 4**

**ANSWER**:

Tyler objects to this Interrogatory on the grounds that it requests information not reasonably related to the parties' claims or defenses in this case (for example, Plaintiff never worked as an implementation consultant) and that there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 9**: If you contend that Plaintiff has misrepresented, distorted, exaggerated, falsified or been untruthful in communicating any statement (1) to any employee or agent of the Company during the course of her work for the Company, or (2) to anyone concerning Plaintiff's work for the Company, either prior to, during, or following the Relevant Time Period, or (3) to anyone if you contend such alleged misrepresentation, distortion, exaggeration, falsification or untruth may constitute or lead to the discovery of evidence admissible for impeachment, please describe in full detail the alleged misrepresentation(s), distortion(s), exaggeration(s), falsification(s) or untruth(s), including a description of the subject matter; the date(s) of any communication(s) by Plaintiff; the Identities of all Persons who have personal knowledge of any such alleged misrepresentation(s), distortion(s), exaggeration(s), falsification(s) or untruth(s)by Plaintiff; and the location and custodian of any and all Documents that evidence any such alleged misrepresentation(s), distortion(s), exaggeration(s), falsification(s) or untruth(s) by Plaintiff.

**ANSWER**:

Tyler objects to this Interrogatory on the grounds that it requests information not reasonably related to the parties' claims or defenses in this case and that it is overly broad, and vague and ambiguous, in its request to identify each and every statement from Plaintiff, either during her employment or otherwise, that might not be accurate or would qualify as a "exaggeration" or "distortion" or that otherwise might be responsive to this Interrogatory. Subject to the foregoing and without waiving the same, Defendant may use Plaintiff's deposition testimony at trial for purposes of impeachment.

**INTERROGATORY NO. 10**: Identify all previous litigation and arbitrations in which current or former employees of Tyler Technologies have asserted claims arising under the Fair Labor Standards Act or state wage and hour laws. As to each such instance of litigation or arbitration, Identify the forum, case number, parties, and resolution, and Identify any judgments, judicial orders, or arbitrator's opinions issued.

**ANSWER**:

Tyler objects to this Interrogatory on the grounds that it requests information not reasonably related to the parties' claims or defenses in this case and that there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure. Subject to the foregoing and without waiving the same, any such litigation is publicly available and there are no such arbitrations.

**Defendant's Objections and Answers to Plaintiff's First Interrogatories – Page 5**

**INTERROGATORY NO. 11**: Identify all settlement agreements that the Company has entered into involving claims under the Fair Labor Standards Act or state wage and hour laws. As to each such settlement, Identify all parties involved and Identify all Documents memorializing such settlement agreements.

**ANSWER**:

> Tyler objects to this Interrogatory on the grounds that it requests information not reasonably related to the parties' claims or defenses in this case and that there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure.  Tyler further objects to this Interrogatory on the grounds that it is overly broad in that many or all of Tyler's releases with its employees included language reflecting release of claims related to employee compensation.  Tyler further objects to this Interrogatory on the grounds that such releases, in most cases, were executed with the mutual understanding of Tyler and the employee that such documents would remain private and confidential.

**INTERROGATORY NO. 12**: If You contend that Plaintiff's primary duties included the exercise of discretion and independent judgment with respect to matters of significance within the meaning of 29 CFR § 541.202(b), then Identify each such primary duty and Identify all Documents that You contend memorialize specific instances in which such duties were performed.

**ANSWER**:

> Tyler objects to this Interrogatory as overly broad in its request to identify each and every fact and/or document that might support Plaintiff's exempt classification under the FLSA.  Subject to but without waiving the foregoing objections, Tyler refers Plaintiff to Defendant's Motion for Summary Judgment filed on February 10, 2022 and Exhibits 1-3 to Defendant's Motion for Summary Judgment.

**INTERROGATORY NO. 13**: If You contend that Plaintiff's primary duties included the performance of work directly related to the management or general business operations of the employer's customers within the meaning of 29 CFR § 541.201(b), then Identify each such primary duty and Identify all Documents that You contend memorialize specific instances in which such duties were performed.

**ANSWER**:

> Tyler objects to this Interrogatory as overly broad in its request to identify each and every fact and/or document that might support Plaintiff's exempt classification under the Fair Labor Standards Act ("FLSA").  Subject to but without waiving the foregoing objections, Tyler refers Plaintiff to Defendant's Motion for Summary Judgment filed on February 10, 2022 and Exhibits 1-3 to Defendant's Motion for Summary Judgment.

**Defendant's Objections and Answers to Plaintiff's First Interrogatories – Page 6**

Dated:     February 28, 2022          */s/ Amanda E. Brown*
                                      Paulo B. McKeeby
                                      TX State Bar No. 00784571
                                      pmckeeby@reedsmith.com
                                      Amanda E. Brown
                                      TX State Bar No. 24087839
                                      aebrown@reedsmith.com
                                      Reed Smith LLP
                                      2850 N. Harwood St., Suite 1500
                                      Dallas, TX 75201
                                      Telephone:     +1.469.680.4200
                                      Facsimile:     +1.469.680.4299

                                      **ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 28, 2022, a true and correct copy of the above was served on the following counsel of record via electronic mail and U.S. mail:

Charles R. Bridgers                    Melinda Arbuckle
Matthew W. Herrington                  Shellist Lazarz Slobin LLP
DeLong Caldwell Bridgers Fitzpatrick & 11 Greenway Plaza
Benjamin, LLC                          Suite 1515
101 Marietta St.                       Houston, TX 77046
Ste. 2650                              marbuckle@eeoc.net
Atlanta, GA 30303
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com


                                      */s/ Amanda E. Brown*
                                      Amanda E. Brown


**Defendant's Objections and Answers to Plaintiff's First Interrogatories – Page 7**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **TALIA N. HARRISON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **No. 4:21-cv-00607-ALM** |
| | : | |
| **vs.** | : | |
| | : | |
| **TYLER TECHNOLOGIES, INC.,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S**
**FIRST CONTINUING REQUEST FOR PRODUCTION OF DOCUMENTS**

TO:     Plaintiff, by and through her attorneys of record, Charles R. Bridgers and Matthew W. Herrington, Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC, 3100 Centennial Tower, 101 Marietta Street, Atlanta, GA 30303; Melinda Arbuckle, Shellist Lazarz Slobin LLP, 11 Greenway Plaza, Ste. 1515, Houston, Texas 77046.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Tyler Technologies, Inc.

("Defendant" or "Tyler") serves the following objections and responses to Plaintiff Talia N.

Harrison's ("Plaintiff") First Continuing Request for Production of Documents as follows:

## <u>OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION</u>

**REQUEST FOR PRODUCTION NO. 1**:  Produce all Documents that were requested to be identified in Plaintiff's First Interrogatories to You.

**RESPONSE**:

> Subject to the objections raised in response to Tyler's Objections and Answers to Plaintiff's First Interrogatories, Tyler directs Plaintiff to Exhibits 1-3 to Defendant's Motion for Summary Judgment.

**REQUEST FOR PRODUCTION NO. 2**:  Produce all files maintained by You on Plaintiff, by whatever name called. This request includes personnel files, training files, disciplinary files, human resources files, etc.

**RESPONSE**:

> Tyler objects to this Request as overbroad in that it calls for "all files" "by whatever name."  Subject to the foregoing and without waiving the same, Tyler has previously produced Plaintiff's personnel file.  Plaintiff does not have a training or disciplinary file.

**REQUEST FOR PRODUCTION NO. 3**:  If You contend that during the Relevant Time Period Plaintiff performed work in any of the functional areas listed in 29 CFR § 541.201 (b) (i.e. , tax, finance, accounting, budgeting, auditing, insurance, quality control, purchasing, procurement, advertising, marketing, research, safety and health, personnel management, human resources, employee benefits, labor relations, public relations, government relations, government relations, computer network, internet and database administration, legal and regulatory compliance):

    a.    Produce all Documents that You contend materially relate to the factual basis of this contention;

    b.    Produce all Documents that You contend evidence the amount of time that elapsed while Plaintiff performed such work during each workweek.

**RESPONSE**:

> Tyler objects to this Request on the grounds that it is overly broad in that it is unreasonable to request Tyler to identify each and every document that might bear on or relate to Plaintiff's job duties and responsibilities and that therefore might be relevant to the application of exceptions under the Fair Labor Standards Act. Subject to but without waiving the foregoing objection, Tyler refers Plaintiff to Exhibits 1 and 2 to Defendant's Motion for Summary Judgment.  Tyler will supplement its response, if necessary.

**REQUEST FOR PRODUCTION NO. 4**:  If You contend that during the Relevant Time Period the Plaintiff exercised "discretion and independent judgment" within the meaning of 29 CFR § 541.200 with respect to the matters of significance:

**Defendant's Objections and Responses to Plaintiff's First Requests for Production – Page 2**

   a.   Produce all Documents that You contend materially relate to the factual basis of this contention;
   b.   Produce all Documents that You contend evidence the amount of time that elapsed while Plaintiff performed such work during each workweek.

**RESPONSE**:

Tyler objects to this Request on the grounds that it is overly broad in that it is unreasonable to request Tyler to identify each and every document that might bear on or relate to Plaintiff's job duties and responsibilities and that therefore might be relevant to the application of exceptions under the Fair Labor Standards Act. Subject to but without waiving the foregoing objection, Tyler refers Plaintiff to Exhibits 1, 2, and 3 to Defendant's Motion for Summary Judgment.  Tyler will supplement its response, if necessary.

**REQUEST FOR PRODUCTION NO. 5**:   If You contend that during the Relevant Time Period Plaintiff performed work on Your behalf that is described by any of the factors identified in 29 CFR § 541.202(b):
   a.   Produce all Documents that You contend materially relate to the factual basis of this contention;
   b.   Produce all Documents that You contend evidence the amount of time that elapsed while Plaintiff performed such work during each workweek;
   c.   Produce all Documents that evidence how Plaintiff was informed, trained or notified that Plaintiff had such authority.

**RESPONSE**:

Tyler objects to this Request on the grounds that it is overly broad in that it is unreasonable to request Tyler to identify each and every document that might bear on or relate to Plaintiff's job duties and responsibilities and that therefore might be relevant to the application of exceptions under the Fair Labor Standards Act. Subject to but without waiving the foregoing objection, Tyler refers Plaintiff to Exhibits 1, 2, and 3 to Defendant's Motion for Summary Judgment.  Tyler will supplement its response, if necessary.

**REQUEST FOR PRODUCTION NO. 6**:   Produce all emails sent to and received by Plaintiff's Company email account(s) during the Relevant Time Period.

**RESPONSE**:

Tyler objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably related to any claim or defense in the lawsuit.  Plaintiff regularly communicated with her supervisors and with other employees at Tyler regarding day-to-day work matters and such email

**Defendant's Objections and Responses to Plaintiff's First Requests for Production – Page 3**

communications have no relevance to the parties' claims or defenses in the lawsuit. Subject to but without waiving the foregoing objections, Tyler has already produced emails relating to Plaintiff's job duties.  If Plaintiff can identify a particular category or categories of emails she seeks, Tyler would assess the breadth, burden and relevance associated with such request.

**Defendant's Objections and Responses to Plaintiff's First Requests for Production – Page 4**

Dated:      February 28, 2022          /s/ Amanda E. Brown
                                        Paulo B. McKeeby
                                        TX State Bar No. 00784571
                                        pmckeeby@reedsmith.com
                                        Amanda E. Brown
                                        TX State Bar No. 24087839
                                        aebrown@reedsmith.com
                                        Reed Smith LLP
                                        2850 N. Harwood St., Suite 1500
                                        Dallas, TX 75201
                                        Telephone:      +1.469.680.4200
                                        Facsimile:      +1.469.680.4299

                                        **ATTORNEYS FOR DEFENDANT**


## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 28, 2022, a true and correct copy of the above was served on the following counsel of record via electronic mail and U.S. mail:

Charles R. Bridgers                     Melinda Arbuckle
Matthew W. Herrington                   Shellist Lazarz Slobin LLP
DeLong Caldwell Bridgers Fitzpatrick &  11 Greenway Plaza
Benjamin, LLC                           Suite 1515
101 Marietta St.                        Houston, TX 77046
Ste. 2650                               marbuckle@eeoc.net
Atlanta, GA 30303
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com


                                        /s/ Amanda E. Brown
                                        Amanda E. Brown


**Defendant's Objections and Responses to Plaintiff's First Requests for Production – Page 5**