## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **TALIA N. HARRISON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **No. 4:21-cv-00607-ALM** |
| **vs.** | : | |
| | : | |
| **TYLER TECHNOLOGIES, INC.,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

---

## DEFENDANT TYLER TECHNOLOGIES, INC.'S
## REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

---

Plaintiff's summary judgment response is essentially a request that the Court excuse her failure to pursue discovery prior to the Court's motion deadline by granting her an indefinite continuance to respond to Tyler's motion for summary judgment.  Even setting aside Plaintiff's conscious indifference to the scheduling requirements of the case, and the unfairness to Tyler of Plaintiff's requested relief, a continuance should not be granted because: (1) Plaintiff has no excuse for her failure to pursue discovery in advance of the Court's summary judgment deadline, and (2) Plaintiff has not shown that additional discovery is necessary to respond to Tyler's motion for summary judgment.

## I.  PLAINTIFF'S MISSTATEMENTS REGARDING PRIOR LITIGATION AND OTHER BACKGROUND FACTS

### A.  Prior Litigation Involving Tyler

While irrelevant to the determination of whether a continuance is warranted, Plaintiff, in an inappropriate effort to argue by smear campaign, inaccurately implies that Tyler has been sued repeatedly for the misclassification of Plaintiff's role.   Plaintiff fails to point out that none of the previous FLSA litigation against Tyler related to the senior project manager and implementation analyst roles held by Plaintiff.  Rather, the prior lawsuits referenced by Plaintiff involved other positions, most notably the implementation consultant position which is referenced in Tyler's motion for summary judgment.[1]  Moreover, in addition to this case, Plaintiff's counsel filed two of the three other cases mentioned by Plaintiff, which makes Plaintiff's red-herring focus on Tyler's litigation history even more off base.

---

[1] While Tyler appreciates that the Court understands that this case is different than the *Greene* litigation, Tyler would note that the heavily edited footnote from the *Greene* decision cited by Plaintiff in her response related to Tyler's argument that the plaintiff in *Greene* had submitted a sham affidavit, not the merits of Tyler's argument regarding the classification of the plaintiff, an implementation consultant, in that case.

**Defendant's Reply ISO Motion for Summary Judgment – Page - 1**

B.      **Scheduling Order and Discovery in This Litigation**

Plaintiff's motion ignores her failure to pursue discovery despite her knowledge of the

relevant deadlines.  On September 30, 2021, the parties submitted a Joint Report on Rule 26(f)

Conference [DE 9], which contained the same proposed schedule as the Court's November 1, 2021

Scheduling Order [DE 10].   Under both the Joint Report and the Court's Scheduling Order,

motions for summary judgment were due on February 10, 2022, with discovery set to close on

April 21, 2022.  In addition, the Scheduling Order notes:

> A party is not excused from the requirements of this scheduling order by virtue of
> the fact that dispositive motions are pending, the party has not completed its
> investigation, the party challenges the sufficiency of the opposing party's
> disclosure or because another party has failed to comply with this order or the rules.

*See* Order at 5.

Plaintiff was well aware of and agreed to the deadlines for dispositive motions and

discovery.  Yet, inexplicably, Plaintiff waited until January 27, 2022 to request any discovery in

the case by serving on that date interrogatories and requests for production.[2]  As a result, Tyler's

responses to Plaintiff's discovery requests were due on Monday, February 28, 2022—eighteen

days ***after*** the deadline to file motions for summary judgment and just three days before the

deadline to respond to any motions for summary judgment.  Plaintiff's current pleading offers no

explanation as to why she and her counsel failed to take any depositions in the case or otherwise

timely request the discovery that they now claim would enable her to respond to Tyler's summary

judgment motion.

Plaintiff's inaction stands in stark contrast to Tyler's efforts to conduct timely discovery.

In accordance with the Court's September 15, 2021 Initial Order Governing Proceedings [DE 8],

Tyler served its initial disclosures and 304 pages of documents on October 18, 2021.[3]  While

---

[2] *See* Ex. A, Declaration of Amanda Brown ("Brown Decl.") at ¶ 3, Ex. A-1.
[3] *Id*. at ¶ 4, Ex. A-2.

**Defendant's Reply ISO Motion for Summary Judgment – Page 2**

Plaintiff also served an initial disclosure pleading on October 18, 2021, she did not provide a damages estimate or any documents.[4]

On September 16, 2021, Tyler served its requests for production to Plaintiff.[5] Plaintiff never served objections or responses to Tyler's requests for production.[6] Rather, on January 15, 2022—nearly three months after Plaintiff's deadline to respond and at Tyler's counsel's repeated insistence—Plaintiff finally produced documents in response to Tyler's requests for production.[7]

Then, on January 19, 2022, Tyler deposed Plaintiff.[8] After discovering through Plaintiff's testimony that Plaintiff had failed to produce her personal records of her hours worked—a key document in an FLSA case—the parties agreed to re-open Plaintiff's deposition, which was concluded on February 2, 2022.[9]

## II.     PLAINTIFF CANNOT ESTABLISH THE NEED FOR A CONTINUANCE

Under Rule 56(d) of the Federal Rules of Civil Procedure, a party may seek a continuance of a summary judgment deadline. That recourse is not without parameters, however. "'Rule 56(d) offers relief where the nonmovant has not had a full opportunity to **conduct** — not to complete — discovery. The two concepts are distinct.'" *Waterman v. McKinney Indep. Sch. Dist.*, No. 4:13-CV-170, 2014 U.S. Dist. LEXIS 191711, at *6 (E.D. Tex. 2014) (quoting *State Farm Fire and Cas., Co. v. Whirlpool Corp.*, No. 3:10-CV-1992-D, 2011 U.S. Dist. LEXIS 90424 (N.D. Tex. Aug. 15, 2011) (emphasis added). Moreover, the party seeking the continuance must "'set forth a plausible basis for believing that specified facts' exist and show how those facts 'will influence the outcome of the pending summary judgment motion.'" *Crawford Metro. Life Ins. Co.*, 756 F.

---

[4] *Id*. at ¶ 5, Ex. A-3.
[5] *Id*. at ¶ 6, Ex. A-4.
[6] *Id*. at ¶ 7.
[7] *Id.* at ¶ 8, Ex. A-5.
[8] *Id*. at ¶ 9, Ex. A-6.
[9] *Id*. at ¶ 10, Ex. A-7.

**Defendant's Reply ISO Motion for Summary Judgment – Page 3**

App'x 350, (5th Cir. 2018) (quoting *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013).

Here, Plaintiff had the opportunity to conduct discovery in advance of the deadline to file motions for summary judgment, but elected to not do so.  In addition, Plaintiff has not established why the additional time to conduct that discovery is necessary to respond to Tyler's motion for summary judgment.  As a result, a continuance under Rule 56(d) should not be granted.

### A.      Plaintiff Knew the Deadlines for Discovery and Summary Judgment

As discussed above, Plaintiff was well aware of the summary judgment and discovery deadlines in the Court's Scheduling Order.  Indeed, on February 2, 2022, over a week before the summary judgment deadline, Plaintiff's counsel informed Tyler's counsel by email that Plaintiff would be filing her own summary judgment motion.[10]  Specifically, Plaintiff asked Tyler to agree to a "streamlined" cross-motion summary judgment briefing schedule whereby Tyler would file its motion on the original deadline of February 10, 2022 and Plaintiff would then file her cross-motion for summary judgment (and response in opposition to Tyler's motion) on March 3, 2022.[11] While Tyler did not agree to Plaintiff's proposed alternative summary judgment briefing schedule, as of February 2, 2022, Plaintiff effectively conceded that she had all of the information she needed to prepare her own summary judgment motion—she simply was making her first run at getting additional time to file that motion, outside of the Court's deadline.

At no point during the email communications regarding the briefing schedule did Plaintiff state she needed additional time to conduct discovery.[12]  Yet, after reviewing Tyler's motion for summary judgment (and having failed to timely file her own, previously planned motion), Plaintiff

---

[10] *Id*. at ¶ 11, Ex. A-8.
[11] *Id*.
[12] *Id*.

is now requesting an indefinite period of time to conduct discovery to respond to Tyler's motion.

A continuance under Rule 56(d) is not designed to allow a party a "sneak peek" at a summary

judgment motion to decide if additional discovery is needed to respond, nor should it be used as a

way of doing an end-run around a court's scheduling order.

### B.     Plaintiff Elected to Not Complete Discovery in a Timely Manner

The Court should not excuse Plaintiff's failure to prosecute her case by taking timely

discovery, and Plaintiff simply has not shown grounds for a Rule 56(d) continuance. *See Jabary*

*v. Terrell*, No. 4:10-cv-711, 2014 U.S. Dist. LEXIS 96891, at *4 (E.D. Tex. 2014) (denying Rule

56(d) continuance when requesting party failed to diligently obtain discovery); *Lafontaine v.*

*Tween Brands, Inc.*, Civil Action No. 4:16-CV-335, 2017 U.S. Dist. LEXIS 92632, at *8 (E.D.

Tex. 2017) (finding no excusable neglect when the party had four months to conduct depositions

and prepare a motion for summary judgment). Tyler promptly completed its discovery—which

included having to pursue documents from Plaintiff and re-opening Plaintiff's deposition—to

ensure it was ready to brief summary judgment.

Plaintiff had ample time to complete discovery in advance of the motion deadline.  Instead,

she waited until two weeks before the summary judgment deadline to even serve written discovery.

Moreover, the first time that Plaintiff informed Tyler that she believed its discovery responses

were somehow deficient was in her response to Tyler's motion for summary judgment.[13]  Plaintiff

did not raise concerns in response to Tyler's initial disclosures and accompanying document

production or after Tyler served its responses to Plaintiff's written discovery requests.[14]

Further, Plaintiff has continued to stonewall discovery by refusing to agree to a protective

order establishing confidentiality designations.  On February 24, 2022, in advance of responding

---

[13] *Id*. at ¶ 12.
[14] *Id*.

**Defendant's Reply ISO Motion for Summary Judgment – Page 5**

to Plaintiff's discovery requests, Tyler sent Plaintiff a proposed protective order based on a proposed protective order published by the Northern District of Texas.[15]  On February 25, 2022, Plaintiff's counsel responded that Tyler's proposed protective order was "entirely unacceptable" and that Plaintiff would not agree to it.[16]  On March 3, 2022, Tyler asked Plaintiff to either redline Tyler's proposed protective order or to send Tyler a proposed protective order for consideration.[17] To date, Plaintiff has done neither.[18]

### C.      The Requested Discovery Is Not Necessary to Brief Summary Judgment

The discovery that Plaintiff alleges she needs to brief summary judgment is another red herring and is not necessary for Plaintiff to respond to Tyler's motion summary judgment.  Plaintiff has been deposed twice, and Plaintiff's counsel elected to ask questions during her deposition.[19] Yet, Plaintiff did not attempt to respond to summary judgment by citing Plaintiff's deposition testimony, by submitting a declaration from Plaintiff, or by addressing the documents Tyler previously produced.

Instead, Plaintiff claims she needs: (1) every work email she sent or received; (2) the identities of other employees in Plaintiff's positions; and (3) Plaintiff's JIRA tickets that contain a succinct description of an implementation issue along with the dates and times the ticket was created, resolved, or updated or completed.[20]  As an initial matter, items 1 and 2 were included in Plaintiff's January 27, 2022 discovery requests, which, as discussed above, had a response deadline eighteen days after the deadline to file a motion for summary judgment and three days before the

---

[15] *Id*. at ¶ 13, Ex. A-9.
[16] *Id*.
[17] *Id*.
[18] *Id.*  In addition to not facilitating the entry of a protective order, Plaintiff has not contacted Tyler to confer regarding Tyler's allegedly deficient discovery responses.  *Id*. at ¶ 12.
[19] *Id*. at ¶¶ 9-10.
[20] *Id*. at ¶ 14.

**Defendant's Reply ISO Motion for Summary Judgment – Page 6**

response deadline.  Even if Tyler were to produce Plaintiff's entire email inbox and identified other individuals in the same role as Plaintiff, it is not at all clear how this information would enable Plaintiff to respond, let alone timely respond, to Tyler's motion for summary judgment.

With respect to her work emails, Tyler produced with its initial disclosures emails that show the job duties Plaintiff performed.[21]  Other similar emails were exhibits to her deposition.[22] Plaintiff does not specifically identify the additional emails she claims she needs despite Tyler's invitation that she do so.[23]  In any event, there is simply no legitimate argument that every email Plaintiff sent or received must be reviewed in order to respond to Tyler's summary judgment motion.

With respect to item 2 above regarding the identity of co-workers who held the same positions as Plaintiff, it is clear that she had that information independent of the discovery process in this case.  Plaintiff identified during her deposition the other individuals who performed the same job at Tyler that she held.  *See* Def. Mot., Ex. 1, Pl. Dep. 25:9-16, 194:7-9 (stating there was one other ExecuTime Senior Project Manager, Jessie Bell, and that Plaintiff was the only ExecuTime Implementation Analyst).  Plaintiff also has not made and cannot show that this information is needed for her response, as the identities of other Tyler employees in the same roles as Plaintiff is irrelevant to the issue of whether Plaintiff was properly classified as exempt from overtime compensation.[24]

---

[21] *Id*. at ¶ 4.
[22] *Id*. at ¶ 9.
[23] Plaintiff disingenuously claims that Tyler refused to produce Plaintiff's work emails and raised only boilerplate objections.  In fact, Tyler asked Plaintiff to identify specific categories of emails she sought, which Plaintiff has so far declined to do.  *See* Pl. Resp., Herrington Decl. at pp. 16-17 (Response to RFP No. 6); *id*. at ¶ 12.
[24] Plaintiff's discovery request actually seeks the identities of Tyler employees in the implementation consultant role as well—a position that Plaintiff never held.  *See* Pl. Resp., Herrington Decl. at p. 10 (Interrogatory No. 8).

**Defendant's Reply ISO Motion for Summary Judgment – Page 7**

With respect to item 3, Plaintiff did not request the JIRA tickets until March 5, 2022, after Plaintiff filed her response requesting a continuance, and she provides no explanation for her failure to timely request those documents.[25]   The parties extensively discussed JIRA tickets and Plaintiff's job duties during Plaintiff's deposition on January 19, 2022 (including during Plaintiff's counsel's direct examination of Plaintiff).   Plaintiff now belatedly claims the JIRA tickets are somehow necessary to establish Plaintiff's primary job duties, but, as discussed in Tyler's motion for summary judgment, Plaintiff testified at her deposition regarding the amount of time she spent on particular duties.   *See* Def. Mot. at pp. 9-10.   Thus, the JIRA tickets, which contain a high-level description of implementation issues and the dates and times associated with the tickets, are not critical in establishing Plaintiff's primary duties, particularly in light of Plaintiff's deposition testimony which addressed that topic.

## D.      The Requested Continuance Would be Prejudicial to Tyler

Plaintiff does not address the unfairness and prejudice to Tyler if Plaintiff's request for an extension is granted.   First, Plaintiff would be able to conduct discovery specifically tailored to Tyler's motion for summary judgment and have an indefinite amount of time to respond to Tyler's motion.   This creates an obvious procedural advantage for Plaintiff.   Also, Plaintiff's requested relief likely would result in the parties going to trial without a summary judgment ruling.   Plaintiff does not indicate the amount of additional time she is requesting, but rather asserts that the requested continuance will not impact the trial date.   Pl. Resp. at 4.   It is inescapable, however, that the Court would have less time to consider and rule on the parties' summary judgment briefing before trial.   As this Court has noted, it is prejudicial to require the parties to proceed to trial

---

[25] *Id*. at ¶ 15, Ex. A-11.   Tyler had already voluntarily produced the JIRA tickets to Plaintiff on March 4, 2022, after learning for the first time in Plaintiff's March 3, 2022 response that Plaintiff wanted copies of those documents.   *Id*. at ¶ 14, Ex. A-10.

**Defendant's Reply ISO Motion for Summary Judgment – Page 8**

without a summary judgment ruling because of an untimely summary judgment motion.  *See Lafontaine*, 2017 U.S. Dist. LEXIS 92632, at *6.

## III.   <u>**PRAYER**</u>

Plaintiff has not established why she could not timely complete discovery in advance of the deadline for filing a summary judgment.  Plaintiff has also not established that the requested discovery is necessary to brief summary judgment.   As a result, Tyler respectfully requests that the Court deny Plaintiff's request for a continuance and consider and grant Tyler's motion for summary judgment.

**Defendant's Reply ISO Motion for Summary Judgment – Page 9**

Dated:        March 10, 2022

/s/ Paulo B. McKeeby
Paulo B. McKeeby (Lead Attorney)
TX State Bar No. 00784571
pmckeeby@reedsmith.com
Amanda E. Brown
TX State Bar No. 24087839
aebrown@reedsmith.com
Reed Smith LLP
2850 N. Harwood St., Suite 1500
Dallas, TX 75201
Telephone:      +1.469.680.4200
Facsimile:      +1.469.680.4299

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 10, 2022, a true and correct copy of the above was filed using the Court's CM/ECF system that caused notice to be served upon the following:

Charles R. Bridgers
Matthew W. Herrington
DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC
101 Marietta St.
Ste. 2650
Atlanta, GA 30303
charles.bridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

Melinda Arbuckle
Shellist Lazarz Slobin LLP
11 Greenway Plaza
Suite 1515
Houston, TX 77046
marbuckle@eeoc.net

/s/ Paulo B. McKeeby
Paulo B. McKeeby