# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **TALIA N. HARRISON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **No. 4:21-cv-00607-ALM** |
| | : | |
| **vs.** | : | |
| | : | |
| **TYLER TECHNOLOGIES, INC.,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**DECLARATION OF AMANDA E. BROWN IN SUPPORT OF DEFENDANT TYLER
TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF SUMMARY JUDGMENT**

I, Amanda Elizabeth Brown, pursuant to 28 U.S.C. § 1746 hereby declares as follows:

1.      I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration.  The evidence set out in the foregoing Declaration is based on my personal knowledge.

2.      I am counsel of record for Defendant Tyler Technologies, Inc. ("Tyler") and submit this Declaration in support of Tyler's Reply In Support of Tyler's Motion for Summary Judgment.

3.      Attached hereto as Exhibit A-1 is a true and correct copy of Plaintiff Talia N. Harrison's ("Plaintiff") First Continuing Interrogatories and First Continuing Requests for Production of Documents.  Plaintiff served the aforementioned discovery requests on January 27, 2022.

4.      Attached hereto as Exhibit A-2 is a true and correct copy of the email from Tyler's counsel to Plaintiff's counsel serving Tyler's initial disclosures and accompanying document production, which consisted of 304 pages, on October 28, 2021.  The document production included emails that demonstrated the job duties that Plaintiff performed.

5.      Attached hereto as Exhibit A-3 is a true and correct copy of the October 18, 2021 email from Plaintiff's counsel to Tyler's counsel enclosing Plaintiff's initial disclosures.  Plaintiff did not produce any documents with her initial disclosures.

6.      Attached hereto as Exhibit A-4 is a true and correct copy of the email from Tyler's counsel serving Tyler's First Requests for Production to Plaintiff on September 16, 2021.

7.      To date, Tyler has not received written responses to Tyler's First Requests for Production that were served on Plaintiff on September 16, 2021.

8.      Attached hereto as Exhibit A-5 is a true and correct copy of a January 15, 2022 email from Plaintiff's counsel producing documents in response to Tyler's First Requests for Production. As reflected in the email correspondence, I had followed up with Plaintiff's counsel regarding Plaintiff's overdue responses to Tyler's First Requests for Production as Plaintiff's deposition was scheduled for January 19, 2022.

9.      Attached hereto as Exhibit A-6 is a true and correct copy of Tyler's Notice of Oral and Videotaped Deposition of Plaintiff.  In accordance with the notice, Tyler deposed Plaintiff on January 19, 2022.  During the January 19, 2022 deposition, I introduced as exhibits multiple emails that demonstrated Plaintiff's job duties.   After I finished my cross-examination of Plaintiff, Plaintiff's counsel conducted direct examination of Plaintiff.

10.      Attached hereto as Exhibit A-7 is a true and correct copy of an email exchange between myself and Plaintiff's counsel regarding re-opening Plaintiff's deposition.  As reflected in the email correspondence, Tyler requested that Plaintiff's deposition be re-opened after Plaintiff produced her personal time records after her deposition on January 19, 2022.  The second portion of Plaintiff's deposition occurred on February 2, 2022.

11.     Attached hereto as Exhibit A-8 is a true and correct copy of email correspondence between myself and Plaintiff's counsel regarding Plaintiff's proposed cross-motion summary judgment briefing schedule.  In the email correspondence, Plaintiff indicated she would be filing her own motion for summary judgment and proposed a streamlined briefing schedule whereby Tyler would file its motion on the original deadline of February 10, 2022 and Plaintiff would then file her cross-motion for summary judgment (and response in opposition to Tyler's motion) on March 3, 2022.  At no point during the email communications regarding a cross-motion summary judgment briefing schedule did Plaintiff's counsel state that Plaintiff needed additional time to conduct discovery.

12.     Prior to Plaintiff filing her March 3, 2022 Response to Tyler's Motion for Summary Judgment [DE 15], Plaintiff had not informed Tyler that Plaintiff viewed Tyler's discovery responses or document production to be deficient.  To date, Plaintiff has not contacted Tyler to discuss the alleged deficiencies in Tyler's discovery responses and document production.

13.     Attached hereto as Exhibit A-9 is a true and correct copy of an email chain between myself and counsel for Plaintiff regarding a proposed protective order for this matter.  The protective order I sent to Plaintiff to consider is a model protective order published by the U.S. District Court for the Northern District of Texas.  To date, Plaintiff's counsel has not responded to my request that Plaintiff's counsel redline the protective order I proposed or provide their own protective order for Tyler to consider.

14.     Attached hereto as Exhibit A-10 is a true and correct copy of the March 4, 2022 email from Tyler serving the JIRA tickets on Plaintiff after Tyler learned for the first time in Plaintiff's March 3, 2022 filing that Plaintiff wanted copies of the JIRA tickets.  Below is a true and correct excerpt of the JIRA tickets that Tyler produced to Plaintiff on March 4, 2022.  The

JIRA tickets were produced as a Native Excel file.  As reflected below, JIRA tickets that contain a succinct description of an implementation issue along with the dates and times the ticket was created, resolved, or updated or completed.

| General Q | XTDL-1401 | Duplicated Transactions | | talia.harri | william.shaffer | 6/3/2021 14:00 | 6/3/2021 15:03 | 6/3/2021 15:03 |
|-----------|-----------|-------------------------|--|-------------|-----------------|----------------|----------------|----------------|
| General Q | XTDL-1400 | Script Request | | talia.harri | benjamin.youngblood | 6/3/2021 13:48 | 6/3/2021 14:56 | 6/3/2021 14:56 |
| Research | XTDL-1399 | Unable to subscribe/unscribe | | talia.harri | benjamin.youngblood | 6/3/2021 11:47 | 6/4/2021 10:47 | 6/4/2021 10:49 |

15.    Attached hereto as Exhibit A-11 is a true and correct copy of Plaintiff's Second Continuing Requests for Production of Documents to Tyler, which Plaintiff's counsel served on March 5, 2022.  The Second Continuing Requests for Production of Documents contain a single request for production that seeks the JIRA tickets that Tyler had produced on March 4, 2022.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 10, 2022,

_____
Amanda Elizabeth Brown

# EXHIBIT A-1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **TALIA N. HARRISON,** | |
| **Plaintiff,** | |
| **vs.** | Civil Action No. 4:21-cv-607-ALM |
| **TYLER TECHNOLOGIES, INC.,** | |
| **Defendant.** | |

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT

Plaintiff Talia N. Harrison, by and through the undersigned counsel and pursuant to Fed. R. Civ.

P. 33, requests that Defendant Tyler Technologies, Inc., answer the following Interrogatories

under oath and within the time required by the Federal Rules of Civil Procedure.

**Introduction**

1.      These Interrogatories are to be answered separately, in writing and under oath.

2.      If privilege (including work product) is claimed as to any interrogatory, please state the

applicable privilege with sufficient specificity to allow the Court to review that claim.

3.      If You require a stipulation of confidentiality before responding to any Interrogatories

within, please submit a proposed stipulation of confidentiality along with Your responses

to these requests and notify undersigned counsel immediately.

4.      In answering these Interrogatories, furnish all information that is available to You,

including information in the possession of Your attorneys or investigators for Your

attorneys and not merely such information known of Your own personal knowledge. If

You cannot answer the following Interrogatories in full after exercising due diligence to

secure the information to do so, answer to the extent possible, specifying Your inability

to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portions.

5.    These Interrogatories are continuing in nature so as to require You to file supplemental answers if the Persons to whom these interrogatories are addressed obtain further or different information between the time answers are served and the time of trial, in accordance with Fed. R. Civ. P. 26(e).

6.    Each part of these Interrogatories, whether a numerical paragraph or one of the subparagraphs, is to be answered separately and fully.

7.    In lieu of identifying any document, it shall be a sufficient response to produce such document and attach a copy thereof to Your discovery responses.

8.    With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

9.    Whenever these Interrogatories request information that was furnished in response to a previous interrogatory, such information need not be restated, and it is sufficient to identify, by number, the previous answer that contains the information requested.

10.   Whenever these Interrogatories request information which is not available to the defendant in the form requested, but is available in another form or can be obtained elsewhere, so state or either supply the information requested in the form in which it is available or supply the data from which the information requested can be obtained.

11.   Each interrogatory should be construed independently and not with reference to any other interrogatory for purposes of limitation, except where specifically so designated.

12.   The following definitions are an integral part of these Interrogatories and are applicable throughout.

**Definitions**

1.     The term **Plaintiff** means Talia N. Harrison, and includes Plaintiff's agents, representatives or attorneys.

2.     The term **Company or You or Your** means Tyler Technologies, Inc., and includes its agents, representatives and attorneys.

3.     The term **Relevant Time Period** means each workweek from the pay period ending on August 3, 2018 through the pay period ending on or after June 17, 2021.

4.     The term **Answer** refers to Your Answer filed in this case, including any counterclaims asserted therein and any amendments thereto.

5.     The term **Document or Documents** means any written, recorded, filmed or graphic matter, whether produced or reproduced in paper, cards, tapes, film, electronic facsimile, computer storage device, or other media, including but not limited to, memoranda, notes, minutes, records, photographs, electronic mails ("e-mails"), correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations, work papers, also including but not limited to originals and all copies which are different in any form from the original, whether by interlineations, receipt stamp, notations, indications of copies sent or received, or otherwise, and any other tangible compilation of information which can be obtained or translated, if necessary.

6.     The terms **Identify** or **Describe** when used in reference to a Person shall mean to state his or her:

a.      Full name (or if not known, his or her job title or positions and employer, or if no other identification is possible, provide a sufficient description so that he or she will be identifiable to the recipients of Your answers);

b.      Title;

c.      Present position and business affiliation;

d.      The Person who he or she was representing or acting for;

e.      Present business phone number (including area code) and address (or last known, with indication of the date of last knowledge);

f.      Present residence phone number (including area code) and address (or last known, with indication of the date of last knowledge); and

g.      All email addresses.

7.      The terms **Identify** or **Describe** when used in reference to a Document shall mean to:

a.      State the type of Document (e.g., memorandum, employment application, letter, etc.);

b.      Set forth its date;

c.      Identify the author (and if different, the originator and signer);

d.      Set forth the title, heading, or other designation, numerical or otherwise, of the Document;

e.      Set forth the present or last known location of the Document and of each copy;

f.      Describe and set forth the substance of the Document;

g.      If any such Document was but no longer is in Your possession or subject to Your control, state the disposition that was made of it, the reason for said disposition, and the date thereof; and

      h.      Describe in detail the substance of the Document.

8.      The terms **Communication** or **Communicate** means any transmission of thoughts, opinions, or information by speech, writing, or sign.

9.      The term **Person** means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

10.      Use of feminine pronouns shall be deemed to include the masculine and neuter and use of masculine pronouns shall be deemed to include the feminine and neuter.

11.      Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

**Interrogatories**

1.      Identify each specific exemption to the FLSA's maximum hour provisions that you contend were applicable to Plaintiff during the Relevant Time Period, Describe in detail the factual basis for such contentions, and Identify all Documents that You contend evidence or support that contention.

2.      During the Relevant Time Period and for each workweek therein:

      A.      State the beginning and ending day of each seven-day period, if any, the Company contends should be used as the applicable "workweek" (within the meaning of 29 CFR § 778.105) in this action;

      B.      State the actual number of hours that You contend Plaintiff worked during each workweek;[1] and

---

[1] This Interrogatory seeks information as to the actual number of hours worked, not necessarily a recitation of what Your records indicate that Plaintiff worked, if that amount differs from the information contained in Your records.

C.      State the total compensation (cash and non-cash benefits), including bonuses, You contend that Plaintiff received for each workweek.

3.    Identify each Person that You contend has knowledge of Plaintiff's actual hours worked during the Relevant Time Period and Identify all Documents that You contend evidence Plaintiff's actual hours worked in each workweek.

4.    Enumerate and describe with specificity what You contend were Plaintiff's primary job duties during the Relevant Time Period, and for each such primary job duty, state whether or not You contend that it is possible to determine the percentage of Plaintiff's typical workweek that each such primary duty occupied, and, if so, State the percentage of Plaintiff's typical workweek that You contend each such primary duty occupied.

5.    If You contend that You acted in "good faith" with respect to Plaintiff's compensation (within the meaning of 29 U.S.C. §§ 259 or 260) or did not "willful[ly]" violate the FLSA (within the meaning of 29 U.S.C. § 255), Describe in detail all efforts you made to investigate Your FLSA overtime obligations to implementation consultants, or other individuals who performed substantially similar duties, prior to the end of the Relevant Time Period, and Identify all Documents evidencing those investigations.

6.    If You contend that You acted in "good faith" with respect to Plaintiff's compensation (within the meaning of 29 U.S.C. §§ 259 or 260) or did not "willful[ly]" violate the FLSA (within the meaning of 29 U.S.C. § 255), Identify every Person from whom you received advice (including but not limited to legal advice), prior to the end of the Relevant Time Period, regarding the Company's potential FLSA overtime obligations to implementation consultants or other individuals who performed substantially similar duties; describe the substance of the advice; state when the advice was given; Describe in

detail the circumstances under which the advice was given; and Identify any Documents reflecting or relating to the advice.

7.  If You have taken any written (whether sworn or otherwise) or otherwise recorded statements (whether recorded by analog or digital means) from any Person regarding matters at issue in this litigation, please Identify each Person from whom a statement was taken and Describe fully the substance of each statement.

8.  Identify all ExecuTime implementation consultants, project managers, and implementation analysts who worked for the Company during the Relevant Time Period.

9.  If you contend that Plaintiff has misrepresented, distorted, exaggerated, falsified or been untruthful in communicating any statement (1) to any employee or agent of the Company during the course of her work for the Company, or (2) to anyone concerning Plaintiff's work for the Company, either prior to, during, or following the Relevant Time Period, or (3) to anyone if you contend such alleged misrepresentation, distortion, exaggeration, falsification or untruth may constitute or lead to the discovery of evidence admissible for impeachment, please describe in full detail the alleged misrepresentation(s), distortion(s), exaggeration(s), falsification(s) or untruth(s), including a description of the subject matter; the date(s) of any communication(s) by Plaintiff; the Identities of all Persons who have personal knowledge of any such alleged misrepresentation(s), distortion(s), exaggeration(s), falsification(s) or untruth(s)by Plaintiff; and the location and custodian of any and all Documents that evidence any such alleged misrepresentation(s), distortion(s), exaggeration(s), falsification(s) or untruth(s) by Plaintiff.

10.  Identify all previous litigation and arbitrations in which current or former employees of Tyler Technologies have asserted claims arising under the Fair Labor Standards Act or

state wage and hour laws. As to each such instance of litigation or arbitration, Identify the forum, case number, parties, and resolution, and Identify any judgments, judicial orders, or arbitrator's opinions issued.

11.   Identify all settlement agreements that the Company has entered into involving claims under the Fair Labor Standards Act or state wage and hour laws. As to each such settlement, Identify all parties involved and Identify all Documents memorializing such settlement agreements.

12.   If You contend that Plaintiff's primary duties included the exercise of discretion and independent judgment with respect to matters of significance within the meaning of 29 CFR § 541.202(b), then Identify each such primary duty and Identify all Documents that You contend memorialize specific instances in which such duties were performed.

13.   If You contend that Plaintiff's primary duties included the performance of work directly related to the management or general business operations of the employer's customers within the meaning of 29 CFR § 541.201(b), then Identify each such primary duty and Identify all Documents that You contend memorialize specific instances in which such duties were performed.

Dated: January 28, 2022


                                    SHELLIST LAZARZ SLOBIN LLP

11 Greenway Plaza                   Melinda Arbuckle
Suite 1515                          Texas Bar No. 24080773
Houston, Texas 77046
Tel: 713.621.2277
Fax: 713.621.0993
marbuckle@eeoc.net

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

101 Marietta Street
Suite 2650
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
benjamin@dcbflegal.com
matthew.herrington@dcbflegal.com

_s/ Matthew W. Herrington_
Mitchell D. Benjamin (*pro hac vice)*
Ga. Bar No. 049888
Matthew W. Herrington (*pro hac vice*)
Georgia Bar No. 275411

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TALIA N. HARRISON, | |
| **Plaintiff,** | |
| **vs.** | Civil Action No. 4:21-cv-607-ALM |
| TYLER TECHNOLOGIES, INC., | |
| **Defendant.** | |

### PLAINTIFF'S FIRST CONTINUING REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Plaintiff Talia Harrison, by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 34, requests that Tyler Technologies, Inc. produce for inspection and copying within the time allowed under the Federal Rules of Civil Procedure, the following Documents

**Introduction**

1.  If privilege (including work product) is claimed as to any Document otherwise covered by this request for production, Plaintiff requests that Defendant provide sufficient information for the Court to determine the validity of that claim including the specific privilege claimed, the author, recipient, date and general substance of that Document.

2.  This request for production seeks inspection and copying of Documents in the possession of Defendant, including originals, drafts or Documents with handwritten notations, unless otherwise specifically stated.

3.  If Defendant seeks a protective Order or Confidentiality Order before responding, please notify undersigned counsel as soon as possible and then provide undersigned counsel with a draft prior to the due date of the responses.

4.      Each of the following requests is continuing in nature so as to require You to file

supplemental responses in accordance with Fed. R. Civ. P. 26(e).

5.      All responsive Document(s) must be produced in the manner and form in which they are

normally kept by Defendant in the course of conducting business and should be marked

or otherwise organized so as to be easily ascertainable by number which of the following

requests the Document(s) are being produced in response to.

6.      If any Document(s) request to be produced was, but is no longer, in existence, state

whether it is:

7.      Missing or lost;

8.      Destroyed;

9.      Transferred voluntarily or involuntarily to others, and if so, to whom; or

10.     Otherwise disposed of, and in each instance, explain the circumstance surrounding an

authorization for such disposition, and state the approximate date thereof.

**Definitions**

1.      The term **Plaintiff** means Talia N. Harrison, and includes Plaintiff's agents,

representatives or attorneys.

2.      The term **Company or You or Your** means Tyler Technologies, Inc., and includes its

agents, representatives and attorneys.

3.      The term **Relevant Time Period** means each workweek from the pay period ending on

August 3, 2018 through the pay period ending on or after June 17, 2021.

4.      The term **Answer** refers to Your Answer filed in this case, including any counterclaims

asserted therein and any amendments thereto.

5.      The term **Document or Documents** means any written, recorded, filmed or graphic matter, whether produced or reproduced in paper, cards, tapes, film, electronic facsimile, computer storage device, or other media, including but not limited to, memoranda, notes, minutes, records, photographs, electronic mails ("e-mails"), correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations, work papers, also including but not limited to originals and all copies which are different in any form from the original, whether by interlineations, receipt stamp, notations, indications of copies sent or received, or otherwise, and any other tangible compilation of information which can be obtained or translated, if necessary.

6.      The terms **Communication** or **Communicate** means any transmission of thoughts, opinions, or information by speech, writing, or sign.

7.      The term **Person** means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

8.      Use of feminine pronouns shall be deemed to include the masculine and neuter and use of masculine pronouns shall be deemed to include the feminine and neuter.

9.      Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

**Electronic Document Definitions**

1.      **Documents** or records that reside in the form of electronic files are to be produced as electronic files rather than on paper and are included in the definition of **Documents**.

2.     **Documents** that reside both in electronic form and on paper, but where a paper version has been signed or otherwise annotated by hand, is to be produced electronically and, in addition, each separately signed or hand annotated version should also be produced.

3.     E-mail correspondence from commercially available e-mail systems including, without limitation, Microsoft Outlook, Groupwise, and Lotus Notes, is to be produced in native format (e.g., *.pst files for Microsoft Outlook). Production is to be organized in folders and sub-folders that are labeled so as to clearly identify the user mailbox where the e-mail messages were produced from.

4.     Microsoft Word and Excel files are to be produced in native format as *.doc, *.docx, or *.docm *.xls, *.xlsx, *.xlsm files. Production is to be organized so as to clearly identify the user personal computer where the files were produced from or, if produced from a server, the server path and filename where the files were produced from.

5.     WordPerfect files are to be produced in native format.

6.     The following graphics files are to be produced in native format: *.jpg, *.pcx, *.bmp, *.tif, *.tga, *.fpx, *.psd, *.pdf.

7.     Electronic files that reside in file formats other than those specified in sub-paragraphs 3 through 6 above are to be rendered into readable Adobe Acrobat (*.pdf) format and produced in such format.

8.     Electronic files are to be produced in a manner so as to preserve all meta-data associated with such files. Notice is hereby given that any attempt to alter or modify such files in connection with production thereof through the use of meta-data scrubber software or similar means will be considered as intentional spoliation of evidence.

9.     Recorded voice mails are to be produced as individual *.wav files.

10.     Unless otherwise agreed by counsel following request initiated by counsel for defendant before the date of response called for herein, electronic files are to be produced on either read-only CD-ROM or DVD media.

**Interrogatories**

1.     Produce all Documents that were requested to be identified in Plaintiff's First Interrogatories to You.

2.     Produce all files maintained by You on Plaintiff, by whatever name called. This request includes personnel files, training files, disciplinary files, human resources files, etc.

3.     If You contend that during the Relevant Time Period Plaintiff performed work in any of the functional areas listed in 29 CFR § 541.201 (b) (i.e. , tax, finance, accounting, budgeting, auditing, insurance, quality control, purchasing, procurement, advertising, marketing, research, safety and health, personnel management, human resources, employee benefits, labor relations, public relations, government relations, government relations, computer network, internet and database administration, legal and regulatory compliance):

    a.     Produce all Documents that You contend materially relate to the factual basis of this contention;

    b.     Produce all Documents that You contend evidence the amount of time that elapsed while Plaintiff performed such work during each workweek.

4.     If You contend that during the Relevant Time Period the Plaintiff exercised "discretion and independent judgment" within the meaning of 29 CFR § 541.200 with respect to the matters of significance:

      a.      Produce all Documents that You contend materially relate to the factual basis of this contention;

      b.      Produce all Documents that You contend evidence the amount of time that elapsed while Plaintiff performed such work during each workweek.

5.      If You contend that during the Relevant Time Period Plaintiff performed work on Your behalf that is described by any of the factors identified in 29 CFR § 541.202(b):

      a.      Produce all Documents that You contend materially relate to the factual basis of this contention;

      b.      Produce all Documents that You contend evidence the amount of time that elapsed while Plaintiff performed such work during each workweek;

      c.      Produce all Documents that evidence how Plaintiff was informed, trained or notified that Plaintiff had such authority.

6.      Produce all emails sent to and received by Plaintiff's Company email account(s) during the Relevant Time Period.

Dated: January 28, 2022

 

                              **SHELLIST LAZARZ SLOBIN LLP**

11 Greenway Plaza                    Melinda Arbuckle
Suite 1515                             Texas Bar No. 24080773
Houston, Texas 77046
Tel: 713.621.2277
Fax: 713.621.0993
marbuckle@eeoc.net

                              **DELONG CALDWELL BRIDGERS**
                              **FITZPATRICK & BENJAMIN, LLC**

                              *s/ Matthew W. Herrington*
101 Marietta Street                  Mitchell D. Benjamin (*pro hac vice*)
Suite 2650                             Ga. Bar No. 049888

Atlanta, Georgia 30303                    Matthew W. Herrington (*pro hac vice*)
(404) 979-3150                            Georgia Bar No. 275411
(404) 979-3170 (f)
benjamin@dcbflegal.com
matthew.herrington@dcbflegal.com

                                          Counsel for Plaintiff

# EXHIBIT A-2

**Stanbery, Rhonda L.**

| | |
|---|---|
| **From:** | Rhea, Shikendra B. |
| **Sent:** | Monday, October 18, 2021 11:18 AM |
| **To:** | charles.bridgers@dcbflegal.com; matthew.herrington@dcbflegal.com; marbuckle@eeoc.net |
| **Cc:** | Brown, Amanda E.; McKeeby, Paulo B.; Stanbery, Rhonda L. |
| **Subject:** | Talia N. Harrison v. Tyler Technologies, Inc. - Defendant's Initial Disclosures with Bates Docs |
| **Attachments:** | 2021-10-18 - ltr to OC forwarding Defendant's Initial Disclosures and Bates labeled docs 000035-000304.pdf; 2021-10-18 - Defendant's Initial Disclosures.pdf; TYLER_000035-000304_REDACTED.pdf |

**SENT ON BEHALF OF AMANDA E. BROWN**

Counsel:

Attached please find Defendant's Initial Disclosures and documents bates labeled as Tyler_000035-000304.  Please let us know if you require any additional information.

Thank you,

Shikendra Rhea
**Shikendra Rhea** | Paralegal
ReedSmith LLP | 2850 N. Harwood Street | Suite 1500 | Dallas, TX  75201
Cell: 832-723-6184 Tel: 469.680.4261 | srhea@reedsmith.com

# EXHIBIT A-3

**Stanbery, Rhonda L.**

| | |
|---|---|
| **From:** | Matthew Herrington <matthew.herrington@dcbflegal.com> |
| **Sent:** | Monday, October 18, 2021 2:35 PM |
| **To:** | McKeeby, Paulo B.; Brown, Amanda E. |
| **Cc:** | Arbuckle, Melinda |
| **Subject:** | Harrison disclosures |
| **Attachments:** | 21.10.18 Pla's Initial Disclosures (Harrison) v4_MA.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

<mark>EXTERNAL E-MAIL - From matthew.herrington@dcbflegal.com</mark>

Paulo and Amanda,
Ms. Harrison's disclosures are attached. I am working on the damages estimate and will have a demand to you as soon as I can.
MWH

**Matthew W. Herrington**
DeLong . Caldwell . Bridgers
Fitzpatrick . Benjamin
Direct - Facsimile - Text: 404.596.7972
matthew.herrington@dcbflegal.com



101 Marietta Street NW
Suite 2650
Atlanta, Georgia 30303
georgiawagelawyers.com

# EXHIBIT A-4

**Stanbery, Rhonda L.**

| | |
|---|---|
| **From:** | Brown, Amanda E. <aebrown@reedsmith.com> |
| **Sent:** | Thursday, September 16, 2021 12:04 PM |
| **To:** | Matthew Herrington |
| **Cc:** | McKeeby, Paulo B.; Charles R. Bridgers; marbuckle@eeoc.net; Stanbery, Rhonda L.; Rhea, Shikendra B. |
| **Subject:** | RE: Harrison/Tyler - 26(f) Conference |
| **Attachments:** | Tyler_Harrison - Defendant_s First RFPs to Plaintiff.PDF; TYLER_000001-000034.pdf; Tyler_Harrison - Draft Joint 26(f) Report.DOCX |

Matthew:

As a follow up, now that we have received the Order Governing Proceedings, attached is a revised draft 26(f) report.  The revised draft contains the proposed scheduling order with the dates added.

I've also attached: (1) Defendant's First Set of Requests for Production to Plaintiff; and (2) Plaintiff's paystubs (TYLER_000001-000034).

Please let me know if you have any questions.

Thanks,

**Amanda E. Brown**
Senior Associate

**Reed Smith LLP**
aebrown@reedsmith.com
+1 469 680 4232 (Dallas)
+1 713 469 3822 (Houston)
+1 512 289 2351 (cell)


**www.reedsmith.com**

---

**From:** Brown, Amanda E.
**Sent:** Wednesday, September 15, 2021 12:58 PM
**To:** Matthew Herrington <matthew.herrington@dcbflegal.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>; Charles R. Bridgers <crb@dcbflegal.com>; marbuckle@eeoc.net
**Subject:** RE: Harrison/Tyler - 26(f) Conference

Matthew:

Attached is the draft 26(f) report with placeholders for Plaintiff's additions and the information from the forthcoming Order Governing Proceedings.  I've also attached the WDTX form protective order.  Please let me know if it is acceptable.

Thanks,

**Amanda E. Brown**
Senior Associate

**Reed Smith LLP**
aebrown@reedsmith.com
+1 469 680 4232 (Dallas)
+1 713 469 3822 (Houston)
+1 512 289 2351 (cell)

www.reedsmith.com

**From:** Matthew Herrington <matthew.herrington@dcbflegal.com>
**Sent:** Tuesday, September 14, 2021 3:50 PM
**To:** Brown, Amanda E. <aebrown@reedsmith.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>; Charles R. Bridgers <crb@dcbflegal.com>; marbuckle@eeoc.net
**Subject:** RE: Harrison/Tyler - 26(f) Conference

EXTERNAL E-MAIL - From matthew.herrington@dcbflegal.com

Amanda,

The attached contain the judge's normal deadlines. My understanding is that the judge is in trial and may be delayed because of that. But the deadlines (and content) for the 26(f) conference are provided by the federal rules, regardless of any anticipated scheduling order. So I would suggest that we proceed with the call tomorrow. We should be able to address everything substantively required.

Regards,
MWH

**Matthew W. Herrington**
DeLong . Caldwell . Bridgers
Fitzpatrick . Benjamin
Direct - Facsimile - Text: 404.596.7972
matthew.herrington@dcbflegal.com



101 Marietta Street NW
Suite 2650
Atlanta, Georgia 30303
georgiawagelawyers.com

---

**From:** Brown, Amanda E. <aebrown@reedsmith.com>
**Sent:** Tuesday, September 14, 2021 4:21 PM
**To:** Matthew Herrington <matthew.herrington@dcbflegal.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>; Charles R. Bridgers <crb@dcbflegal.com>; marbuckle@eeoc.net
**Subject:** Harrison/Tyler - 26(f) Conference

Matthew:

In anticipation of tomorrow's 26(f) conference in *Harrison*, I realized Judge Mazzant has not yet issued his standard Order Governing Proceedings.  The Order Governing Proceedings typically contains the deadline for the 26(f) conference, initial disclosures, 26(f) report, and Rule 16 management conference.  It also specifies the topics for the 26(f) conference and contains a proposed scheduling order that keys off of the Rule 16 conference date and contains a date for the final pretrial conference.

Without the Order Governing Proceedings, I am not sure how productive tomorrow's conference will be since we will not know the dates for the scheduling order.  I am happy to proceed with tomorrow's call, but perhaps it makes sense (and would be more efficient) to schedule the call after we receive the Order Governing Proceedings.

Thanks,

**Amanda E. Brown**
Senior Associate
Labor & Employment

aebrown@reedsmith.com
+1 469 680 4232 (Dallas)
+1 713 469 3822 (Houston)
+1 512 289 2351 (cell)

**Reed Smith LLP**
2850 N. Harwood Street
Suite 1500
Dallas, TX 75201
T: +1 469 680 4200
F: +1 469 680 4299

811 Main Street
Suite 1700
Houston, TX 77002
T: +1 713 469 3800
F: +1 713 469 3899

**www.reedsmith.com**

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

# EXHIBIT A-5

**Stanbery, Rhonda L.**

| | |
|---|---|
| **From:** | Matthew Herrington <matthew.herrington@dcbflegal.com> |
| **Sent:** | Saturday, January 15, 2022 6:25 PM |
| **To:** | Brown, Amanda E. |
| **Cc:** | McKeeby, Paulo B. |
| **Subject:** | Re: Harrison RFP responses |
| **Attachments:** | Harrison Production.pdf |

==EXTERNAL E-MAIL - From matthew.herrington@dcbflegal.com==

Amanda,
Please find Ms. Harrison's production attached. I am still working to get into a few .msg files that may also contain material to be produced. I'll update you on that ASAP.
Regards,
MWH

**From:** Matthew Herrington <matthew.herrington@dcbflegal.com>
**Date:** Sunday, January 16, 2022 at 12:05 AM
**To:** Brown, Amanda E. <aebrown@reedsmith.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>
**Subject:** Re: Harrison RFP responses

I cannot get this file to format in a way that allows it to print to a pdf. It just runs off the page. So, I'm sending you the Word file separately as the pdf will have formatting issues.

**From:** Matthew Herrington <matthew.herrington@dcbflegal.com>
**Date:** Saturday, January 15, 2022 at 11:31 PM
**To:** Brown, Amanda E. <aebrown@reedsmith.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>
**Subject:** Re: Harrison RFP responses

Amanda,
I'm having some technical issues. Old emails from Talia are saved in our file system, but I'm having trouble opening them on my personal computer (now my only computer). There may be files attached to those emails I need to produce. Probably not, but it's possible. So I'll send you everything else in a few and then keep working on checking those remaining saved emails to make sure there's nothing else.
MWH

**From:** Brown, Amanda E. <aebrown@reedsmith.com>
**Date:** Saturday, January 15, 2022 at 7:17 PM
**To:** Matthew Herrington <matthew.herrington@dcbflegal.com>

**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>
**Subject:** RE: Harrison RFP responses

Hi Matthew:

I wanted to follow up on this since I haven't seen anything. Ill be preparing for Ms. Harrison's deposition this weekend, so please send the documents along as soon as possible.

Thank you,

**Amanda E. Brown**

**Reed Smith LLP**
aebrown@reedsmith.com
+1 469 680 4232 (Dallas)
+1 713 469 3822 (Houston)
+1 512 289 2351 (cell)

**www.reedsmith.com**

---

**From:** Matthew Herrington <matthew.herrington@dcbflegal.com>
**Date:** Friday, Jan 14, 2022, 12:39 PM
**To:** Brown, Amanda E. <aebrown@reedsmith.com>
**Subject:** Harrison RFP responses

EXTERNAL E-MAIL - From matthew.herrington@dcbflegal.com

Amanda,
I'm working on getting you the RFP responses. I doubt I'll have them done today, but should have some documents to you later tonight. They are likely to be all or nearly all of what we will ultimately produce (she just doesn't have that much).
Regards,
MWH

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

# EXHIBIT A-6

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **TALIA N. HARRISON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **No. 4:21-cv-00607-ALM** |
| **vs.** | : | |
| | : | |
| **TYLER TECHNOLOGIES, INC.,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT'S NOTICE OF ORAL AND VIDEOTAPED
DEPOSITION OF PLAINTIFF TALIA N. HARRISON**

TO:   Plaintiff Talia N. Harrison, by and through her attorneys of record, Charles R. Bridgers and Matthew W. Herrington, Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC, 3100 Centennial Tower, 101 Marietta Street, Atlanta, GA 30303; Melinda Arbuckle, Shellist Lazarz Slobin LLP, 11 Greenway Plaza, Ste. 1515, Houston, Texas 77046.

**PLEASE TAKE NOTICE** that on **Wednesday, January 19, 2022, at 9:30 a.m. Central**,

Defendant Tyler Technologies, Inc. will take the deposition of Plaintiff Talia Harrison via remote

video conference before a person authorized by the State of Texas to take the testimony upon oral

examination of the above-mentioned deponent with respect to all matters relevant to the subject

matter of this action.  The deposition will take place on the designated date and will continue from

day to day until completed.

**Plaintiff's Deposition Notice – Page 1**

Dated: January 4, 2022                /s/ Amanda E. Brown
                                            Paulo B. McKeeby
TX State Bar No. 00784571
pmckeeby@reedsmith.com
Amanda E. Brown
TX State Bar No. 24087839
aebrown@reedsmith.com
Reed Smith LLP
2850 N. Harwood St., Suite 1500
Dallas, TX 75201
Telephone: +1.469.680.4200
Facsimile:  +1.469.680.4299
ATTORNEYS FOR DEFENDANT

**Plaintiff's Deposition Notice – Page 2**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on January 4, 2022, a true and correct copy of the above was served on the following counsel of record via electronic mail and U.S. mail:

Charles R. Bridgers
Matthew W. Herrington
DeLong  Caldwell  Bridgers  Fitzpatrick  &
Benjamin, LLC
101 Marietta St.
Ste. 2650
Atlanta, GA 30303
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

Melinda Arbuckle
Shellist Lazarz Slobin LLP
11 Greenway Plaza
Suite 1515
Houston, TX 77046
marbuckle@eeoc.net

*/s/ Amanda E. Brown*
Amanda E. Brown

**Plaintiff's Deposition Notice – Page 3**

# EXHIBIT A-7

**Stanbery, Rhonda L.**

| | |
|---|---|
| **From:** | Brown, Amanda E. |
| **Sent:** | Thursday, January 27, 2022 9:36 AM |
| **To:** | 'Matthew Herrington' |
| **Cc:** | McKeeby, Paulo B. |
| **Subject:** | RE: Harrison RFP responses |

Thanks.  Let's plan on next Wednesday at 9.

**Amanda E. Brown**
aebrown@reedsmith.com
+1 469 680 4232 (Dallas)
+1 713 469 3822 (Houston)
+1 512 289 2351 (cell)

**From:** Matthew Herrington <matthew.herrington@dcbflegal.com>
**Sent:** Thursday, January 27, 2022 8:07 AM
**To:** Brown, Amanda E. <aebrown@reedsmith.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>
**Subject:** Re: Harrison RFP responses

EXTERNAL E-MAIL - From matthew.herrington@dcbflegal.com

Amanda,
Wednesday or Thursday at 9 will both work.

MWH

_____
Matthew W. Herrington
Of Counsel
Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC
101 Marietta Street NW
Suite 2650
Atlanta, GA 30303
Direct-Text-Fax: (404) 596-7972

**From:** Brown, Amanda E. <aebrown@reedsmith.com>
**Sent:** Thursday, January 27, 2022 1:13:35 PM
**To:** Matthew Herrington <matthew.herrington@dcbflegal.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>
**Subject:** RE: Harrison RFP responses

Hi Matthew: We wanted to follow up on this so we can get a date on the books for next week.  Please let us know Ms. Harrison's availability.

Thanks,

**Amanda E. Brown**
aebrown@reedsmith.com
+1 469 680 4232 (Dallas)
+1 713 469 3822 (Houston)
+1 512 289 2351 (cell)

---

**From:** Matthew Herrington <matthew.herrington@dcbflegal.com>
**Sent:** Tuesday, January 25, 2022 10:04 AM
**To:** Brown, Amanda E. <aebrown@reedsmith.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>
**Subject:** Re: Harrison RFP responses

EXTERNAL E-MAIL - From matthew.herrington@dcbflegal.com

Amanda, I will get in touch with her and get answer for you asap. I won't be able to do this week but I think next week will be fine.

MWH

_____
Matthew W. Herrington
Of Counsel
Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC
101 Marietta Street NW
Suite 2650
Atlanta, GA 30303
Direct-Text-Fax: (404) 596-7972

---

**From:** Brown, Amanda E. <aebrown@reedsmith.com>
**Sent:** Monday, January 24, 2022 11:21:15 PM
**To:** Matthew Herrington <matthew.herrington@dcbflegal.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>
**Subject:** RE: Harrison RFP responses

Matthew:

In light of the additional documentation provided by Ms. Harrison after her deposition, we would like to conduct additional questioning of Ms. Harrison.  Please provide Ms. Harrison's availability this week and next week to continue her deposition.  We do not anticipate that the additional questioning will last more than a couple of hours.

Thank you,

**Amanda E. Brown**
aebrown@reedsmith.com
+1 469 680 4232 (Dallas)
+1 713 469 3822 (Houston)
+1 512 289 2351 (cell)

**From:** Matthew Herrington <matthew.herrington@dcbflegal.com>
**Sent:** Thursday, January 20, 2022 4:38 PM
**To:** Brown, Amanda E. <aebrown@reedsmith.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>
**Subject:** Re: Harrison RFP responses

EXTERNAL E-MAIL - From matthew.herrington@dcbflegal.com

Amanda,
I assumed that Ms. Harrison was referring to the first two handwritten pages of her document production, and that she simply no longer had the more comprehensive handwritten notes that she referenced during her deposition. It turns out she does have more, see attached. I had never seen any of these until just now. Apparently she sent them to me last summer but I did not receive the email. Sorry about the delay.
MWH

**From:** Brown, Amanda E. <aebrown@reedsmith.com>
**Date:** Thursday, January 20, 2022 at 10:03 PM
**To:** Matthew Herrington <matthew.herrington@dcbflegal.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>
**Subject:** RE: Harrison RFP responses

Matthew:

As we discussed yesterday, we have not been able to locate the personal time records that Ms. Harrison said she kept.  I believe your position was that everything has been produced, including the time records.  Would you please direct us to the bates range for the time records?

Thanks,

**Amanda E. Brown**
aebrown@reedsmith.com
+1 469 680 4232 (Dallas)
+1 713 469 3822 (Houston)
+1 512 289 2351 (cell)

**From:** Matthew Herrington <matthew.herrington@dcbflegal.com>
**Sent:** Saturday, January 15, 2022 6:25 PM
**To:** Brown, Amanda E. <aebrown@reedsmith.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>
**Subject:** Re: Harrison RFP responses

EXTERNAL E-MAIL - From matthew.herrington@dcbflegal.com

Amanda,
Please find Ms. Harrison's production attached. I am still working to get into a few .msg files that may also contain material to be produced. I'll update you on that ASAP.
Regards,
MWH

**From:** Matthew Herrington <matthew.herrington@dcbflegal.com>
**Date:** Sunday, January 16, 2022 at 12:05 AM
**To:** Brown, Amanda E. <aebrown@reedsmith.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>
**Subject:** Re: Harrison RFP responses

I cannot get this file to format in a way that allows it to print to a pdf. It just runs off the page. So, I'm sending you the Word file separately as the pdf will have formatting issues.

**From:** Matthew Herrington <matthew.herrington@dcbflegal.com>
**Date:** Saturday, January 15, 2022 at 11:31 PM
**To:** Brown, Amanda E. <aebrown@reedsmith.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>
**Subject:** Re: Harrison RFP responses

Amanda,
I'm having some technical issues. Old emails from Talia are saved in our file system, but I'm having trouble opening them on my personal computer (now my only computer). There may be files attached to those emails I need to produce. Probably not, but it's possible. So I'll send you everything else in a few and then keep working on checking those remaining saved emails to make sure there's nothing else.
MWH

**From:** Brown, Amanda E. <aebrown@reedsmith.com>
**Date:** Saturday, January 15, 2022 at 7:17 PM
**To:** Matthew Herrington <matthew.herrington@dcbflegal.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>
**Subject:** RE: Harrison RFP responses

Hi Matthew:

I wanted to follow up on this since I haven't seen anything. Ill be preparing for Ms. Harrison's deposition this weekend, so please send the documents along as soon as possible.

Thank you,

**Amanda E. Brown**

**Reed Smith LLP**
aebrown@reedsmith.com
+1 469 680 4232 (Dallas)
+1 713 469 3822 (Houston)
+1 512 289 2351 (cell)


**www.reedsmith.com**


**From:** Matthew Herrington <matthew.herrington@dcbflegal.com>
**Date:** Friday, Jan 14, 2022, 12:39 PM
**To:** Brown, Amanda E. <aebrown@reedsmith.com>

4

**Subject:** Harrison RFP responses

EXTERNAL E-MAIL - From matthew.herrington@dcbflegal.com

Amanda,
I'm working on getting you the RFP responses. I doubt I'll have them done today, but should have some documents to you later tonight. They are likely to be all or nearly all of what we will ultimately produce (she just doesn't have that much).
Regards,
MWH

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

# EXHIBIT A-8

**Stanbery, Rhonda L.**

| | |
|---|---|
| **From:** | Brown, Amanda E. |
| **Sent:** | Monday, February 7, 2022 11:43 AM |
| **To:** | 'Arbuckle, Melinda' |
| **Cc:** | Matthew Herrington; McKeeby, Paulo B. |
| **Subject:** | RE: Harrison discovery requests to Tyler |

No, thanks.

**Amanda E. Brown**
aebrown@reedsmith.com
+1 469 680 4232 (Dallas)
+1 713 469 3822 (Houston)
+1 512 289 2351 (cell)

---

**From:** Arbuckle, Melinda <marbuckle@eeoc.net>
**Sent:** Monday, February 7, 2022 11:01 AM
**To:** Brown, Amanda E. <aebrown@reedsmith.com>
**Cc:** Matthew Herrington <matthew.herrington@dcbflegal.com>; McKeeby, Paulo B. <PMcKeeby@reedsmith.com>
**Subject:** Re: Harrison discovery requests to Tyler

EXTERNAL E-MAIL - From marbuckle@eeoc.net

So sorry for the delay in response. Given the relevant burden of proof, Defendant would need to lead off the briefing. Let us know if that would be doable.

Thanks,


Melinda Arbuckle
Partner
**Shellist | Lazarz | Slobin LLP**
11 Greenway Plaza | Suite 1515 | Houston, Texas 77046
Tel: 713.621.2277 | Fax: 713.621.0993
marbuckle@eeoc.net | www.eeoc.net



On Thu, Feb 3, 2022 at 6:36 AM Brown, Amanda E. <aebrown@reedsmith.com> wrote:

Hi Melinda:

1

We would consider the suggested cross-motion summary judgment briefing schedule if plaintiff, not defendant, filed the opening summary judgment motion on 2/10.

Thanks,

**Amanda E. Brown**

aebrown@reedsmith.com

+1 469 680 4232 (Dallas)

+1 713 469 3822 (Houston)

+1 512 289 2351 (cell)

---

**From:** Arbuckle, Melinda <marbuckle@eeoc.net>
**Sent:** Wednesday, February 2, 2022 6:04 PM
**To:** Brown, Amanda E. <aebrown@reedsmith.com>
**Cc:** Matthew Herrington <matthew.herrington@dcbflegal.com>; McKeeby, Paulo B. <PMcKeeby@reedsmith.com>
**Subject:** Re: Harrison discovery requests to Tyler

EXTERNAL E-MAIL - From marbuckle@eeoc.net

Good evening counsel:

As we approach the dispositive motion deadline, it's my normal practice to discuss whether the parties are agreeable with entering into a cross-motion summary judgment briefing schedule. Basically, under this proposal the parties each file two briefs instead of three and there's no need for any simultaneous filing. We typically agree that no pages or time will be lost, but that the cross-motions will just proceed in a more orderly fashion.

For instance, in this case, right now both parties are preparing to file a motion for summary judgment on February 10, 2022, each 30 pages in length. Then, on March 3, 2022, both parties will simultaneously file a response, each 30 pages in length, then on March 10, 2022, both parties will simultaneously file a reply, each 10 pages in length. This creates some inefficiencies and a perceived advantage in waiting to file until the last minute of the day to get avoid the opposing party getting a "sneak peek" of a filing.

Instead, we would request the court adopt a summary judgment briefing schedule where the defendant files its motion for summary judgment on the current deadline - February 10, 2022 (30 pages). Thereafter, plaintiff will file her cross-motion for summary judgment and response in opposition to defendant's motion for summary judgment on March 3, 2022 (50 pages). Next, the defendant files its response in opposition to the plaintiff's cross-motion and its reply in support of its own motion for summary judgment on March 24, 2022. (40 pages). Finally, plaintiff files a reply in support of her motion for summary judgment on March 31, 2022. (20 pages). Obviously there's some flexibility in the distribution of pages, etc. I'm attaching an example of where a court something similar in another case FLSA case in the Southern District of Texas.

In this way, the parties are better equipped to make actual substantive responses without indulging in gamesmanship in the cross-motion proceedings. It also takes at least one filing deadline off everyone's plate. I've had good experiences with this procedure, so I thought I'd throw it out there. Long email, but hopefully helpful. Let me know if you have any further questions or if you'd like to agree to such a schedule.

Thanks,

Melinda Arbuckle
Partner
**Shellist | Lazarz | Slobin LLP**
11 Greenway Plaza | Suite 1515 | Houston, Texas 77046
Tel: 713.621.2277 | Fax: 713.621.0993

marbuckle@eeoc.net | www.eeoc.net



* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

# EXHIBIT A-9

**Stanbery, Rhonda L.**

| | |
|---|---|
| **From:** | Brown, Amanda E. |
| **Sent:** | Thursday, March 3, 2022 2:59 PM |
| **To:** | Matthew Herrington; Arbuckle, Melinda |
| **Cc:** | McKeeby, Paulo B. |
| **Subject:** | RE: Harrison/Tyler - Protective Order |

Hi Matthew:  I am not sure I follow your comments.  Would you be able to redline the draft or send us a proposed protective order to review?

Thanks,

**Amanda E. Brown**
aebrown@reedsmith.com
+1 469 680 4232 (Dallas)
+1 713 469 3822 (Houston)
+1 512 289 2351 (cell)

**From:** Matthew Herrington <matthew.herrington@dcbflegal.com>
**Sent:** Friday, February 25, 2022 10:10 AM
**To:** Brown, Amanda E. <aebrown@reedsmith.com>; Arbuckle, Melinda <marbuckle@eeoc.net>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>
**Subject:** Re: Harrison/Tyler - Protective Order

EXTERNAL E-MAIL - From matthew.herrington@dcbflegal.com

Amanda,

This is entirely unacceptable. We will not agree to anything remotely as broad as this. You will need to designate, in advance, specific types or categories of documents that you believe contain trade secrets or other properly confidential information (not private identifying information, which is what the redaction rules are for). You can do this easily as we have already served our documents requests on you. As for the post-litigation destruction of evidence, that is a non-starter.

MW

**From:** Brown, Amanda E. <aebrown@reedsmith.com>
**Date:** Thursday, February 24, 2022 at 9:06 PM
**To:** Arbuckle, Melinda <marbuckle@eeoc.net>, Matthew Herrington <matthew.herrington@dcbflegal.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>
**Subject:** Harrison/Tyler - Protective Order

Matthew and Melinda:

Please advise as to whether Plaintiff is agreeable to the attached draft agreed protective order.

Thanks,

**Amanda E. Brown**
aebrown@reedsmith.com
+1 469 680 4232 (Dallas)
+1 713 469 3822 (Houston)
+1 512 289 2351 (cell)

**Reed Smith LLP**
2850 N. Harwood Street
Suite 1500
Dallas, TX 75201
T: +1 469 680 4200
F: +1 469 680 4299

811 Main Street
Suite 1700
Houston, TX 77002
T: +1 713 469 3800
F: +1 713 469 3899

**www.reedsmith.com**

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

# EXHIBIT A-10

## Stanbery, Rhonda L.

| | |
|---|---|
| **From:** | Rhea, Shikendra B. |
| **Sent:** | Friday, March 4, 2022 3:29 PM |
| **To:** | charlesbridgers@dcbflegal.com; matthew.herrington@dcbflegal.com; marbuckle@eeoc.net |
| **Cc:** | Brown, Amanda E.; Stanbery, Rhonda L. |
| **Subject:** | Talia N. Harrison v. Tyler Technologies, Inc.; No. 4:21-cv-00607-ALM (Supplemental Document Production) |
| **Attachments:** | TYLER_000305_JIRAIssues_TaliaHarrison.csv; 2022.03.04 - Letter to OC Fwd'ing Supplemental Document Production - TYLER_000305-000306(NATIVES).pdf; TYLER_000306_Case List Talia Harrison.xlsx |

**SENT ON BEHALF OF AMANA E. BROWN**

Counsel,

Attached please find correspondence and documents related to Defendant's Supplemental Document Production (TYLER_000305-000306(NATIVES))  in the above-referenced matter.

Thank you,

Shikendra Rhea


**Shikendra Rhea** | Paralegal
Reed Smith LLP | 2850 N. Harwood Street | Suite 1500 | Dallas, TX  75201
Cell: 832-723-6184 Tel: 469.680.4261 | srhea@reedsmith.com

# EXHIBIT A-11

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **TALIA N. HARRISON,** | |
| **Plaintiff,** | |
| **vs.** | Civil Action No. 4:21-cv-607-ALM |
| **TYLER TECHNOLOGIES, INC.,** | |
| **Defendant.** | |

---

**PLAINTIFF'S SECOND CONTINUING REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

---

Plaintiff Talia Harrison, by and through the undersigned counsel and pursuant to Fed. R. Civ. P.

34, requests that Tyler Technologies, Inc. produce for inspection and copying within the time

allowed under the Federal Rules of Civil Procedure, the following Documents

**Introduction**

1.     If privilege (including work product) is claimed as to any Document otherwise covered

       by this request for production, Plaintiff requests that Defendant provide sufficient

       information for the Court to determine the validity of that claim including the specific

       privilege claimed, the author, recipient, date and general substance of that Document.

2.     This request for production seeks inspection and copying of Documents in the possession

       of Defendant, including originals, drafts or Documents with handwritten notations, unless

       otherwise specifically stated.

3.     If Defendant seeks a protective Order or Confidentiality Order before responding, please

       notify undersigned counsel as soon as possible and then provide undersigned counsel

       with a draft prior to the due date of the responses.

4.     Each of the following requests is continuing in nature so as to require You to file

supplemental responses in accordance with Fed. R. Civ. P. 26(e).

5.     All responsive Document(s) must be produced in the manner and form in which they are

normally kept by Defendant in the course of conducting business and should be marked

or otherwise organized so as to be easily ascertainable by number which of the following

requests the Document(s) are being produced in response to.

6.     If any Document(s) request to be produced was, but is no longer, in existence, state

whether it is:

7.     Missing or lost;

8.     Destroyed;

9.     Transferred voluntarily or involuntarily to others, and if so, to whom; or

10.    Otherwise disposed of, and in each instance, explain the circumstance surrounding an

authorization for such disposition, and state the approximate date thereof.

**Definitions**

1.     The term **Plaintiff** means Talia N. Harrison, and includes Plaintiff's agents,

representatives or attorneys.

2.     The term **Company or You or Your** means Tyler Technologies, Inc., and includes its

agents, representatives and attorneys.

3.     The term **Relevant Time Period** means each workweek from the pay period ending on

August 3, 2018 through the pay period ending on or after June 17, 2021.

4.     The term **Answer** refers to Your Answer filed in this case, including any counterclaims

asserted therein and any amendments thereto.

5.    The term **Document or Documents** means any written, recorded, filmed or graphic matter, whether produced or reproduced in paper, cards, tapes, film, electronic facsimile, computer storage device, or other media, including but not limited to, memoranda, notes, minutes, records, photographs, electronic mails ("e-mails"), correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations, work papers, also including but not limited to originals and all copies which are different in any form from the original, whether by interlineations, receipt stamp, notations, indications of copies sent or received, or otherwise, and any other tangible compilation of information which can be obtained or translated, if necessary.

6.    The terms **Communication** or **Communicate** means any transmission of thoughts, opinions, or information by speech, writing, or sign.

7.    The term **Person** means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

8.    Use of feminine pronouns shall be deemed to include the masculine and neuter and use of masculine pronouns shall be deemed to include the feminine and neuter.

9.    Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

**Electronic Document Definitions**

1.    **Documents** or records that reside in the form of electronic files are to be produced as electronic files rather than on paper and are included in the definition of **Documents**.

2.    **Documents** that reside both in electronic form and on paper, but where a paper version has been signed or otherwise annotated by hand, is to be produced electronically and, in addition, each separately signed or hand annotated version should also be produced.

3.    E-mail correspondence from commercially available e-mail systems including, without limitation, Microsoft Outlook, Groupwise, and Lotus Notes, is to be produced in native format (e.g., *.pst files for Microsoft Outlook). Production is to be organized in folders and sub-folders that are labeled so as to clearly identify the user mailbox where the e-mail messages were produced from.

4.    Microsoft Word and Excel files are to be produced in native format as *.doc, *.docx, or *.docm *.xls, *.xlsx, *.xlsm files. Production is to be organized so as to clearly identify the user personal computer where the files were produced from or, if produced from a server, the server path and filename where the files were produced from.

5.    WordPerfect files are to be produced in native format.

6.    The following graphics files are to be produced in native format: *.jpg, *.pcx, *.bmp, *.tif, *.tga, *.fpx, *.psd, *.pdf.

7.    Electronic files that reside in file formats other than those specified in sub-paragraphs 3 through 6 above are to be rendered into readable Adobe Acrobat (*.pdf) format and produced in such format.

8.    Electronic files are to be produced in a manner so as to preserve all meta-data associated with such files. Notice is hereby given that any attempt to alter or modify such files in connection with production thereof through the use of meta-data scrubber software or similar means will be considered as intentional spoliation of evidence.

9.    Recorded voice mails are to be produced as individual *.wav files.

10.     Unless otherwise agreed by counsel following request initiated by counsel for defendant before the date of response called for herein, electronic files are to be produced on either read-only CD-ROM or DVD media.

**Interrogatories**

1.      Produce all JIRA tickets (including any notes or similar data attached to all JIRA tickets) created by any Tyler employee for all projects/implementations to which Plaintiff was assigned during the Relevant Time Period.

Dated: March 5, 2022

SHELLIST LAZARZ SLOBIN LLP

11 Greenway Plaza                            Melinda Arbuckle
Suite 1515                                   Texas Bar No. 24080773
Houston, Texas 77046
Tel: 713.621.2277
Fax: 713.621.0993
marbuckle@eeoc.net

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

_s/ Matthew W. Herrington_
101 Marietta Street                          Mitchell D. Benjamin (_pro hac vice_)
Suite 2650                                   Ga. Bar No. 049888
Atlanta, Georgia 30303                       Matthew W. Herrington (_pro hac vice_)
(404) 979-3150                               Georgia Bar No. 275411
(404) 979-3170 (f)
benjamin@dcbflegal.com
matthew.herrington@dcbflegal.com

Counsel for Plaintiff