IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **TALIA N. HARRISON,** | |
| **Plaintiff,** | |
| **vs.** | Civil Action No. 4:21-cv-607-ALM |
| **TYLER TECHNOLOGIES, INC.,** | |
| **Defendant.** | |

---

## MOTION TO COMPEL

Plaintiff Talia N. Harrison, through the undersigned counsel, hereby moves to compel written discovery responses and production of documents from Defendant Tyler Technologies, Inc., showing the Court as follows:

### 1.   SUMMARY

This motion requests that the Court compel Defendants to produce two categories of documents and one category of information:

(1)   Emails sent to and from Plaintiff's work email account during the time period covered by this FLSA action.

(2)   JIRA tickets, which contain notes on all the discrete actions that Plaintiff performed in her role as a project manager on individual projects to which she was assigned, which include notes about how much time she spent on specific tasks, communications she had with co-workers about the progress of each project, and other similar information.

(3)   The identities (names, address, phone numbers, email addresses) of other employees who worked in Defendant Tyler's ExecuTime division, where Plaintiff work.

Plaintiff contends that Defendant's relevance, overbreadth, and undue burden objections to these requests are all legally insufficient "boilerplate" or "Rambo" objections that were not sufficient to even sustain the objections. The analysis should end there. But even if the Court did not compel responses and production on that basis alone, it should do so because the objections raised are insufficiently supported, and in fact, meritless.

## 2.   BACKGROUND

This is an FLSA overtime action brought by a former employee of Defendant Tyler Technologies who worked in two positions during two different time periods: "project manager" and "implementation analyst." Defendant contends that in her position as a project manager, Plaintiff was exempt from the FLSA's overtime requirements under both the executive and administrative exemptions, and that she was exempt in her position as an implementation consultant under the administrative exemption only.

This is the final day of discovery, and despite several rounds of conferral, including by telephone, the parties have been unable to reach an agreement on several discovery requests propounded by Plaintiff to Defendant. Those requests and objections/responses are as follows:

**Interrogatory No. 8**:

> **Request**: Identify all ExecuTime implementation consultants, project managers, and implementation analysts who worked for the Company during the Relevant Time Period.
>
> **Answer**: Tyler objects to this Interrogatory on the grounds that it requests information not reasonably related to the parties' claims or defenses in this case (for example, Plaintiff never worked as an implementation consultant) and that there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure.

**Request For Production No. 6**:

    **Request**: Produce all emails sent to and received by Plaintiff's Company email account(s) during the Relevant Time Period.

    **Response**: Tyler objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably related to any claim or defense in the lawsuit. Plaintiff regularly communicated with her supervisors and with other employees at Tyler regarding day-to-day work matters and such email communications have no relevance to the parties' claims or defenses in the lawsuit. Subject to but without waiving the foregoing objections, Tyler has already produced emails relating to Plaintiff's job duties. If Plaintiff can identify a particular category or categories of emails she seeks, Tyler would assess the breadth, burden and relevance associated with such request.

**Request For Production No. 1** (from Plaintiff's *Second* Requests for Production):

    **Request**: Produce all JIRA tickets (including any notes or similar data attached to all JIRA tickets) created by any Tyler employee for all projects/implementations to which Plaintiff was assigned during the Relevant Time Period.

    **Response**: Tyler objects to this request as overbroad, unduly burdensome and as not proportional to the needs of the case as it seeks not just the JIRA tickets, but also all notes and similar data attached to JIRA tickets, and also seeks JIRA tickets that were not created by Plaintiff. Subject to the foregoing objections and without waiving the same, Tyler directs Plaintiff to Tyler_000305 produced on March 4, 2022, which includes all of the JIRA tickets created by Plaintiff during her employment.

Plaintiff served a conferral letter on Defendant noting among other things that:

- "every one of Tyler's objections due to overbreadth and undue burden are mere boilerplate. Each improper objection must be withdrawn and the response cured. Any objections maintained must specify exactly why the information or documents requested could not be produced on the basis of undue burden, what efforts have been undertaken to identify the requested documents, and propose a remedy for the overbreadth, along with production of those documents or information that can reasonably be produced."

- "As to Request for Production No. 1 (in Plaintiff's Second Continuing Requests for Production) . . . JIRA tickets—regardless of which employee actually created them—are the best source of information as to specific tasks on which Plaintiff worked, and are essential to showing what the actual scope of Plaintiff's duties was. The documents (305 and 306) produced by Tyler on March 4, 2022, and insufficient and not responsive to this request because they do not include (1) JIRA tickets created by other employees for projects on which Plaintiff was assigned, and (2) do not show the details of individual actions undertaken by employees under each ticket. Those additional details will contain notes of Plaintiff's time worked on specific tasks, descriptions of individual actions performed, correspondence to and from Plaintiff that is not captured in her emails, and other relevant matters. The requested documents must be produced."

- "As to Interrogatory No. 8, Tyler's objection is meritless, and, of course, mere boilerplate. Implementation consultants are well acquainted with the duties of project managers and they are all prospective witnesses that Plaintiff may call at trial. Additionally, Defendant has failed to identify the other employees requested. All identifying information must be provided."

In subsequent communications, by email and telephone, counsel discussed these requests and objections and attempted to reach a compromise, but were unsuccessful. To date, Defendants have served amended discovery responses but these three issues remain unresolved.

With respect to **Interrogatory No. 8**. Defendants have produced the names of all the requested employees except for implementation consultants, who worked side-by-side (remotely) with ExecuTime project managers like Plaintiff. But no contact information for any of these witnesses have been produced, and the very names of the implementation consultants continue to be withheld.

With respect to **Request for Production No. 6**, Defendant has now produced some of the information contained in the JIRA tickets that Plaintiff herself created, but nothing from the JIRA tickets that Plaintiff contributed to but did not create. Moreover, the information withheld completely—the notes included in the JIRA tickets is precisely the information that Plaintiff most needs to obtain, because it is that information that provides granular detail of the specific tasks that made up Plaintiff' workday, and shows the actual scope of her *regular* duties. Defendant claims now (untimely), that production of the notes from JIRA tickets would be an undue burden because they would have to be pulled manually from each case. Plaintiff disputes this and claims that each case has a "print all" function that would easily create a PDF for each case. Plaintiff invited Defendant to produce screenshots demonstrating that this could not be done, but has received no response. Plaintiff alternatively suggested either (1) that Defendant produce JIRA tickets for 5 specific projects, with Defendant agreeing that those projects are representative of her duties, or (2) that Defendant suggest some alternative methodology for producing a fair sampling of complete JIRA tickets. No such methodology has been proposed.

With respect to **Request for Production No. 1**, Defendant has merely produced a handful of emails (it is not clear what requests they are responsive to), but has refused to produce an archive of Plaintiff's work emails as requested. Plaintiff's counsel has explained that the undue burden argument is meritless because *he created such an archive for production in another similar case against Tyler*, and the process takes only a few minutes of actual work, at most.

3.   ARGUMENT

a.   **Scope of discovery**

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Relevance, for the purposes of Rule 26(b)(1), is when the request is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1); *Crosby v. La. Health & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). It is well established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

b.   **Objections to Discovery, Burdens**

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the

burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

The federal rules follow a proportionality standard for discovery. Fed. R. Civ. P. 26(b)(1). Under this requirement, the burden falls on both parties and the court to consider the proportionality of all discovery in resolving discovery disputes. Fed. R. Civ. P. 26(b)(1), advisory committee note (2015). This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue. *Id.* For example, a party requesting discovery may have little information about the burden or expense of responding. *Id.* "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information— with respect to that part of the determination." *Id.*

Federal Rule of Civil Procedure 34 governs requests for production of documents, electronically stored information, and tangible things. Rule 34 requires responses to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). In order to satisfy its burden, a party objecting to discovery "must make a specific, detailed showing of how a request is burdensome [or overbroad]." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (citing *Alexander v. FBI*, 192 F.R.D. 50, 53 (D.D.C. 2000)). To that end, "[a] mere statement by a party that a request is 'overly broad and unduly burdensome' is not adequate to voice a successful objection." *Id.* (citing *St. Paul Reinsurance Co. v. Commercial Financial Corp.*, 198 F.R.D. 508, 511-12 (N.D. La. 2000)). Summary objections are rejected because "[b]road-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an

interrogatory or document request." *Id.* (citing *Harding v. Dana Transport Inc.*, 914 F. Supp. 1084, 1102 (D.N.J. 1996)).

General, boilerplate, and unsupported objections to discovery requests that fail to state their grounds with specificity are improper and result in waiver of those objections. *See* Fed. R. Civ. P. 26(b)(1), advisory committee note (2015) (Rule 26 does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that is not proportional"); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (finding boilerplate objections that interrogatories were "overly broad, burdensome, and oppressive" were "not adequate to voice a successful objection" and thus not valid); *Star Creek Ctr., LLC v. Seneca Ins. Co., Inc.*, No. 4:17-CV-00607, 2018 U.S. Dist. LEXIS 68039, 2018 WL 1934084, at *3 (E.D. Tex. Apr. 23, 2018) (holding plaintiff "waived several objections by making boilerplate . . . objections"); *Heller v. City of Dallas*, 303 F.R.D. 466, 483-84 (N.D. Tex. 2014) ("So-called boilerplate or unsupported objections . . . are likewise improper and ineffective and may [amount to] what the Fifth Circuit has described as . . . Rambo tactics . . . ."); *Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 159, 164-66 (S.D. Tex. 2009) (finding that boilerplate objections fail "to meet the specificity requirements" of Rule 34 or Rule 26). Objections that are untimely or lack specificity are "waived unless the court, for good cause, excepts the failure." FED. R. CIV. P. 33(b)(4); *see Enron Corp. Sav. Plan*, 258 F.R.D. at 153, n.1 (applying Rule 33 requirements to both interrogatory and document request objections); *see also Grant v. Crst Expedited*, No. 1:18-CV-433, 2021 U.S. Dist. LEXIS 100014, at *7-8 (E.D. Tex. Feb. 19, 2021) (same).

    c.      **Analysis**

The analysis here is quite simple. As to the identities of Plaintiff's co-workers—including implementation consultants—this information is *obviously* relevant; nothing could be more relevant in a case about the nature of Plaintiff's duties, including the question of her role in "supervising" implementation consultants. Defendant must be required to identify all implementation consultants, and to provide contact information for all project managers and implementation consultants alike.

Plaintiff's objections on the basis of overbreadth and undue burden are *wholly unsupported*. They were all mere "boilerplate" or "Rambo" objections that are legally insufficient to even sustain the objections and should thus be disregarded entirely. And even after Plaintiff conferred with Defendant, pointing out that it had not explained how the requests would pose an undue burden, it has never explained how Plaintiff's work emails would actually do so. Defendant must be required to produce the requested emails, and not merely the handful of cherry-picked emails that it has produced to date.

Defendant belatedly attempts to provide information about the burden that production of JIRA tickets would create (i.e., having to manually pull notes out of thousands of JIRA tickets) but still fails to state how long that would actually take, whether the "print all" to pdf function that Plaintiff identified is a possibility, or to suggest any other workable methodology for producing a fair sampling of JIRA tickets (that would not allow Defendant to cherry-pick its favorites). Plaintiff is willing to compromise—even though the boilerplate objections are invalid—but she *must* have access to *full* JIRA tickets that are a fair sampling of the projects she worked on. In the absence of that, Plaintiff can only request that they *all* be produced in their entirety. Plaintiff is entitled to discovery of this essential evidence that will show that

Defendant's allegations in support of their exemption defenses have no basis in reality, as well as possibly Plaintiff's *actual* hours worked and the proportion of her work time spent on purportedly "exempt" duties. Defendant must be required to produce the requested JIRA tickets with all accompanying notes.

**4.    CONCLUSION**

For the foregoing reasons, Plaintiff requests that the Court enter an order compelling Defendant to fully respond to each of the above-enumerated discovery requests.

Respectfully submitted,

**SHELLIST LAZARZ SLOBIN LLP**

*s/ Melinda Arbuckle*
Melinda Arbuckle
Texas Bar No. 24080773
11 Greenway Plaza
Suite 1515
Houston, Texas 77046
Tel: 713.621.2277
Fax: 713.621.0993
marbuckle@eeoc.net

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

*s/Matthew W. Herrington*
Charles R. Bridgers (admitted *pro hac vice*)
Georgia Bar No. 080791
Matthew W. Herrington (admitted *pro hac vice*)
Georgia Bar No. 275411
101 Marietta Street NW
Suite 2650
Atlanta, Georgia 30303
(404) 979-3171
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

Counsel for Plaintiff

## **CERTIFICATE OF CONFERENCE**

Counsel for Plaintiff conferred with counsel for Defendant regarding the relief requested in this Motion on April 20, 2022 by telephone, and in written communications on several other dates.

*s/Melinda Arbuckle*
Melinda Arbuckle

## **CERTIFICATE OF SERVICE**

On April 28, 2022, I filed the foregoing document with the Clerk of Court for the Eastern District of Texas using the CM/ECF method of the Court. I certify that I have served all counsel of record electronically thereby.

*s/ Melinda Arbuckle*
Melinda Arbuckle