PLAINTIFF'S EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TALIA N. HARRISON, | : |
| | : |
| Plaintiff, | : |
| | : |
| | : No. 4:21-cv-00607-ALM |
| vs. | : |
| | : |
| TYLER TECHNOLOGIES, INC., | : |
| | : |
| Defendant. | : |

**DEFENDANT'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S
FIRST CONTINUING INTERROGATORIES**

TO:    Plaintiff, by and through her attorneys of record, Charles R. Bridgers and Matthew W. Herrington, Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC, 3100 Centennial Tower, 101 Marietta Street, Atlanta, GA 30303; Melinda Arbuckle, Shellist Lazarz Slobin LLP, 11 Greenway Plaza, Ste. 1515, Houston, Texas 77046.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Tyler Technologies, Inc. ("Defendant" or "Tyler") serves the following Objections and Answers to Plaintiff Talia N. Harrison's ("Plaintiff") First Continuing Interrogatories as follows:

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1**: Identify each specific exemption to the FLSA's maximum hour provisions that you contend were applicable to Plaintiff during the Relevant Time Period. Describe in detail the factual basis for such contentions, and Identify all Documents that You contend evidence or support that contention.

**ANSWER**:

> Tyler objects to this Interrogatory as overly broad in its request to identify each and every fact and/or document that might support Plaintiff's exempt classification under the Fair Labor Standards Act ("FLSA"). Subject to but without waiving the foregoing objections, Tyler responds as follows. Plaintiff's role as a senior project manager was classified as exempt under the administrative and executive exemptions. Plaintiff's role as an implementation analyst was classified as exempt under the administrative exemption. Defendant refers Plaintiff to Defendant's Motion for Summary Judgment filed on February 10, 2022 and Exhibits 1-3 to Defendant's Motion for Summary Judgment.

**INTERROGATORY NO. 2**: During the Relevant Time Period and for each workweek therein:
- A. State the beginning and ending day of each seven-day period, if any, the Company contends should be used as the applicable "workweek" (within the meaning of 29 CFR § 778.105) in this action;
- B. State the actual number of hours that You contend Plaintiff worked during each workweek;[1] and
- C. State the total compensation (cash and non-cash benefits), including bonuses, You contend that Plaintiff received for each workweek.

**ANSWER**:

> Tyler objects to this Interrogatory to the extent it seeks information about divisions or departments other than that in which Plaintiff worked during her employment. Tyler further objects to this Interrogatory on the grounds that it seeks irrelevant information not related to the parties' claims or defenses in its request for a valuation of employee benefits which Plaintiff may have received during her employment with Tyler. Subject to but without waiving the foregoing objections, Tyler responds as follows:
>
> A. The ERP division in which Plaintiff worked did not have a formal "workweek" but, in general, for payroll and scheduling purposes, employees were expected to be at work Monday through Friday;

---

[1] This Interrogatory seeks information as to the actual number of hours worked, not necessarily a recitation of what Your records indicate that Plaintiff worked, if that amount differs from the information contained in Your records.

**Defendant's Objections and Answers to Plaintiff's First Interrogatories – Page 2**

US_ACTIVE-165003288.2

    B. Tyler does not "contend" that Plaintiff worked a particular number of hours during particular work weeks and, as such, is not able to provide an answer to subpart B of this Interrogatory. Tyler believes that the hours that Plaintiff worked during particular work weeks are reflected in the time records that Plaintiff entered as to her weekly hours worked and that are reflected in payroll and other documents produced in this case;

    C. Tyler is not able to fully answer subpart C of this Interrogatory because it does not necessarily place a particular "value" on particular employee benefits. Plaintiff's "total compensation" can be identified through payroll records already produced in this case.

**INTERROGATORY NO. 3**: Identify each Person that You contend has knowledge of Plaintiff's actual hours worked during the Relevant Time Period and Identify all Documents that You contend evidence Plaintiff's actual hours worked in each workweek.

**ANSWER**:

Tyler believes that Plaintiff has knowledge of the hours she worked during the relevant time period and that such hours are accurately reflected in her time records produced by the parties in this case. Tyler also refers Plaintiff to Tyler's Amended Initial Disclosures for the identity of additional individuals who may have knowledge of the hours Plaintiff worked.

**INTERROGATORY NO. 4**: Enumerate and describe with specificity what You contend were Plaintiff's primary job duties during the Relevant Time Period, and for each such primary job duty, state whether or not You contend that it is possible to determine the percentage of Plaintiff's typical workweek that each such primary duty occupied, and, if so, State the percentage of Plaintiff's typical workweek that You contend each such primary duty occupied.

**ANSWER**:

Tyler refers Plaintiff to Defendant's Motion for Summary Judgment, including Exs. 1-3 to Defendant's Motion for Summary Judgment, as well as to Plaintiff's job descriptions and other documents related to the performance of Plaintiff's job duties already produced in this litigation.

**INTERROGATORY NO. 5**: If You contend that You acted in "good faith" with respect to Plaintiff's compensation (within the meaning of 29 U.S.C. §§ 259 or 260) or did not "willful[ly]" violate the FLSA (within the meaning of 29 U.S.C. § 255), Describe in detail all efforts you made to investigate Your FLSA overtime obligations to implementation consultants, or other individuals who performed substantially similar duties, prior to the end of the Relevant Time Period, and Identify all Documents evidencing those investigations.

**ANSWER**:

>Tyler objects to this Interrogatory on the grounds that it is vague and ambiguous as to the term "investigate."  Tyler further objects to this Interrogatory as seeking irrelevant information as Plaintiff did not work as an implementation consultant, but as a senior project manager and as an implementation analyst, which have distinct job duties.  Subject to the foregoing and without waiving the same, Tyler's "good faith" and lack of "willfulness" as to Plaintiff's exempt classification is supported by, 1.) the fact that Plaintiff was classified as exempt by her previous employer which Tyler acquired in June of 2016; 2.) the fact that other similarly-situated employees are classified as exempt in the industry; and 3.) the fact that Plaintiff's job duties demonstrate that she qualified as an exempt administrative and executive employee under the FLSA.

**INTERROGATORY NO. 6**: If You contend that You acted in "good faith" with respect to Plaintiff's compensation (within the meaning of 29 U.S.C. §§ 259 or 260) or did not "willful[ly]" violate the FLSA (within the meaning of 29 U.S.C. § 255), Identify every Person from whom you received advice (including but not limited to legal advice), prior to the end of the Relevant Time Period, regarding the Company's potential FLSA overtime obligations to implementation consultants or other individuals who performed substantially similar duties; describe the substance of the advice; state when the advice was given; Describe in detail the circumstances under which the advice was given; and Identify any Documents reflecting or relating to the advice.

**ANSWER**:

>Tyler objects to this Interrogatory as seeking irrelevant information as Plaintiff did not work as an implementation consultant, but as a senior project manager and as an implementation analyst, which have distinct job duties.  Subject to the foregoing and without waiving the same, ==Tyler's contention that it acted in "good faith" is not based on legal advice from outside counsel.==

**INTERROGATORY NO. 7**: If You have taken any written (whether sworn or otherwise) or otherwise recorded statements (whether recorded by analog or digital means) from any Person regarding matters at issue in this litigation, please Identify each Person from whom a statement was taken and Describe fully the substance of each statement.

**ANSWER**:

>Tyler deposed Plaintiff on January 20, 2022 and February 2, 2022.  Tyler refers Plaintiff to her deposition transcripts for the substance of her statements.

**INTERROGATORY NO. 8**: Identify all ExecuTime implementation consultants, project managers, and implementation analysts who worked for the Company during the Relevant Time Period.

**ANSWER**:

>Tyler objects to this Interrogatory on the grounds that it requests information not reasonably related to the parties' claims or defenses in this case (for example, Plaintiff never worked as an implementation consultant) and that there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 9**: If you contend that Plaintiff has misrepresented, distorted, exaggerated, falsified or been untruthful in communicating any statement (1) to any employee or agent of the Company during the course of her work for the Company, or (2) to anyone concerning Plaintiff's work for the Company, either prior to, during, or following the Relevant Time Period, or (3) to anyone if you contend such alleged misrepresentation, distortion, exaggeration, falsification or untruth may constitute or lead to the discovery of evidence admissible for impeachment, please describe in full detail the alleged misrepresentation(s), distortion(s), exaggeration(s), falsification(s) or untruth(s), including a description of the subject matter; the date(s) of any communication(s) by Plaintiff; the Identities of all Persons who have personal knowledge of any such alleged misrepresentation(s), distortion(s), exaggeration(s), falsification(s) or untruth(s)by Plaintiff; and the location and custodian of any and all Documents that evidence any such alleged misrepresentation(s), distortion(s), exaggeration(s), falsification(s) or untruth(s) by Plaintiff.

**ANSWER**:

>Tyler objects to this Interrogatory on the grounds that it requests information not reasonably related to the parties' claims or defenses in this case and that it is overly broad, and vague and ambiguous, in its request to identify each and every statement from Plaintiff, either during her employment or otherwise, that might not be accurate or would qualify as a "exaggeration" or "distortion" or that otherwise might be responsive to this Interrogatory.  Subject to the foregoing and without waiving the same, Defendant may use Plaintiff's deposition testimony at trial for purposes of impeachment.

**INTERROGATORY NO. 10**: Identify all previous litigation and arbitrations in which current or former employees of Tyler Technologies have asserted claims arising under the Fair Labor Standards Act or state wage and hour laws. As to each such instance of litigation or arbitration, Identify the forum, case number, parties, and resolution, and Identify any judgments, judicial orders, or arbitrator's opinions issued.

**ANSWER**:

>Tyler objects to this Interrogatory on the grounds that it requests information not reasonably related to the parties' claims or defenses in this case and that there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure.  Subject to the foregoing and without waiving the same, any such litigation is publicly available and there are no such arbitrations.

**Defendant's Objections and Answers to Plaintiff's First Interrogatories – Page 5**

**INTERROGATORY NO. 11**: Identify all settlement agreements that the Company has entered into involving claims under the Fair Labor Standards Act or state wage and hour laws. As to each such settlement, Identify all parties involved and Identify all Documents memorializing such settlement agreements.

**ANSWER**:

> Tyler objects to this Interrogatory on the grounds that it requests information not reasonably related to the parties' claims or defenses in this case and that there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure. Tyler further objects to this Interrogatory on the grounds that it is overly broad in that many or all of Tyler's releases with its employees included language reflecting release of claims related to employee compensation. Tyler further objects to this Interrogatory on the grounds that such releases, in most cases, were executed with the mutual understanding of Tyler and the employee that such documents would remain private and confidential.

**INTERROGATORY NO. 12**: If You contend that Plaintiff's primary duties included the exercise of discretion and independent judgment with respect to matters of significance within the meaning of 29 CFR § 541.202(b), then Identify each such primary duty and Identify all Documents that You contend memorialize specific instances in which such duties were performed.

**ANSWER**:

> Tyler objects to this Interrogatory as overly broad in its request to identify each and every fact and/or document that might support Plaintiff's exempt classification under the FLSA. Subject to but without waiving the foregoing objections, Tyler refers Plaintiff to Defendant's Motion for Summary Judgment filed on February 10, 2022 and Exhibits 1-3 to Defendant's Motion for Summary Judgment.

**INTERROGATORY NO. 13**: If You contend that Plaintiff's primary duties included the performance of work directly related to the management or general business operations of the employer's customers within the meaning of 29 CFR § 541.201(b), then Identify each such primary duty and Identify all Documents that You contend memorialize specific instances in which such duties were performed.

**ANSWER**:

> Tyler objects to this Interrogatory as overly broad in its request to identify each and every fact and/or document that might support Plaintiff's exempt classification under the Fair Labor Standards Act ("FLSA"). Subject to but without waiving the foregoing objections, Tyler refers Plaintiff to Defendant's Motion for Summary Judgment filed on February 10, 2022 and Exhibits 1-3 to Defendant's Motion for Summary Judgment.

| | |
|---|---|
| Dated: February 28, 2022 | */s/ Amanda E. Brown*<br>Paulo B. McKeeby<br>TX State Bar No. 00784571<br>pmckeeby@reedsmith.com<br>Amanda E. Brown<br>TX State Bar No. 24087839<br>aebrown@reedsmith.com<br>Reed Smith LLP<br>2850 N. Harwood St., Suite 1500<br>Dallas, TX 75201<br>Telephone: +1.469.680.4200<br>Facsimile: +1.469.680.4299<br><br>**ATTORNEYS FOR DEFENDANT** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 28, 2022, a true and correct copy of the above was served on the following counsel of record via electronic mail and U.S. mail:

| | |
|---|---|
| Charles R. Bridgers<br>Matthew W. Herrington<br>DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC<br>101 Marietta St.<br>Ste. 2650<br>Atlanta, GA 30303<br>charlesbridgers@dcbflegal.com<br>matthew.herrington@dcbflegal.com | Melinda Arbuckle<br>Shellist Lazarz Slobin LLP<br>11 Greenway Plaza<br>Suite 1515<br>Houston, TX 77046<br>marbuckle@eeoc.net |

*/s/ Amanda E. Brown*
Amanda E. Brown
