IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TALIA N. HARRISON, | : |
|     **Plaintiff,** | : |
| vs. | :    No. 4:21-cv-00607-ALM |
| TYLER TECHNOLOGIES, INC., | : |
|     **Defendant.** | : |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DECLARATION IN SUPPORT OF HER RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Talia N. Harrison's ("Plaintiff") response to Defendant Tyler Technologies, Inc.'s ("Tyler") motion for summary judgment, ECF No. 29, does not include a single cite to either of Plaintiff's two deposition transcripts. Instead, Plaintiff's response to Tyler's statement of material facts relies exclusively on an inadmissible seventy-four paragraph declaration from Plaintiff. Plaintiff's declaration should be struck for several reasons. It is replete with legal conclusions and conclusory statements that lack any factual basis, it is not based on Plaintiff's personal knowledge, and, perhaps most significantly, it directly contradicts Plaintiff's deposition testimony without explanation. As a result, Tyler respectfully requests that the Court strike Plaintiff's declaration and all factual assertions based on the declaration as set forth in Plaintiff's response to Tyler's motion for summary judgment.

**I.    BACKGROUND**

This is a wage and hour case in which Plaintiff alleges Tyler misclassified her as an exempt employee under the Fair Labor Standards Act ("FLSA") by failing to pay her overtime compensation. ECF No. 1. On February 10, 2022, Tyler filed its motion for summary judgment

on the grounds that Plaintiff's roles with Tyler qualified for the administrative and executive exemptions. ECF No. 14.

Plaintiff did not originally timely file a substantive response to Tyler's summary judgment motion, but rather asked the Court to compel Tyler to produce additional discovery and to extend the deadline to respond to Tyler's motion. *See* May 13, 2022 Minute Entry. The Court granted Plaintiff's request for additional time and required Tyler to identify certain Tyler employees and to produce Plaintiff's emails and Jira tickets Plaintiff created during her employment. After receiving the additional documentation, Plaintiff filed her response to Tyler's motion for summary judgment on September 7, 2022. ECF No. 29. In support of her response, Plaintiff attached a seventy four paragraph declaration, on which the factual background section solely relies. *Id.* at Ex. 3.[1]

## II. LEGAL STANDARD

"A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters asserted. *Id.* at 56(c)(4).

## III. PLAINTIFF'S DECLARATION IN SUPPORT OF HER RESPONSE TO TYLER'S MOTION FOR SUMMARY JUDGMENT IS INADMISSIBLE

Plaintiff's declaration is inadmissible for several reasons. Given the length of the declaration, and the number of factual assertions therein that are subject to this motion, Tyler has

---

[1] Notably, none of the discovery that Plaintiff allegedly needed to respond to Tyler's motion for summary judgment (and that resulted in an almost seven-month delay) is cited in Plaintiff's response to Tyler's motion for summary judgment.

prepared a chart that identifies its objections to the specific paragraphs of Plaintiff's declaration. *See* Exhibit A.[2]

### a. Conflicting Testimony Without Explanation

A plaintiff cannot "defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony." *SWS Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996). Throughout her declaration, Plaintiff makes statements that directly conflict with her deposition testimony without explanation. For example, in Paragraph 8 of her declaration, Plaintiff states that, while she was a Senior Project Manager, she "worked in Tyler's offices." Decl. at ¶ 8. During her deposition, Plaintiff testified that, for nine months (more than half of the relevant time period) while she was worked in the Senior Project Manager role, she hardly ever came to Tyler's offices and that she worked remotely during this time because she had moved out of state. *See* Pl. Dep. 17:18-18:4, 18:9-19:5.

Plaintiff's declaration equates her role as a Senior Project Manager to the Implementation Consultant employees who she supervised, and she claims that she performed the same job duties as an Implementation Consultant that she performed as a Senior Project Manager. Decl. at ¶¶ 72-73.[3] Yet, in Plaintiff's sworn deposition, she testified exhaustively regarding the different

---

[2] The relevant portions of Plaintiff's deposition transcript is attached as Exhibit B.

[3] Conveniently, when Plaintiff's counsel previously filed an FLSA suit against Tyler based on the Implementation Consultant role, he claimed that it was Project Managers, not the Implementation Consultants, who performed the major responsibilities associated with the software implementation process. *See Greene v. Tyler Technologies, Inc.*, No. 1:19-CV-01338-AT, ECF No. 69 at pp. 6, 7, 13 (N.D. Ga. May 6, 2020) ("In any implementation, the project objectives were communicated to Greene by the supervising project manager . . . Greene would notify the project manager so they could speak to the client . . . Greene did not make recommendations about needing to purchase additional training hours without speaking to a project manager first. . . . If they had difficulties with it, she then either explained what they were doing wrong, or if it appeared to be a software issue rather than a training issue, she informed her project manager who then made a decision about sending a ticket to the technical team").

responsibilities she had as a Senior Project Manager, which included training Implementation Consultants whose work she oversaw and supervised.  Pl. Dep. 20:5-24:4, 179:6-15.  The numerous unexplained inconsistencies between Plaintiff's declaration and her deposition testimony cannot be used to defeat Tyler's motion for summary judgment and should be struck.

Plaintiff also now claims that preparing the project plan involved only "omit[ing] certain steps in the implementation that corresponded to functionalities that had not been purchased by a given customer, and which were not required for the customer's existing payroll practices."  Pl. Decl. at ¶ 10.  However, Plaintiff testified extensively during her deposition as to what she did when preparing a project plan, including maintaining project budgets in the project plan to ensure the client did not exhaust its allotted implementation hours; populating tasks in the project plan to ensure a client was ready to go live; customizing the allocation of resources on the project plan depending on the resources available; and updating the project plan's implementation phases in the project plan depending on the client's status.  Pl. Dep. 107:5-108:17, 110:19-22, 113:14-20, 113:24-114:9, 115:11-116:8, 119:7-21.

Plaintiff also claims that her initial post-contract call with a client simply "conveyed information" and she "had no discretion how the implementation process would proceed."  Pl. Decl. at ¶ 13.  Again, Plaintiff contradicts her deposition testimony without explanation.  In her deposition, she testified that she would ask the client specific questions to clarify her understanding of the client's questionnaire or to learn any missing information that was needed to complete the pre-implementation documentation for the client.  Plaintiff also testified that she managed the project during the implementation.  Pl. Dep. 23:10-16, 29:19-30:16, 32:8-33:3.

Plaintiff also now claims that if an implementation was particularly complex, she would tell her manager and the manager would make the decision on whether to add buffer room to the

implementation schedule. Yet, at her deposition, Plaintiff testified that when dealing with a large client or complex implementation, she personally would go ahead and adjust an implementation schedule to give herself buffer room. Pl. Dep. 44:13-21.

The above statements in Plaintiff's declaration (as well as the others set forth in Exhibit A) should be struck due to Plaintiff directly contradicting her deposition testimony without explanation.

### b. Conclusory/Unsupported Factual Statement

Mere conclusory allegations are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Similarly, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

Throughout Plaintiff's declaration, she opines on other Tyler employee's job duties and why management made certain decisions without providing any basis for her opinion. *See, e.g.*, Decl. at ¶ 6 ("As an SPM, . . . I did typically handle far more implementations that [sic] regular PM's [sic] . . . This was not because of my SPM position, but because I had been working with ExecuTime software longer than anyone else and was far more familiar with it . . . ."); ¶ 32 ("I understand that Tyler alleges that I was responsible for 'ensuring the team was in sync; ensuring support tickets were resolved in a timely manner; and promoting a healthy team morale. This is true. It is also equally true for every other ExecuTime team member'); ¶ 35 ("I understand that Tyler alleges that I 'created knowledge transfer materials' . . . This is true. It is also true of approximately 30 other Tyler employees, including IC's and customer support personnel."). Plaintiff's statements lack foundation as to personal knowledge or other evidentiary support as she

does not explain how she has knowledge of other employees' job duties or why management may have made certain decisions. Such conclusory and speculative statements are inadmissible.

### c. Lack Personal Knowledge

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FED. R. EVID. 602. Plaintiff's declaration includes multiple instances where Plaintiff fails to establish that she has personal knowledge of her factual assertions. For example, in Paragraph 38 of her declaration, Plaintiff states that the feedback she provided to management after interviewing candidates "was no greater than that of any other team member below the level of IM." Decl. at ¶ 8. Plaintiff does not explain how she has personal knowledge of the weight her feedback was given. Nor does she state that management told her that her feedback was treated equally or that she discussed the feedback she provided with any other team member. As a result, this statement, as well as other assertions wherein Plaintiff fails to establish her personal knowledge (as set forth in Exhibit A) should be struck.

### d. Irrelevant/Unfair Prejudice

"'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.'" *Valencia v. Davis*, 836 F. App'x 292, 296 (5th Cir. 2020) (quoting *Lewis v. Sec'y of Public Safety and Corr.*, 870 F.3d 365, 369 n. 10 (5th Cir. 2017)). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." *Id*. at 403.

In her declaration, Plaintiff discusses her employment with ExecuTime before ExecuTime was acquired by Tyler, including Plaintiff's allegation that, during her employment with ExecuTime, she asked to be demoted to a role with lesser responsibilities. Pl. Decl. at ¶ 3. Plaintiff's job duties during her employment with ExecuTime are not relevant to whether the job duties she performed at Tyler qualify for an exemption under the FLSA. Tyler acquired ExecuTime in June 2016, Pl. Dep. 15:6-8, and Plaintiff filed her lawsuit in August 2021, ECF No. 1. As such, Plaintiff's pre-acquisition duties at ExecuTime are well outside the statute of limitations for Plaintiff's claims. Moreover, Plaintiff's conflation of her job duties while working at ExecuTime with her job duties while employed by Tyler create confusion as to Plaintiff's job duties at Tyler.

e. **Legal Conclusions**

It is well-settled in the Fifth Circuit that lay witness opinions amounting to legal conclusions are inadmissible. *United States v. Keys*, 747 F. App'x 198, 209 (5th Cir. 2018). For twenty-two paragraphs in her declaration, Pl. Decl. ¶¶ 48-69, Plaintiff simply quotes language from the Code of Federal Regulations regarding the administrative exemption. *Compare* 29 C.F.R. § 541.202(b) ("Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to . . . whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.") *with* Pl. Decl. ¶ 69 ("Both as an SPM and as an IA, I did not represent Tyler in handling complaints, arbitrating disputes or resolving grievances."). Plaintiff makes no effort to explain how her job duties at Tyler relate to the code provisions she cites. As a result, the paragraphs are legal conclusions that should be struck from Plaintiff's declaration.

### f. Best Evidence

Documents are the best evidence of what is contained therein. *See* FED. R. EVID. 1002. Plaintiff's declaration is replete with examples wherein she seeks to negate statements in documents she acknowledged during her deposition as accurate. For example, in Paragraph 15 of her declaration, Plaintiff claims that she worked on several implementations alone, without the assistance of an Implementation Consultant. Pl. Decl. ¶ 15 ("I can recall projects in Seattle, Oak Harbor, American Samoa, Grand Fork, Bozeman, and Baton Rouge where I worked on an implementation alone, without an IC."). However, Exhibit 5 to her deposition contradicts this testimony. Exhibit 5 consists of a list of tasks Plaintiff emailed an Implementation Consultant to complete in connection with the same implementations that she now claims she work on without the support of an Implementation Consultant. *See* Pl. Dep., Ex. 5. *See id*. (including tasks for Baton Rouge, Oak Harbor, and American Samoa).

Plaintiff also attempts to use her declaration to distance herself from the language in her resume, arguing her resume includes "inapplicable" language. Pl. Decl. at ¶ 29. Yet, at her deposition, Plaintiff extensively discussed the language in her resume and verified its accuracy and what she meant by the language in her resume. *See* Pl. Dep. 56:3-59:9, Ex. 2 (resume).

After verifying the accuracy of the exhibits to her deposition, the Best Evidence rule precludes Plaintiff's efforts to use her declaration to now argue the documents are not accurate.

### IV. CONCLUSION

Plaintiff's declaration in support of her response to Tyler's motion for summary judgment is not admissible in evidence based on the aforementioned evidentiary issues. Therefore, Tyler respectfully requests that the Court strike Plaintiff's declaration and all assertions in Plaintiff's response to Tyler's motion for summary judgment that are based on her incompetent declaration.

- 9 -

Dated: September 21, 2022

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby (Lead Attorney)
TX State Bar No. 00784571
pmckeeby@reedsmith.com
Amanda E. Brown
TX State Bar No. 24087839
aebrown@reedsmith.com
Reed Smith LLP
2850 N. Harwood St., Suite 1500
Dallas, TX 75201
Telephone: +1.469.680.4200
Facsimile: +1.469.680.4299

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on September 21, 2022, a true and correct copy of the above was filed using the Court's CM/ECF system that caused notice to be served upon the following:

| | |
|---|---|
| Charles R. Bridgers<br>Matthew W. Herrington<br>DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC<br>101 Marietta St.<br>Ste. 2650<br>Atlanta, GA 30303<br>charles.bridgers@dcbflegal.com<br>matthew.herrington@dcbflegal.com | Melinda Arbuckle<br>Shellist Lazarz Slobin LLP<br>11 Greenway Plaza<br>Suite 1515<br>Houston, TX 77046<br>marbuckle@eeoc.net |

                                                  */s/ Paulo B. McKeeby*
                                                  Paulo B. McKeeby