# EXHIBIT C

| | |
|---|---|
| From: | Matthew Herrington <matthew.herrington@dcbflegal.com> |
| Sent: | Thursday, September 22, 2022 12:23 PM |
| To: | Brown, Amanda E.; Melinda Arbuckle |
| Cc: | McKeeby, Paulo B.; Stanbery, Rhonda L. |
| Subject: | Re: Harrison/Tyler - Motion to Strike |

**EXTERNAL E-MAIL - From matthew.herrington@dcbflegal.com**

Amanda,

I cannot review 84 pages of objections today to be prepared to have a call with you. It's unreasonable for you to expect me to do that. And I would also note that by including argument in your exhibit, you have violated the applicable page limitations on motions without obtaining leave to do so.

Moreover, it is simply impossible for you to confer with me as required by the rules, as I already explained. You're too late. You did not confer with us prior to filing as required by the rule, and any representation to the court to the contrary would be extremely misleading.

I would also point out that your motion to strike is procedurally improper. You can object to specific evidence that Plaintiff sought to introduce (within the required page limitations, and not with over 80 pages of objections improperly labeled as an exhibit). But motions to strike are only for pleadings, which the declaration was not. See 2 James Wm. Moore, et al., Moore's Federal Practice § 12.37[2] (3d ed. 2013) ("Only material included in a 'pleading' may be the subject of a motion to strike.... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."). Pursuant to Rule 56 of the Federal Rules of Civil Procedure, motions to strike on summary judgment have not been appropriate since December 2010. Instead, the 2010 revised Rule 56 provides that "[a] party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible for evidence." Fed. R. Civ. P. 56(c)(2).

I must also note the Court cannot construe your motion to strike and exhibit as an objection because that too would wildly violate the page limitations for the MSJ reply brief.

MWH

---

**From:** Brown, Amanda E. <aebrown@reedsmith.com>
**Date:** Wednesday, September 21, 2022 at 10:30 PM
**To:** Matthew Herrington <matthew.herrington@dcbflegal.com>, Melinda Arbuckle <marbuckle@wageandhourfirm.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>, Stanbery, Rhonda L. <RStanbery@reedsmith.com>
**Subject:** RE: Harrison/Tyler - Motion to Strike

Once you have reviewed, please let me know when you are available for a call to discuss tomorrow.

Thanks,

**Amanda E. Brown**
aebrown@reedsmith.com
+1 469 680 4232 (Dallas)
+1 713 469 3822 (Houston)
+1 512 289 2351 (cell)

---

**From:** Matthew Herrington <matthew.herrington@dcbflegal.com>
**Sent:** Wednesday, September 21, 2022 4:28 PM
**To:** Brown, Amanda E. <aebrown@reedsmith.com>; Melinda Arbuckle <marbuckle@wageandhourfirm.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>; Stanbery, Rhonda L. <RStanbery@reedsmith.com>
**Subject:** Re: Harrison/Tyler - Motion to Strike

EXTERNAL E-MAIL - From matthew.herrington@dcbflegal.com

Amanda, the court has asked you to certify that you conferred within one day. Not to conduct the conferral within one day. After reviewing the local rules just now, I can say that requirement is crystal clear. See attached. Had you conferred appropriately, Plaintiff might have sought to amend her declaration and response to cure whatever problems you found in it. As things stand now, she will not have that opportunity.

You should just go ahead and tell the court that you didn't confer. If you can justify the failure and want to move the court for a do-over, you can confer with me on that (probably opposed) motion tomorrow.

MWH

---

Matthew W. Herrington
Of Counsel
Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC
101 Marietta Street NW
Suite 2650
Atlanta, GA 30303
Direct-Text-Fax: (404) 596-7972

---

**From:** Brown, Amanda E. <aebrown@reedsmith.com>
**Sent:** Wednesday, September 21, 2022 10:09:40 PM
**To:** Matthew Herrington <matthew.herrington@dcbflegal.com>; Melinda Arbuckle <marbuckle@wageandhourfirm.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>; Stanbery, Rhonda L. <RStanbery@reedsmith.com>
**Subject:** RE: Harrison/Tyler - Motion to Strike

The court has given us one day to add a certificate of conference so we will need to provide the certificate of conference by COB tomorrow. We hope we can discuss with you before then.

**Amanda E. Brown**
aebrown@reedsmith.com

+1 469 680 4232 (Dallas)
+1 713 469 3822 (Houston)
+1 512 289 2351 (cell)

**From:** Matthew Herrington <matthew.herrington@dcbflegal.com>
**Sent:** Wednesday, September 21, 2022 4:05 PM
**To:** Brown, Amanda E. <aebrown@reedsmith.com>; Melinda Arbuckle <marbuckle@wageandhourfirm.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>; Stanbery, Rhonda L. <RStanbery@reedsmith.com>
**Subject:** Re: Harrison/Tyler - Motion to Strike

EXTERNAL E-MAIL - From matthew.herrington@dcbflegal.com

I don't know. I have to review everything first. And even then, I am unlikely to agree that you have conferred adequately. Unlikely to challenge any certification of conference that you file. You can't go back in time.

MWH

_____
Matthew W. Herrington
Of Counsel
Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC
101 Marietta Street NW
Suite 2650
Atlanta, GA 30303
Direct-Text-Fax: (404) 596-7972


**From:** Brown, Amanda E. <aebrown@reedsmith.com>
**Sent:** Wednesday, September 21, 2022 10:04:05 PM
**To:** Matthew Herrington <matthew.herrington@dcbflegal.com>; Melinda Arbuckle <marbuckle@wageandhourfirm.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>; Stanbery, Rhonda L. <RStanbery@reedsmith.com>
**Subject:** RE: Harrison/Tyler - Motion to Strike

Happy to discuss tomorrow after you've had a chance to review.  What time works for you?

**Amanda E. Brown**
aebrown@reedsmith.com
+1 469 680 4232 (Dallas)
+1 713 469 3822 (Houston)
+1 512 289 2351 (cell)

**From:** Matthew Herrington <matthew.herrington@dcbflegal.com>
**Sent:** Wednesday, September 21, 2022 3:59 PM
**To:** Brown, Amanda E. <aebrown@reedsmith.com>; Melinda Arbuckle <marbuckle@wageandhourfirm.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>; Stanbery, Rhonda L. <RStanbery@reedsmith.com>
**Subject:** Re: Harrison/Tyler - Motion to Strike

EXTERNAL E-MAIL - From matthew.herrington@dcbflegal.com

Amanda,

You were required to confer with us on this in advance. You did not. I cannot review your filings now and I do not consider your belated email to be an adequate conferral. I can likely provide you with a substantive response tomorrow after reviewing your filings. You are of course welcome to admit to the court that you failed to confer as required.

MWH

_____

Matthew W. Herrington
Of Counsel
Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC
101 Marietta Street NW
Suite 2650
Atlanta, GA 30303
Direct-Text-Fax: (404) 596-7972

**From:** Brown, Amanda E. <aebrown@reedsmith.com>
**Sent:** Wednesday, September 21, 2022 21:56
**To:** Matthew Herrington <matthew.herrington@dcbflegal.com>; Melinda Arbuckle <marbuckle@wageandhourfirm.com>
**Cc:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>; Stanbery, Rhonda L. <RStanbery@reedsmith.com>
**Subject:** Harrison/Tyler - Motion to Strike

Matthew and Melinda:

As you may have seen, we have filed a motion to strike Talia's summary judgment declaration.  The court is asking for us to provide a certificate of conference.  Please confirm that we can note Plaintiff is opposed to the motion to strike.

Thanks,

**Amanda E. Brown**
aebrown@reedsmith.com
+1 469 680 4232 (Dallas)
+1 713 469 3822 (Houston)
+1 512 289 2351 (cell)

**Reed Smith LLP**
2850 N. Harwood Street
Suite 1500
Dallas, TX 75201
T: +1 469 680 4200
F: +1 469 680 4299

811 Main Street
Suite 1700
Houston, TX 77002
T: +1 713 469 3800
F: +1 713 469 3899

**www.reedsmith.com**

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01