IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **TALIA N. HARRISON,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**TYLER TECHNOLOGIES, INC.,**<br><br>**Defendant.** | Civil Action No. 4:21-cv-607-ALM |

**RESPONSE IN OPPOSITION AND OBJECTIONS TO DEFENDANT'S MOTION TO STRIKE**

Plaintiff Talia N. Harrison, through the undersigned counsel, hereby files her Response in Opposition and Objections to Defendant's Motion to Strike Plaintiff's Declaration in Support of Her Response to Defendant's Motion for Summary Judgment [Dkt. 32-3], showing the Court as follows:

## I.    INTRODUCTION

Plaintiff responds and objects to Defendant's Motion to Strike on three separate bases: (1) Defendant failed to confer with Plaintiff prior to filing its Motion; (2) Defendant's Motion grossly violates the applicable page limitations; and (3) a motion to strike is not a procedurally proper vehicle to object to evidence submitted in opposition to summary judgment.

## II.    FACTUAL BACKGROUND

This is an FLSA overtime action. In response to Defendant's Motion for Summary Judgment, Plaintiff filed a response, supported by her own affidavit.

In its reply brief [Dkt. 31], Defendant falsely claimed that Plaintiff has contradicted herself and that the Court should refuse to consider her declaration in its entirety. It made similar allegations in the previous *Greene* litigation, and the *Greene* court chastised Defendant Tyler and

its (current) counsel for their astonishing lack of candor and mischaracterization of the record evidence. *Greene v. Tyler Techs.*, 526 F. Supp. 3d 1325, 1331, n.5 (N.D. Ga. 2021) ("throughout its briefing, it misrepresents and stretches Plaintiff's testimony. . . . Similarly, Defendant mischaracterizes Plaintiff's brief . . . . The Court has discovered other examples of this stretching of the actual testimony, as well. These slanted and inaccurate representations are not appreciated. The Court expects better.").

Contemporaneously with its Reply brief, Defendant filed a Motion to Strike Plaintiff's declaration. Dkt. 32. The Court immediately noted via docket entry that the motion was deficient because it lacked a certification of conference.

Only then did Defendant's counsel request a conference and Plaintiff's counsel explained—prior to even reviewing the reply or motion—that they would respond the following day but noted that it was too late to have such a conference on a motion that had already been filed when no conference had been timely sought. *See* Dkt. 33-3 generally.

The next day, Plaintiff's counsel discovered that the Motion to Strike was based on an 84-page "exhibit" in which the substance of all of its arguments were found. Plaintiff's counsel informed Defendant's counsel that they could not review the substance of the motion that day and argued that it was unreasonable for Defendant to expect such a massive undertaking on the shortest of notice. Dkt. 33-3, pg. 2.

Defendant then proceeded not to file a certificate of conference as ordered by the Court, but to file *an entirely new motion to strike* [Dkt. 33], adding a certificate of conference falsely suggesting that Defendant had complied with the Local Rules' conference requirement.

In reality, Defendant never even informed Plaintiff that it was considering filing a new motion, much less seek to confer.

### III.     ARGUMENT

**A.     Defendant Did Not Confer**

E.D. TX Local Rule CV-7(h) requires that, for opposed motions, counsel must have a personal conference prior to filing of the motion. An unreasonable failure to meet and confer violates Local Rule AT-3 and is grounds for disciplinary action.

E.D. TX Local Rule CV-7(i) requires that parties include a "certificate of conference" at the end of the opposed motion and must contain several specifically enumerated representations.

As shown in Exhibit 3 to Defendant's *Second* Motion to Strike, Defendant belatedly sought to confer on its *first* such motion. After reviewing the filing, including the 84 pages of objections, Plaintiff's counsel informed Defendant's counsel that he could not review all of that and confer on the substance of the objections on such short notice (*i.e.*, within the Court's 1-day deadline to cure the deficiency).[1]

At no time did Defendant ever given any indication that it intended to file a *new* motion or request to confer on a second, future motion to strike. Indeed, Defendant's "second" motion to strike is identical in form and substance to its first, albeit with a purported certificate of conference.

Defendant's certification of conference attached to its *second* motion to strike is therefore highly misleading. No conference occurred. No conference was even requested.

Defendant having failed to comply with this known procedural requirement, its Motion to Strike is improper, objectionable, and should not be considered by the Court.

---

[1] This would have been futile anyway. The Court gave Defendant one day to *file the certification*, not to *conduct the conference*, which could not be conducted after the fact in accordance with the Local Rule.

### B. Defendant Has Exceeded the Applicable Page Limitations

E.D. TX Local Rule CV-7(a)(2) provides that "[n]on-dispositive motions shall not exceed fifteen pages, excluding attachments, unless leave of court is first obtained."

Defendant's 84-page Exhibit A contains virtually the entirety of its objections and the factual and legal basis therefore.

By putting the bulk of its argument in an exhibit—even after Plaintiff's counsel explicitly noted that the first motion to strike had violated the page imitations—Defendant has flouted the Local Rule's page limitations in bad faith.

Having knowingly violated the Court's page limitations, its arguments in Exhibit A should not be considered. *See, e.g., Calypso Wireless, Inc. v. T-Mobile USA Inc.*, No. 2:08-CV-441-JRG-RSP, 2015 U.S. Dist. LEXIS 26871, at *7-8 n.4 (E.D. Tex. Mar. 5, 2015) ("The Court, out of respect for its page limit requirements, declines to incorporate either T-Mobile's initial briefing or the totality of the briefing on the referenced motions into T-Mobile's instant motion as additional argument."); *see also Saffran v. Bos. Sci. Corp.*, No. 2-05-CV-547 (TJW), 2008 U.S. Dist. LEXIS 52557, at *11 n.5 (E.D. Tex. July 9, 2008) ("BSC incorporates multiple arguments by reference into this motion. Procedurally, this eviscerates the court's page limit restriction."). *See also, e.g.*, *Key v. Jpmorgan Chase Bank, N.A.*, No. 1:17-cv-04341, 2019 U.S. Dist. LEXIS 238947, at *13 (N.D. Ga. Oct. 11, 2019) ("It is totally unfair and inappropriate for Plaintiffs to exceed this Court's page limitations by filing twenty-five pages of legal argument as an 'exhibit.' ") (citation omitted).

Permitting a litigant to make its arguments in support of a motion in a pseudo-"exhibit" rather than in its brief would similarly "eviscerate" the page limit restriction of Local Rule 7(a)(2). The Court should decline to consider any of the argument raised in that improper filing.

## C. A Motion to Strike Is Procedurally Improper

The plain language of Rule 12(f) limits the use of motions to strike to *pleadings*. *See* Fed. R. Civ. P. 7(a–b) (enumerating types of pleadings and contrasting pleadings with motions).

Documents filed in litigation that are not "pleadings" may not properly be challenged with a motion to strike. *See* 2 James Wm. Moore, et al., Moore's Federal Practice § 12.37[2] (3d ed. 2013) ("Only material included in a 'pleading' may be the subject of a motion to strike.... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.").

Since 2010, Rule 56 has made clear that *objections* are the appropriate avenue for challenging evidence presented at summary judgment. *See* Fed. R. Civ. P. 56(c)(2) ("[a] party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible for evidence.").

This is consistent with the Local Rules of this Court, which provide that evidence at summary judgment must be objected to within the parties' brief. *See* E.D. TX Local Rule CV-56(c) ("In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the responsive brief filed in opposition to the motion, as supported by proper summary judgment evidence.").

Defendant having failed to make and support objections properly in its Reply brief, it should not now be permitted to make those objections in an entirely new motion. That would be doubly prejudicial because the additional motion itself wildly flouts the page limitations for non-dispositive motions.

Plaintiff should not be required to respond substantively to an entirely separate motion that was procedurally improper from its inception rather than to objections raised properly *within* the page limitations for a summary judgment reply brief.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff objects to Defendant's Motion to Strike, requests that the Court decline to consider it. In the alternative, should the Court overrule Plaintiff's objection, Plaintiff requests an opportunity to brief her substantive response to Defendant's Motion by a date to be set by the Court.

This 6th day of October 2022,

Respectfully submitted,

**WAGE AND HOUR FIRM**

s/ Melinda Arbuckle
Melinda Arbuckle
Texas Bar No. 24080773

400 N. St. Paul St., Ste. 700
Dallas, TX 75201
(214) 210-2100 – Telephone
(469) 399-1070 - Facsimile
marbuckle@wageandhourfirm.com

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

*s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411

Counsel for Plaintiffs

101 Marietta Street
Suite 2650
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (facsimile)
matthew.herrington@dcbflegal.com

-7-

## CERTIFICATE OF SERVICE

On October 6, 2022, I filed the foregoing document with the Clerk of Court for the Eastern District of Texas using CM/ECF method of the Court. I certify that I have served all counsel of record electronically thereby.

                                                           s/Melinda Arbuckle
                                                           Melinda Arbuckle