**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| TALIA N. HARRISON, | : |
| | : |
| Plaintiff, | : |
| | : |
| | : No. 4:21-cv-00607-ALM |
| vs. | : |
| | : |
| TYLER TECHNOLOGIES, INC., | : |
| | : |
| | : |
| Defendant. | : |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO STRIKE PLAINTIFF'S DECLARATION**

Plaintiff's Response to Defendant's Motion to Strike Plaintiff's Declaration In Support of Plaintiff's Response to Defendant's Motion for Summary Judgment (the "Response", ECF No. 34) does not raise a single substantive response to Tyler's objections to Plaintiff's declaration. Instead, Plaintiff raises only technical arguments regarding the form of Tyler's Motion to Strike. Plaintiff's arguments are inaccurate and are not reasons to deny the Motion to Strike.

## I.  The Motion to Strike Is Procedurally Proper Under Rule 56(c)

Without citing to any binding authority, Plaintiff argues Tyler's Motion to Strike is improper because Rule 12(f) of the Federal Rules of Civil Procedure is supposedly an improper method for contesting improper summary judgment evidence. Pl. Resp. at p. 5. Plaintiff's argument is misplaced. The Motion to Strike was not filed under Rule 12(f), does not reference Rule 12(f), and Rule 12(f) is not the basis for Tyler's objections to Plaintiff's declaration. Rather, the Motion to Strike cites and relies on Rule 56(c)—the same Rule that Plaintiff acknowledges is the proper method for challenging a declaration. *See* Mot. to Strike at p. 2 (discussing legal standard under Rule 56(c)).[1] Indeed, this Court has previously granted a similar motion to strike filed pursuant Rule 56(c). *See Lusk v. Wells Fargo Bank, N.A.*, No. 4:11-CV-381, 2012 U.S. Dist. LEXIS 70369 (E.D. Tex. May 21, 2012) (granting motion to strike summary judgment declaration Rule 56(c)). Accordingly, Plaintiff's argument regarding Rule 12(f) is without merit.[2]

---

[1] Under Local Rule 7, motions for summary judgment under Rule 56 are exempted from the certificate of conference requirement. E.D. Tex. R. CV-7(i)(3). Because Tyler's Motion to Strike relies on Rule 56(c) to object to Plaintiff's declaration, there is, at minimum, a colorable basis for Tyler's mistaken belief that the Motion to Strike did not require a certificate of conference.

[2] Plaintiff also argues that Tyler's Motion to Strike is not procedurally proper under Local Rule 56(c), which contemplates a party objecting to summary judgment in its response brief. E.D. Tex. R. CV-56(c). As the rule states, the Court will assume facts supported by ***admissible*** evidence are admitted unless objected to in the ***responsive*** brief filed in opposition to the motion. *Id*. Here, Plaintiff's declaration does not constitute admissible evidence, and therefore the Court's assumption would not apply. Moreover, Local Rule 56(c) addresses a response to summary judgment, not a reply. Regardless, Tyler's Reply In Support of Its Motion

### II. Tyler Complied with the Court's Local Rule on Page Limits

Similarly unpersuasive is Plaintiff's argument that the Motion to Strike exceeded the permitted page limit. Under Local Rule CV-7(a)(2), non-dispositive motions "shall not exceed fifteen pages, *excluding attachments*, unless leave of court is first obtained." E.D. Tex. R. CV-7(a)(2) (emphasis added). Tyler's Motion to Strike is eight (8) pages, excluding attachments.

Ignoring this language in Local Rule 7(a)(2), Plaintiff argues the Motion to Strike is improper because it includes an exhibit that exceeds the fifteen page limit.[3] When raising objections to a declaration under Rule 56(c), courts require the objecting party to detail with specificity the parts of the declaration that are objectionable and the basis for the movant's objections. *Cf. Morris v. Hornet Corp.*, No. 4:17-cv-00350, 2018 U.S. Dist. LEXIS 170945, at *7-*8 (E.D. Tex. Sept. 14, 2018) (denying motion to strike plaintiff's declaration opposing summary judgment because the defendant failed to identify with specificity the information that contravened the plaintiff's deposition testimony). As required, Tyler's exhibit provides the Court with the specific bases for its objections to Plaintiff's declaration. Tyler did not impermissibly attempt to circumvent the Local Rules, but rather provided the Court with the specific grounds for each of its objections to allow it to make an informed ruling on the Motion to Strike.

Further, none of Plaintiff's cited authority supports her position that the exhibit accompanying Tyler's Motion to Strike is improper. In *Calypso Wireless, Inc. v. T-Mobile USA Inc.*, the movant requested sanctions as a result of the other side's litigation misconduct. No. 2:08-CV-441-JRG-RSP, 2015 U.S. Dist. LEXIS 26871, at *4-*5 (E.D. Tex. Mar. 5, 2015). As part of

---

for Summary Judgment still satisfies Local Rule 56(c) because Tyler also raised its objections to Plaintiff's declaration in its reply. *See* ECF No. 31, Tyler's Reply In Support of Summ. J. at p. 1.

[3] The length of the exhibit to Tyler's Motion to Strike is driven by the length of Plaintiff's declaration, which contains 74 paragraphs. *See* ECF No. 29-3, Pl. Decl.

its motion for sanctions, the movant attempted to incorporate by reference the entire contents of two motions to dismiss, which the court declined to permit. *Id*. at *7-*8, n.4.  In *Saffran v. Boston Scientific Corp.*, the movant filed a motion for judgment as matter of law, or, in the alternative, for a new trial.  No. 2:05-CV-547-TJW, 2008 U.S. Dist. LEXIS 52557, at * (E.D. Tex. July 9, 2008).  The court rejected the movant's attempt to incorporate by reference more than 100 pages of argument (including its motion for summary judgment) in its motion.  *Id*. at *11, n.5.  In *Key v. Jpmorgan Chase Bank, N.A.*, the plaintiff objected to the magistrate judge's order recommending the dismissal of the plaintiff's claims.  No. 1:17-CV-04314, 2019 U.S. Dist. LEXIS 238947, at *1 (N.D. Ga. Oct. 11, 2019).  As part of his objections, the plaintiff included an exhibit that contained a memorandum of law with twenty-five pages of argument regarding the constitutionality of the defendant's actions.  *Id*. at *12-*13.  The court rejected the plaintiff's exhibit as the plaintiff did not cite portions of the exhibit in his objection and did not present the exhibit to the magistrate for consideration.  *Id*. at *13.  None of Plaintiff's cited authority involves an exhibit identifying a movant's objections to a declaration opposing summary judgment.

### III.     Plaintiff Mischaracterizes the Certificate of Conference

Plaintiff mischaracterizes Tyler's efforts to confer with Plaintiff regarding the Motion to Strike and to comply with the Court's order requiring Tyler to re-file the Motion to Strike.[4]  As

---

[4] Plaintiff's argument that Tyler's failure to include a certificate of conference warrants denial of its Motion to Strike, or even disciplinary action, is ironic in light of Plaintiff's repeated failure to comply with the Federal Rules of Civil Procedure and the Court's scheduling order and requirements.  During this litigation, Plaintiff: (1) failed to produce responsive documents, despite Tyler's repeated requests, requiring Tyler to depose Plaintiff a second time after Plaintiff testified regarding the responsive documents during her initial deposition; (2) failed to diligently conduct discovery, resulting in her inability to timely file a response to Tyler's motion for summary judgment; (3) failed to confer with Tyler regarding the alleged discovery needed for Plaintiff to file a response to Tyler's motion for summary judgment before seeking relief from the Court in the form of an extension of time to brief summary judgment; (4) failed to adhere to the Court's requirement to schedule a conference with the Court before filing a motion to compel; and (5) failed to comply with Local Rule 56 by submitting a response to Tyler's summary judgment motion that lacks supporting citations to evidence.  Plaintiff also mischaracterizes the *Greene* litigation, again.  As discussed

Plaintiff's actions and the Response indicate, any conferral with Plaintiff regarding her declaration would have been useless.

After receiving notice from the Court regarding a conferral requirement, Tyler promptly contacted opposing counsel to schedule a conference.  Plaintiff's counsel refused to confer, claiming he could not review the Motion to Strike within the Court's twenty-four hour deadline for Defendant to re-file the Motion to Strike.  Plaintiff's counsel could have at least partially reviewed the Motion to Strike in an effort to confer in a timely manner or she could have informed Tyler of a date when she would be able to confer after reviewing the Motion to Strike.  Plaintiff's counsel did neither.  Even now, Plaintiff's Response fails to provide any argument for why her declaration is proper or provide a single substantive argument in support of the admissibility of her declaration.

Plaintiff also incorrectly claims that Tyler doubled down on its failure to confer by filing a "surprise" second motion to strike after corresponding with Plaintiff regarding the certificate of conference.  Plaintiff's argument is misleading, at best.  After Tyler filed the Motion to Strike on September 21, 2022, the Court required Tyler to file a second motion containing a certificate of conference within one business day.  After Plaintiff made it clear to Tyler that she would not attempt to confer within one business day, Tyler re-filed the Motion to Strike on September 22, 2022 with a certificate of conference.  The only difference between Tyler's September 21 filing and its September 22 filing is the addition of a certificate of conference and an exhibit detailing the parties' correspondence regarding conferral.  *Compare* ECF No. 32 *with* ECF No. 33.  Tyler's

---

in Tyler's Reply In Support of Its Motion for Summary Judgment, Plaintiff seems to have no interest in litigating the instant case, but would rather re-argue the *Greene* litigation, despite the meaningful differences between Plaintiff's claims and Ms. Greene's claims. Plaintiff appears to be taking the same tact with respect to the Motion to Strike. Tyler appreciates, however, that the Court understands that this is a separate case that merits its own argument and analysis.

September 22 filing was not an attempt to circumvent the rules or to somehow gain an unfair procedural advantage, but rather was simply its effort to comply with this Court's directive.

### IV. Conclusion

Plaintiff does not raise a single substantive argument as to why Tyler's Motion to Strike should not be granted. Rather, Plaintiff relies on inaccurate technical arguments to oppose the Motion to Strike. Plaintiff's technical arguments, however, are not meritorious and do not warrant denial of the Motion to Strike. Accordingly, Tyler respectfully requests that the Court grant its Motion to Strike and disregard the objectionable portions of Plaintiff's declaration when ruling on Tyler's Motion for Summary Judgment.

| | |
|---|---|
| Dated:      October 12, 2022 | */s/ Paulo B. McKeeby*<br>Paulo B. McKeeby (Lead Attorney)<br>TX State Bar No. 00784571<br>pmckeeby@reedsmith.com<br>Amanda E. Brown<br>TX State Bar No. 24087839<br>aebrown@reedsmith.com<br>Reed Smith LLP<br>2850 N. Harwood St., Suite 1500<br>Dallas, TX 75201<br>Telephone:    +1.469.680.4200<br>Facsimile:    +1.469.680.4299<br><br>**ATTORNEYS FOR DEFENDANT** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 12, 2022, a true and correct copy of the above was filed using the Court's CM/ECF system that caused notice to be served upon the following:

| | |
|---|---|
| Charles R. Bridgers<br>Matthew W. Herrington<br>DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC<br>101 Marietta St.<br>Ste. 2650<br>Atlanta, GA 30303<br>charles.bridgers@dcbflegal.com<br>matthew.herrington@dcbflegal.com | Melinda Arbuckle<br>Shellist Lazarz Slobin LLP<br>11 Greenway Plaza<br>Suite 1515<br>Houston, TX 77046<br>marbuckle@eeoc.net |

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby