IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **TALIA N. HARRISON,**<br><br>Plaintiff,<br><br>vs.<br><br>**TYLER TECHNOLOGIES, INC.,**<br><br>Defendant. | **Civil Action No. 4:21-cv-607-ALM** |

### JOINT MOTION FOR SETTLEMENT APPROVAL

Plaintiff Talia N. Harrison ("Plaintiff") and Defendant Tyler Technologies, Inc., ("Defendant") (collectively, the "Parties") jointly move the Court for an order approving their settlement agreement as follows:

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case involves a claim for alleged unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiff alleges that she was improperly denied overtime pay under the FLSA. *See* Compl. [DE 1]. Defendant denies Plaintiff's allegations, denies that she was misclassified as exempt for overtime, and, following discovery, filed a motion for summary judgment. Def. Mot. Summ. J. [DE 14]. On November 2, 2022, the Court granted in part and denied in part Defendant's Motion for Summary Judgment. Order [DE 36]. The Parties now present their settlement agreement to the Court for review and approval.

## II.  ARGUMENT

### A.  Standard for Court Approval of FLSA Settlements

There are two ways in which claims under the FLSA can be settled and released by employees. First, section 16(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the

payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c). Second, in the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement that resolves a bona fide dispute over FLSA provisions and the district court enters an order approving the settlement as fair and reasonable. *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 165 (5th Cir. 2015); *Cunningham v. Kitchen Collection, LLC*, No. 4:17-CV-770, 2019 U.S. Dist. LEXIS 111212, at *2 (E.D. Tex. 2019).

In determining whether the settlement is fair and reasonable courts often consider the following factors:

(1)  the existence of fraud or collusion behind the settlement;

(2)  the complexity, expense, and likely duration of the litigation;

(3)  the stage of the proceedings and the amount of discovery completed;

(4)  the probability of the plaintiff's success on the merits;

(5)  the range of possible recovery; and

(6)  the opinions of counsel.

*Reed v. Gen'l Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983).

    **B.**    **The Parties' FLSA Settlement Should be Approved as It Resolves a Bona Fide Dispute and Is Fair and Reasonable**

The Parties' settlement agreement resolves a bona fide dispute. The Parties have litigated this case for more than a year. Defendant has denied Plaintiff's allegations and, after summary judgment briefing, the Court concluded there was a dispute as to Defendant's liability with respect to the Project Manager position held by Plaintiff. While the Court has ruled for Defendant on its administrative exemption defense as to Plaintiff's Implementation Analyst position, Plaintiff is foregoing her right to appeal that ruling. Moreover, the number of overtime hours worked by Plaintiff in both of her positions remains a matter of

bona fide dispute. As a result, there is a bona fide dispute as to which party would prevail in this matter at trial and on appeal.

The Parties' settlement agreement is also reasonable and fair. Plaintiff previously estimated that her unpaid overtime wages—with a three-year rather than two-year statute of limitations—total approximately $27,482. Of that, Plaintiff would attribute approximately $11,659 to her Project Manager position (most of which falls in the third year) and $15,823 to her Implementation Analyst position (all of which falls in the most recent two years of employment). If liquidated damages were awarded, based on Plaintiff's own estimates she could obtain a *maximum* judgment of approximately $54,964 (plus fees and costs). While Defendant does not necessarily agree with Plaintiff's damages estimates, or the amount of time Plaintiff contends she works, Tyler believes that the settlement represents a reasonable resolution of the parties disputes given the costs and inconvenience associated with trial.

The settlement reached by the Parties—$23,000 with fees and costs to be determined by the Court—is a reasonable and fair compromise of Plaintiff's claims. For example, even if Plaintiff ultimately prevailed on both her claims, a jury could accept Defendants' lower estimates of Plaintiffs' overtime hours worked. Moreover, a final judgment might be years in the future and require significant time and expense by Plaintiff. Because this Court granted summary judgment to Defendant as to one of Plaintiff's claims, Plaintiff could only hope to recover fully after a trial on her remaining (Project Manager) claim, an appeal to the Fifth Circuit, and then a second trial in this Court on her Implementation Analyst claim. By settling now, both Parties are able to obtain a significant benefit from the certainty of resolution and reduced trouble and expense.

During the litigation and settlement of this action, Plaintiff and Defendant were represented by experienced wage-and-hour counsel and there is no fraud or collusion between counsel. Moreover, the Parties have engaged in discovery, including Plaintiff's deposition, which allowed them to brief summary judgment and enabled them to evaluate the merits of their respective positions. Plaintiff represents that she is satisfied with the monetary terms reached in the Parties' settlement agreement and that it falls within a

range of values that a reasonable jury could return. Further, the Parties are resolving this matter to avoid the cost and time of continuing with this litigation through trial, as well as to avoid the risks that both Parties would face at trial.

Because the Parties have agreed for Plaintiff to submit her attorney's fees and costs to the Court for determination, the settlement agreement is inherently reasonable in that respect.

### III.   CONCLUSION

Based on the foregoing, the Parties request that the Court approve their settlement, and permit Plaintiff to file her fee petition with 10 days of the Court's order.

Respectfully submitted,

/s/ Matthew W. Herrington (w/permission)
Charles R. Bridgers (*pro hac vice*)
charlesbridgers@dcbflegal.com
Matthew W. Herrington (*pro hac vice*)
matthew.herrington@dcbflegal.com
DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC
101 Marietta St.
Ste. 2650
Atlanta, GA 30303

Melinda Arbuckle
TX State Bar No. 24080773
marbuckle@eeoc.net
Shellist Lazarz Slobin LLP
11 Greenway Plaza
Suite 1515
Houston, TX 77046

**ATTORNEYS FOR PLAINTIFF**

/s/ Paulo B. McKeeby
Paulo B. McKeeby
TX State Bar No. 00784571
pmckeeby@reedsmith.com
Amanda E. Brown
TX State Bar No. 24087839
aebrown@reedsmith.com
Reed Smith LLP
2850 N. Harwood St., Suite 1500
Dallas, TX 75201
Telephone:      +1.469.680.4200
Facsimile:        +1.469.680.4299

**ATTORNEYS FOR DEFENDANT**