# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered by and between Talia N. Harrison ("Plaintiff") and Tyler Technologies, Inc. ("Defendant"; together, the "Parties").

## RECITALS

A.    On August 3, 2021, Plaintiff filed an action against Defendant in the United States District Court for the Eastern District of Texas, Sherman Division, Civil Action No. 4:21-cv-00607 (the "Lawsuit"), seeking damages under the Fair Labor Standards Act.

B.    Defendant denied, and continues to deny, all allegations of illegal or otherwise-actionable conduct, including all allegations contained in the Lawsuit.

C.    Plaintiff and Defendant desire to settle, fully and finally, the claims Plaintiff has asserted against Defendant in the Lawsuit.

D.    In entering this Agreement, Plaintiff and Defendant expressly acknowledge that the terms described herein are intended to resolve a bona fide dispute as to wages owed and overtime hours claimed.

E.    Plaintiff and Defendant agree that this Agreement, and the release of claims by Plaintiff provided for herein, does not apply to Plaintiff's claims for attorney's fees in the Lawsuit and that the Court shall award reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 upon a fee application by Plaintiff.

**NOW, THEREFORE**, in consideration of the terms, conditions, and promises set forth herein, it is agreed to as follows:

1.    **Consideration.** If Plaintiff signs the Agreement, subject to all of the terms and conditions contained herein, Defendant agrees to pay Plaintiff, within fifteen (15) business days of (i) receipt of all necessary tax forms and payment instruction documents, and (ii) judicial approval of the Agreement, the amount of $23,000.00 for alleged lost wages, front or back pay or benefits, and liquidated damages, less applicable federal, state and local tax deductions. Half of this amount shall be reported on a W-2 and treated as income, the other half shall be reported on a 1099-MISC designed as "Other Income" (Box 3). The payment will be made to Talia Harrison and delivered to Plaintiff's counsel at Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC, 101 Marietta Street NW, Suite 2650, Atlanta, GA 30303.

2.    **Bona Fide Dispute.** The Parties expressly acknowledge that this Agreement is intended to resolve a presently existing bona fide dispute between Plaintiff and Defendant as to wages owed and overtime hours claimed.

3.    **Tax Treatment.** Plaintiff hereby agrees that she is solely responsible for all federal, state, and local tax obligations, if any, deemed by any taxing authority to be payable by Plaintiff. Plaintiff acknowledges that Defendant has made no representations regarding the tax treatment or consequences of such benefit(s).

1

4. **Settlement Approval and Dismissal.** It is expressly agreed and understood that the performance of Defendant's obligations under the Agreement is contingent upon the complete dismissal with prejudice of the Lawsuit within five (5) days the district court's decision on Plaintiff's Motion for Attorneys' Fees and Costs pursuant to 29 U.S.C. § 216. In exchange for the consideration described in Section 1, Plaintiff hereby agrees to authorize her attorneys to take all necessary steps to secure judicial approval of this Agreement and to execute a Stipulation of Dismissal with Prejudice of her claims in the Lawsuit to the extent that the district court has not already dismissed the Lawsuit with prejudice pursuant to its approval of the Agreement.

5. **Judicial Modification of Settlement.** A decision by the district court not to grant the approval of the Agreement, or a decision by the district court to enter an order granting approval of the Agreement with modifications that either Party determines in their reasonable and good faith judgment to be material, will be discretionary grounds for that Party to terminate this Agreement by providing written notice to the other Party and the district court within five (5) business days of receipt of the district court's decision.

6. **Waiver and Release.** In exchange for the payments described in Section 1, and for other consideration described herein, Plaintiff hereby waives and releases, acquits, and discharges Defendant, including, as applicable, Defendant's current and former parent companies, holding companies, subsidiaries, affiliates, divisions, officers, directors, members, employees, agents, insurers, attorneys, successors, and assigns (collectively, the "Released Parties") arising from or relating to any and all wage-and-hour causes of action, suits, debts, complaints, claims and demands whatsoever in law or in equity, whether known or unknown, suspected or unsuspected, which she, or her heirs, executors, administrators, and assigns ever had or now has against each or any of the Released Parties, including those brought or which could have been brought under the Fair Labor Standards Act ("FLSA") in the Lawsuit or under any similar state laws, and any and all claims for wages, overtime pay, commissions, liquidated damages, attorneys' fees, expenses and costs, including but not limited to those claims asserted in the Lawsuit. Defendant expressly acknowledges that this release does not apply to claims arising after the date Plaintiff executes the Agreement.

In waiving and releasing wage-and-hour claims against the Released Parties, whether or not now known to Plaintiff, Plaintiff understands that this means that if Plaintiff later discovers facts different from or in addition to those facts currently known by Plaintiff, or believed by her to be true, the waivers and releases of this Agreement will remain effective in all respects—despite such different or additional facts and Plaintiff's later discovery of such facts, even if Plaintiff would not have agreed to this Agreement if she had prior knowledge of such facts.

In executing this Agreement, Plaintiff is not waiving claims she may have for unemployment, state disability, and/or paid family leave insurance benefits pursuant to the terms of applicable state law; any benefit entitlements that are vested as of Plaintiff's last date of unemployment pursuant to the terms of a company-sponsored benefit plan governed by the federal law known as "ERISA"; claims arising after the date Plaintiff signs this Agreement; and violation of any federal state, or local statutory and/or public policy right or entitlement that, by applicable law, is not waivable.

7. **Reports to Government Entities.** Nothing in this Agreement, including Section 6, restricts or prohibits Plaintiff from initiating communications directly with, responding to any

2

inquiries from, providing testimony before, providing confidential information to, reporting possible violations of law or regulation to, or from filing a claim or assisting with an investigation directly with a self-regulatory authority or a government agency or entity, including the U.S. Equal Employment Opportunity Commission, the Department of Labor, the National Labor Relations Board, the Department of Justice, the Securities and Exchange Commission, the Congress, and any agency Inspector General (collectively the "Regulators"), or from making other disclosures that are protected under the whistleblower provisions of state or federal law or regulation. However, to the maximum extent permitted by law, Plaintiff waives her right to receive any individual monetary relief from Defendant or any others covered by the Waiver and Release of Claims resulting from such claims or conduct, regardless of whether Plaintiff or another party has filed them, and in the event Plaintiff obtains such monetary relief Defendant will be entitled to an offset for the payment made pursuant to this Agreement. This Agreement does not limit Plaintiff's right to receive an award from any Regulator that provides awards for providing information relating to a potential violation of law. Plaintiff does not need the prior authorization of Defendant to engage in conduct protected by this paragraph, and Plaintiff does not need to notify Defendant that Plaintiff has engaged in such conduct.

Please take notice that federal law provides criminal and civil immunity to federal and state claims for trade secret misappropriation to individuals who disclose a trade secret to their attorney, a court, or a government official in certain, confidential circumstances that are set forth at 18 U.S.C. §§ 1833(b)(1) and 1833(b)(2), related to the reporting or investigation of a suspected violation of the law, or in connection with a lawsuit for retaliation for reporting a suspected violation of the law.

**8.     Acknowledgment of Voluntariness and Time to Review.** Plaintiff acknowledges that: (a) Plaintiff has read this agreement and Plaintiff understands it; (b) Plaintiff is signing this Agreement voluntarily in order to release her claims as set forth in the Lawsuit.

**9.     Medicare Disclaimer.** Plaintiff represents that she is not a Medicare Beneficiary as of the time she is entering into this Agreement.

**10.    Non-Admission of Liability.** This Agreement is a compromise and settlement of disputed claims and is intended to resolve a bona fide dispute as to wages owed and overtime hours claimed. Nothing in this Agreement shall be construed as an admission of any wrongdoing, liability, or unlawful activity by Plaintiff or the Released Parties.

**11.    Successors.** This Agreement shall be binding upon Plaintiff and Defendant, and each of their heirs, representatives, executors, administrators, successors, insurers, and assigns, and shall inure to the benefit of each and all of them and to their heirs, representatives, executors, administrators, successors, and assigns. This Agreement is not designed to and does not create any third party beneficiaries, either express or implied.

**12.    Language of the Agreement.** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either Plaintiff or Defendant. No party shall be deemed the drafter of this Agreement. Plaintiff and Defendant acknowledge that the terms of this Agreement are contractual and are the product of arms-length negotiations between the Plaintiff, Defendant, and their counsel.

US_ACTIVE-170902517.10

13. **Court Approval.** If the Court fails to approve this Agreement on any basis other than the amount of consideration paid to Plaintiff, the parties mutually agree to resolve Plaintiff's claims, as defined herein, under the substantive terms provided for herein.

14. **Governing Law.** This Agreement shall be governed by the laws of the state of Texas without reference to that jurisdiction's choice of law rules, and the venue for the resolution of any disputes arising out of or related to this Agreement shall be exclusively in the state and federal courts of Dallas, Texas.

15. **Complete Agreement.** This Agreement is the full, complete, and exclusive agreement between Plaintiff and Defendant regarding all of the subjects covered by this Agreement, and neither Plaintiff nor Defendant is relying on any representation or promise that is not expressly stated in this Agreement. This Agreement may not be amended or modified except by a written instrument signed by Plaintiff and an authorized officer of Defendant.

16. **Return of Agreement.** Plaintiff, or her counsel, should return this Agreement, signed by Plaintiff to:

Paulo B. McKeeby
REED SMITH LLP
pmckeeby@reedsmith.com

17. **Execution.** This Agreement may be executed in counterparts by facsimile or by transmission via email, all of which taken together shall constitute an instrument enforceable and binding upon the undersigned parties.

Dated: February 27, 2023

By: *Abigail Diaz*
Tyler Technologies, Inc.

Name: Abigail Diaz

Title: Chief Legal Officer

**I HAVE READ THIS AGREEMENT AND HAVE CONSULTED WITH AN ATTORNEY OF MY CHOOSING. I UNDERSTAND THAT I AM GIVING UP IMPORTANT RIGHTS. I SIGN THIS AGREEMENT FREELY AND VOLUNTARILY WITHOUT DURESS OR COERCION.**

Dated: February 16, 2023

*Talia Harrison*
Talia N. Harrison