IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **TALIA N. HARRISON,** | |
| **Plaintiff,** | |
| **vs.** | Civil Action No. 4:21-cv-607-ALM |
| **TYLER TECHNOLOGIES, INC.,** | |
| **Defendant.** | |

---

### PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS PURSUANT TO THE FAIR LABOR STANDARDS ACT

Plaintiff Talia N. Harrison moves the Court for an order awarding Attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(c), showing the Court as follows:

## I.    INTRODUCTION

On March 6, 2022, this Court granted [Dkt. 43] the Parties' Joint Motion for Settlement Approval. Dkt. 40. Pursuant to that order, Plaintiff Talia Harrison now submit her attorneys' billing records and records of the taxable costs to be entered in this case. Plaintiff seeks that the Judgment entered in this case include her costs of litigation, including her reasonable attorney's fees, in the amount of $1,271.00 in costs $26,553.50 in attorney's fees.

## II.    ARGUMENT

### A.    Plaintiff's Attorney's Fees Incurred are Reasonable

Prevailing FLSA plaintiffs are entitled to recover their costs of litigation, including reasonable attorney's fees. *Steele v. Leasing Enters, Ltd.*, 826 F.3d 237, 249 (5th Cir. 2016). In this case, the Parties agree that Plaintiff is entitled to recover her costs and fees pursuant to 29 U.S.C. § 216(c). Dkt. 40, pp. 3–4; Dkt. 41, pg. 1 (E) ("the Court shall award reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 upon a fee application by Plaintiff.").

Plaintiffs seeking to recover costs and fees must demonstrate that the amounts sought are reasonable. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Courts in the Fifth Circuit use the "lodestar" method to calculate attorney's fees (*i.e.*, "multiplying the hours an attorney reasonably spent on the case by an appropriate hourly rate"). *Id.* (quoting *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). Thus, plaintiffs must demonstrate that (1) the billing rate sought by their attorneys is in line with the market rate in the community for such work; and (2) that their attorneys exercised billing judgement. *Id.* (citing *Saizan v. Delta Concrete Prod. Co*, 448 F.3d 795, 799 (5th Cir. 2006).

To determine the hours reasonably expended, "[t]he relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Wooldridge v. Marlene Indus. Corp*., 898 F.2d 1169, 1177 (6th Cir. 1990). Similarly, the Eighth Circuit explained in *Jenkins v. Missouri* that, when calculating a fee award, the focus is on whether the time expenditures were reasonable, not whether the attorney won each and every disputed issue:

> A court's focus should not be limited to the success/failure of each of the attorney's actions. Rather, it should be upon whether those actions were reasonable . . . . Lawsuits usually involve many reasonably disputed issues and a lawyer who takes on only those battles he is certain of winning is probably not serving his client vigorously enough; losing is part of winning.

127 F.3d 709, 718 (8th Cir. 1997) (internal citations omitted). The key issue is whether a reasonable attorney would have engaged in similar time expenditures at the time the work was performed.

A court should give deference to a lawyer's professional judgment as to how much time was necessary to spend on the case. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). This principle flows from the fact that an attorney is naturally incentivized to work

-2-

efficiently and reasonably in cases where the attorney remains uncompensated for his or her time until the end of the case. *See id.* ("[L]awyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee"). Plaintiff's attorneys working under these circumstances expend their time and effort without knowing whether they will be paid for it; thus, they have an incentive to spend as little time on each particular task as is reasonably necessary to competently and diligently carry out the representation. *See id.*

In awarding fees, a district court must "provide a concise but clear explanation of its reasons for the fee award." *See Hensley*, 461 U.S. at 437; *see also Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 258 (5th Cir. 2018) (same).

Thereafter, courts apply the "*Johnson* factors[1]" to determine whether counsel's performance requires an upward or downward adjustment. *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974) *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). However, "[t]here is a strong presumption of the reasonableness of the lodestar amount." *Id.* (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010).

In this case, Plaintiff's counsel have provided detailed billing records containing the time each spent on various tasks in this case, and detailed descriptions of those tasks. Exhibit 1

---

[1] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee [for similar work in the community]; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717–19.

(Declaration of Melinda Arbuckle); Exhibit 2 (Declaration of Charles R. Bridgers). Counsel endeavored not to bill for duplicative work, and to only bill for time spent in the service of the best interest of the client. Exhibit 2, ¶¶ 20, 22; *see Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 262–63 (5th Cir. 2018) (Ho, J., concurring). The hours submitted in this case are clearly reasonable; Plaintiff's counsel have incurred less than $27,000 in fees after completing written discovery, Plaintiff's deposition, summary judgment briefing, other motion practice, mediation, and the present briefing.

This case was prosecuted predominantly by Matthew W. Herrington, Of Counsel with the firm DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC, in Atlanta, Georgia. Mr. Herrington worked under the administrative supervision of Managing Member Charles R. Bridgers and Local Counsel Melinda Arbuckle. Counsel have attached evidence of the reasonableness of their rates in attached declarations. Exhibit 1, ¶¶ 8–9; Exhibit 2, ¶¶ 14–16; Exhibit 3 (Declaration of Matthew W. Herrington), ¶¶ 6–7. Additionally, as shown in an attachment to the Declaration of attorney Melinda Arbuckle, the rates billed by all of Plaintiffs' counsel fall within a range that is reasonable in the Eastern District of Texas. Exhibit 1, ¶¶ 8–9 (Exhibit 3 thereto). Courts in other federal district courts have similarly determined that the rates of attorneys Bridgers and Herrington are reasonable given their extensive experience in FLSA litigation. Exhibit 2, ¶¶ 14–16; Exhibit 3, ¶¶ 6–7. Moreover, Plaintiff's counsel has testified that other attorneys would not have been able to represent Plaintiff as efficiently due to their previous experience in FLSA litigation with this Defendant. Exhibit 3, ¶ 10–11.

Managing Member Charles Bridgers has reviewed the billing in this case and has eliminated over $2,000 in fees in the exercise of billing judgment. Exhibit 2, ¶ 20.

Thus, through their declarations, Plaintiff's counsel have submitted sufficient evidence to meet their burden to demonstrate that the rates sought are reasonable and that their hours billed were reasonable. Accordingly, counsel's request for legal fees in the amount of $26,553.50 is reasonable and should be granted.

### B.       Plaintiff Does Not Seek an Upward or Downward Adjustment of the Lodestar

Plaintiff does not seek either an upward or a downward adjustment of the lodestar and thus does not address the *Johnson* factors in this brief. Should Defendants argue in response that a downward adjustment is appropriate, Plaintiff will address such arguments in her Reply.

### C.       Plaintiff is Entitled to Recover Her Costs of Litigation

Section 26(b) of the FLSA also provides for an award of costs to a prevailing plaintiff. 29 U.S.C. § 216(b); *see also* Rule 54(d) (mandating an award of costs to a prevailing party). Costs recoverable under Rule 54(d) are identified in 28 U.S.C. § 1920. *Walton v. United Consumers Club*, 786 F. 2d 303, 316 (7th Cir. 1986). "Reimbursement for travel, meals, lodging, photocopying, long-distance phone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are the types of litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award." *Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 630 (W.D. Tex. 2015).

Plaintiff seeks $1,271.00 in costs. These costs are itemized in Exhibit 2, ¶ 9 (and Attachment B thereto) and fall into the categories of filing fees, service costs, and pro hac vice admission fees. The amounts were all necessarily and unavoidably incurred, each cost is described sufficiently demonstrating that it was necessarily incurred. Accordingly, Plaintiff requests an award of all costs in the total amount of $1,271.00.

## III.    CONCLUSION

As a prevailing plaintiff under the FLSA, Plaintiff Harrison is entitled to an award of her costs of litigation and reasonable attorney's fees incurred in obtaining that result. Based on the foregoing, Plaintiff requests that the Court issue a final judgment in her favor including $26,553.50 in attorney's fees and $1,271.00 in costs, in addition to post-judgment interest at the prevailing rate. *See* 28 U.S.C. § 1961(a). Plaintiff requests such other and further relief to which she is justly entitled.

Respectfully submitted this 21st day of March 2023,

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

*s/ Matthew W. Herrington*
Charles R. Bridgers (*pro hac vice*)
charlesbridgers@dcbflegal.com
Matthew W. Herrington (*pro hac vice*)
matthew.herrington@dcbflegal.com
101 Marietta St.
Ste. 2650
Atlanta, GA 30303
(404) 979-3150
(404) 979-3157 (fax)

WAGE AND HOUR FIRM

*s/ Melinda Arbuckle*
Melinda Arbuckle
TX State Bar No. 24080773
marbuckle@wageandhourfirm.com
400 North St. Paul Street
Dallas, TX 75201
c: (214) 577-0258

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

On February 27, 2023, counsel for Plaintiff and counsel for Defendant entered into a settlement agreement contemplating that Defendant would oppose the amount of fees sought by Plaintiff's counsel. Defendant is not opposed to an award of attorney's fees sought by this motion, but has expressed that it will challenge the amount of fees.

*s/ Matthew W. Herrington*
Matthew W. Herrington

## CERTIFICATE OF SERVICE

On March 21, 2023, I filed the foregoing document with the Clerk of Court using the CM/ECF system. I certify that all counsel of record were served electronically thereby.

*s/ Melinda Arbuckle*
Melinda Arbuckle