IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **TALIA N. HARRISON,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**TYLER TECHNOLOGIES, INC.,**<br><br>**Defendant.** | Civil Action No. 4:21-cv-607-ALM |

### DECLARATION OF MATTHEW W. HERRINGTON

Attorney Matthew W. Herrington hereby submits his declaration, pursuant to 28 U.S.C. § 1746, in support of Plaintiff Talia Harrison's Motion for Award of Attorney's Fees and Costs Pursuant to the Fair Labor Standards Act.

1. My name is Matthew W. Herrington. I am over the age of twenty-one (21) and suffer from no legal disabilities. I make the following Declaration based on my personal knowledge as well as the contemporaneous business records of my firm.

2. I have been practicing law since my graduation, *cum laude*, from the University of Georgia School of Law in 2013. I am admitted in all state courts in Georgia, the United States District Court for the Northern, Middle, and Southern Districts of Georgia, as well as the United States Court of Appeals for the Eleventh Circuit. I have twice presented oral argument before the 11th Circuit in FLSA matters and have participated in two bench trials and one jury trial in the Federal District Court for the Northern District of Georgia. I have served as counsel in well over 120 FLSA cases, including several collective actions.

3. I have practiced employment law—primarily Fair Labor Standards Act litigation—since approximately October 2013, primarily in the Atlanta metropolitan area but also throughout the state of Georgia, as well as in several other states on a pro hac vice basis.

4. During my career I have represented more than 200 clients in FLSA individual and collective actions. Representative FLSA cases include *Swans v. OSP Prevention Grp., Inc.*, 38 F.4th 103, 106 (11th Cir. 2022) (reversing district court grant of summary judgment on FLSA administrative exemption); *Carter v. Doll House II, Inc.*, 608 Fed. App'x 903 (11th Cir. 2015) (partial affirmance of trial court's denial of motion to compel arbitration); *Greene v. Tyler Techs., Inc.*, 526 F. Supp. 3d 1325 (N.D. Ga. 2021) (summary judgment granted on administrative exemption defense in case against national software company); *Weakland v. Unique Refinishers, Inc.*, 1:19-cv-2581-MHC (N.D. Ga.) (FLSA collective action on behalf of 10 plaintiffs against national tile and tub refinishing company, settled after discovery for $165,000); *Brummett et al. v. Girls Galore, Inc. et al.*, 1:14-cv-4033-AT (N.D. Ga.) (FLSA action against male strip club settled together with two related actions for $235,000); *Martin v. Jobo's, Inc.*, 1:13-cv-4242-RWS (N.D. Ga.) (judgment for $67,483.10 plus $41,257.22 in attorney's fees and costs for bartender following successful bench trial); *Dean v. 1715 Northside Drive, Inc. et al.*, 224 F. Supp. 3d 1302 (N.D. Ga. 2016) (partial summary judgment granted to exotic dancer, settlement for $100,000); *Newell v. IDK, Inc.*, 1:14-cv-0219-TCB (N.D. Ga.) (confidential FLSA settlement on behalf of fifteen exotic dancers); *Drews v. Jobo's, Inc.*, 1:14-cv-3774-ODE (N.D. Ga.) (settlement for $66,694 plus $25,223.03 in attorney's fees and costs for bartender).

5. I have been an invited presenter at three annual CLE events organized by the Georgia chapter of the National Employment Lawyers Association. For the past two years, I have presented annual Fair Labor Standards Act case law updates at that event.

6. My current hourly rate of $390 has been approved on multiple occasions in the Atlanta Division of the Northern District of Georgia. *See Pate v. Chalil Brothers Investments LLC*, 1:22-cv-01454-ELR, Dkt. 16-5 (N.D. Ga.); *Bethel v. Lazer Spot, Inc.*, 1:20-cv-18350AT, Dkt. 76, p. 4 (N.D. Ga.). In 2021, my previous hourly rate of $350 was explicitly approved as reasonable even in the rural Rome Division of the Northern District of Georgia. *See Spurlock v. Complete Cash Holdings, LLC*, 540 F. Supp. 3d 1201, 1210 (N.D. Ga. 2021).

7. While the bulk of my practice is done on a contingency basis for employee–plaintiffs, I do also have hourly individual and corporate clients. For that work, I bill at the same rate of $390 per hour.

8. I have represented former employees of Defendant Tyler Technologies on two previous occasions. In *Greene*, I obtained summary judgment on Defendant's administrative exemption defense for a former Implementation Consultant (in fact, Greene worked directly with Plaintiff Harrison). I represented another Tyler Technologies Implementation Consultant on an FLSA overtime claim in *Wright v. Tyler Techs., Inc.*, 4:20-cv-00454 KGB (E.D. Ark.), which was resolved through an accepted Rule 68 offer of judgment.

9. I have represented Plaintiff Talia Harrison in this action since July 2021. I had primary responsible for all stages of this litigation, though I regularly consulted my co-counsel Charles R. Bridgers and Melinda Arbuckle.

10. While Defendant contends otherwise, it has always been Plaintiff Harrison's position that in her role as a Project Manager, her duties were almost completely the same as those of the project manager position at issue in *Greene* and *Wright*, other than some marginal supervisory duties. And, as Ms. Harrison testified at summary judgment in this case, in her later position as an Implementation Analyst, her work was restricted to the very same training duties she had been performing previously as a Project Manager. Dkt. 29-3 (Declaration of Talia Harrison), ¶ 40.

11. Due to the high degree of similarity between the Ms. Harrison's positions and those performed by Greene and Wright, and the extensive discovery and investigation I had previously completed in those actions, I was able to prosecute this case far more efficiently than would have been the case had I come into this case without such background. In fact, I seriously doubt there is any other attorney who could have effectively represented Ms. Harrison without at least three times as much attorney time expended on discovery, legal research, and factual investigation.

12. The efforts that I spent on this case were all reasonable to prosecute this matter and to obtain an excellent result for Ms. Harrison.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 21, 2023

*s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411