**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **TALIA N. HARRISON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **No. 4:21-cv-00607-ALM** |
| **vs.** | : | |
| | : | |
| **TYLER TECHNOLOGIES, INC.,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS
<u>PURSUANT TO THE FAIR LABOR STANDARDS ACT</u>**

Plaintiff Talia Harrison ("Plaintiff") seeks to recover an unreasonable amount of attorney's fees—$26,553.50—for a garden-variety, single-plaintiff wage and hour lawsuit in which the Court granted summary judgment against Plaintiff as to approximately 87% of the time she claimed she was owed overtime. Given Plaintiff's relative lack of success, the lack of specificity in some of Plaintiff's counsel's billing records, and the unnecessary work performed by Plaintiff's counsel, as explained fully below, Plaintiff's requested attorney's fees award should be reduced to no more than $9,798.13.[1]

I.    <u>BACKGROUND</u>

Plaintiff filed her lawsuit on August 3, 2021, alleging that the two positions she held with Defendant Tyler Technologies, Inc. ("Defendant") from 2016 through June 17, 2021 did not qualify as overtime exempt under the Fair Labor Standards Act ("FLSA"). ECF No. 1. Plaintiff claimed that, as a result, she was entitled to unpaid overtime compensation. *See id.* at ¶¶ 8, 36, and 39. Plaintiff held two positions during the FLSA's statutory period: (1) Senior Project

---

[1] Defendant does not object to the $1,271 in costs Plaintiff's counsel requests.

Manager from 2016 until November 17, 2019; and (2) Implementation Analyst from November 18, 2019 until June 17, 2021.  *See* ECF No. 14 at 2, 9–10.

Defendant timely filed its answer on August 24, 2021.  ECF No. 6.  After exchanging written discovery and taking Plaintiff's deposition, Defendant filed its Motion for Summary Judgment ("MSJ") on February 10, 2022.  ECF No. 14.  Instead of responding to the merits of Defendant's MSJ, Plaintiff requested additional time to complete discovery and to delay her response deadline.  *See* ECF No. 15.  Plaintiff then filed a Motion for Extension of Time to Complete Discovery.  ECF No. 17.

Plaintiff subsequently filed a Motion to Compel that was initially denied for failure to comply with the Court's Local Rules.  ECF Nos. 19 and 20.  Thereafter the parties conferred regarding a Joint Motion for Protective Order, ECF No. 21, Plaintiff received supplemental productions of documents, and Plaintiff requested another extension to the deadline to respond to Defendant's MSJ, ECF No. 27.  After conducting additional discovery and receiving multiple extensions to her MSJ response deadline, Plaintiff finally filed her response to Defendant's MSJ on September 7, 2022, but used none of the additional information received in the extended discovery period in her response to Defendant's MSJ.  *See* ECF No. 29.

Once briefing on Defendant's MSJ was complete, the Court granted in part Defendant's MSJ.  *See* ECF No. 36.  In its order, the Court held that the Implementation Analyst position in which Plaintiff worked from November 18, 2019 until June 17, 2021 was properly classified as exempt from overtime under the administrative exemption and, therefore, Plaintiff was not entitled to overtime during the period she held that position.  *See id.* at 22.  The Court held that issues of fact precluded summary judgment dismissal as to Plaintiff's FLSA claims while she worked in the position of Project Manager from 2016 until November 17, 2019.  *See id.* at 16.  The result of the

US_ACTIVE-172170655

Court's summary judgment ruling was a determination that Plaintiff was properly classified as exempt from overtime for approximately 87% of the FLSA's two-year statutory period.  *See, e.g.*, ECF No. ECF No. 14 at 9 (stating Plaintiff held the Implementation Analyst position from November 18, 2019 until she resigned on June 17, 2021).

After the Court's ruling on Defendant's MSJ, the parties settled their dispute for a $23,000 payment to Plaintiff.  The Court approved the parties' Joint Motion for Settlement Approval on February 28, 2023.  ECF No. 43.  Plaintiff then sought an extension to her deadline to file her Fee Petition, ECF No. 44, before filing her Motion for Attorney's Fees and Costs on March 21, 2023, ECF No. 46.

## II.    <u>LEGAL STANDARD</u>

Plaintiff's partial monetary recovery resulting from the parties' settlement may equate to "prevailing-party status" under the FLSA, but such status "is not the equivalent of success on the merits of the case." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 801 (5th Cir. 2006).  "The most critical factor in determining an attorney's fee award is the 'degree of success achieved.'" *Id.* at 799 (quoting *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003)); *see also Gurule v. Land Guardian, Inc.*, 912 F.3d 252, at 258 (5th Cir. 2018) ("The court's analysis properly recognized that the 'most critical factor in determining a fee award—the degree of success obtained—strongly support[ed] a downward departure . . . .").  Prevailing-party status "may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Id.*

"[P]laintiffs seeking attorney's fees are charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment [which requires] documentation of the hours charged and of the hours written off

US_ACTIVE-172170655

as unproductive, excessive, or redundant." *Id.* After calculating the lodestar—the number of hours reasonably spent on the case multiplied by an appropriate hourly rate in the community for such work—the court may decrease the lodestar amount based on the twelve *Johnson* factors. The *Johnson* factors are:

> (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

## III.    PLAINTIFF'S REQUESTED ATTORNEY'S FEES AWARD IS UNREASONABLE

Plaintiff's requested attorney's fees are unreasonable under the facts of this case. Most importantly, Plaintiff's lack of success on the merits justifies a significant reduction of the requested attorney's fee award. Additionally, Plaintiff's counsel failed to exercise adequate billing judgment when calculating the requested award. And, a number of the remaining *Johnson* factors weigh in favor of reducing any attorney's fees award. Based on the totality of the circumstances, Plaintiff's lodestar calculation should be reduced by $6,957.24 in specific write-offs[2] and a 50% downward adjustment should be applied to the $19,596.26 remaining total requested by Plaintiff—resulting in a total award of $9,798.13.

### A.    Plaintiff's Lack of Success on the Merits

"Where a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an

---

[2] Attached as Exhibit 1 is a copy of Plaintiff's counsel's billing entries, which is Exhibit E to Plaintiff's motion for attorney's fees, with the contested entries highlighted.

excessive amount." *See Saizan*, 448 F.3d at 801.  In *Saizan*, the Fifth Circuit affirmed the district court's reduction of an attorney's fee award where the settlement did not contain an admission of liability and the plaintiffs failed to convince the court they were entitled to the overtime compensation sought.  *See id.*  The district court in *Saizan*, prior to trial, rejected plaintiffs' method for calculating overtime liability, which limited plaintiffs' potential recovery by almost 90%.  *See id.* at 198.  Here, comparable to the *Saizan* plaintiffs' lack of success on the merits, Plaintiff failed to establish that she was entitled to overtime compensation for approximately 87% of the FLSA's two-year statutory period.  *See* ECF No. 36 at 22 (granting summary judgment for Defendant for the period of time Plaintiff held the Implementation Analyst position).  As a result of the Court's summary judgment ruling, unless Plaintiff could prove that Tyler willfully violated the FLSA, the most Plaintiff could have hoped to recover at trial for overtime compensation was limited to the time period of August 3, 2019 until November 17, 2019, during the time she worked as a Project Manager, a role Defendant strongly maintains was properly classified.  And, like the settlement agreement in *Saizan*, the parties' agreement does not contain an admission of liability.  *See* ECF No. 41 at 2.

Plaintiff previously estimated that she was owed $54,964 in unpaid overtime and liquidated damages.  *See* ECF No. 40 at 3, Joint Motion for Settlement Approval.  Of that amount, Plaintiff estimated that $31,646 was attributable to the time she spent in the Implementation Analyst position.  *See id.*  As a result of the Court's summary judgment ruling, Plaintiff was unsuccessful on the merits of her biggest claim and unable to recover on approximately 58% of the damages she sought.  Such limited success provides legitimate grounds for a 50% reduction of Plaintiff's requested attorney's fee award.  *See Saizon*, 448 F.3d at 801–803 (affirming the district court's

US_ACTIVE-172170655

reduction of attorneys' fees from $114,057 to $13,000 for, among other reasons, plaintiffs settling the case for a fraction of the damages initially requested).

    **B.**    <u>**Failure to Exercise Adequate Billing Judgment**</u>

    "Billing judgment is usually shown by the attorney writing off unproductive, excessive, or redundant hours." *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002). The remedy for failing to exercise billing judgment is to reduce the hours awarded by a percentage or discrediting any billing entries for unproductive, excessive or redundant hours. *See id.* (affirming district court's decision to reduce attorney's fees award for failure to exercise billing judgment). Plaintiff's counsel states he reduced the fees sought by $2,008.40 "to present a conservative calculation of fees." ECF No. 46-2 at 12, ¶ 20.[3] But Plaintiff's counsel's duty to exercise billing judgment does not stop at his elimination of clearly unproductive hours. *See, e.g.*, *Yin Invs. USA, LP v. Aspen Specialty Ins. Co.*, 2022 U.S. Dist. LEXIS 120296, at *11–12 (E.D. Tex. July 7, 2022) (reducing lodestar amount due to plaintiff's counsel's failure to adequately exercise billing judgment).

    Based on the descriptions in Plaintiff's counsel's billing records, the billing entries related to the following categories should be reduced or eliminated from any fee award:

| 04-AmendCompl-Ans | Draft and revisions of Amended Complaint and Effort regarding Amended Answer | $234.00 |
|---|---|---|

---

[3] A review of the fees written off fees establish that $909.15 of those fees relate to Mr. Bridges' time spent revising his local counsel agreement and $858.00 relate to work by Mr. Herrington that Mr. Bridges could not even tell if the work performed was related to this case. *See* ECF No. 46-2 at 16–18.

US_ACTIVE-172170655

| 12-Depositions | Scheduling, noticing, preparing for and conducting depositions of a Rule 30(b)(6) representative and both individual defendant | $4,343.00 |
| 13-Motions | Drafting and Responding to Motions including motion to extend time to answer and motion to approve settlement. | $5,981.55 |
| 27-Legal Research Other | Conduct legal research not otherwise categorized | $237.90 |
| 29-Miscellanous Case Efforts | Miscellaneous Duties Related to Case, review of incoming correspondence, incoming orders, extensions, staff assignments | $791.40 |
| 30-Factual Development | Interviewing witnesses and reviewing facts not otherwise categorized | $286.13 |

ECF No. 46-2 at 10–12, ¶ 19.

### 1.   Amended Complaint billing entry

Plaintiff's counsel's $234.00 billing entry pertaining to an unpursued and never filed amended complaint should be eliminated.  This entry states it relates to time spent discussing a potential collective action that Plaintiff's counsel chose not to pursue.  *See* ECF No. 46-2 at 41. The Court should decline to award fees for a motion "that was ultimately not filed in the case, particularly in the absence of any explanation of why the fees are reasonably necessary."  *See* *Whatley v. Creditwatch Servs.*, 2014 U.S. Dist. LEXIS 42990, at *18–19 (E.D. Tex. Mar. 31, 2014) (reducing attorney's fees award).  Furthermore, the description of the entries in the "Amended

US_ACTIVE-172170655

Complaint" category above reference an Amended Answer.  Defendant never filed an Amended Answer in this matter.

                2.      <u>Depositions billing entries</u>

Plaintiff's counsel's summary of the billing entries related to depositions describe events that did not take place in this case.  The summary states the billing entries are for "[s]cheduling, noticing, preparing for and conducting depositions of a Rule 30(b)(6) representative and both individual defendant[s]."  ECF No. 46-2 at 11, ¶ 19.  But Plaintiff did not take a single deposition in this case, and there is only a single (corporate) defendant.  While the block-billed actual time entries suggest that this time may relate to *Plaintiff's* deposition by Defendant, (*See* ECF No. 46-2 at 44–45), based on Plaintiff's counsel's billing records, it is unclear whether the time spent on depositions was reasonable.  *See Yin*, 2022 U.S. Dist. LEXIS 120296, at *10 ("Block billing is disfavored because it prevents the court from accurately determining the time spent on any particular task, thus impairing the court's evaluation of whether the hours were reasonably expended.").  As Plaintiff's counsel's billing records are vague, block-billed, and include an inconsistent description of what work related to depositions was actually performed in this case, these time entries should be reduced by 10% from $4,343.40 to $3,908.70.  *See Peterson v. Tenant Tracker, Inc.*, 2021 U.S. Dist. LEXIS 204833, at *19–21 (E.D. Tex. Sept. 30, 2021) (reducing time entries that were vague and block-billed by 10%).

                3.      <u>Motions billing entries</u>

Plaintiff's counsel's time entries related to "Motions," which are almost exclusively related to Plaintiff's Motion for Attorney's Fees, are excessive.  Plaintiff counsel's billing records state that 10.83 hours were spent preparing for and drafting Plaintiff's less than 6-page Motion for

US_ACTIVE-172170655

Attorney's Fees and an additional 3.5 hours have been included in anticipation of Plaintiff filing a reply for a total of 14.33 hours.  *See* ECF No. 46-2 at 45–46.

"Fee applications do not typically involve novel or complex legal issues and the fees claimed for preparing them will be reduced if excessive."  *Lewallen v. City of Beaumont*, 2009 U.S. Dist. LEXIS 62503, at *24 (E.D. Tex. July 20, 2009) (reducing the time claimed on attorney's fees petition).  It should not have taken experienced FLSA litigators nearly two hours of time per page to draft such a routine motion.  Plaintiff's counsel's excessive hours for a less than 6-page routine motion should be reduced by half to 5.42 hours.  Accordingly, Plaintiff's fees related to the "Motions" entries should be reduced from to $5981.55 to $2,990.78.

    4.      Legal Research Other, Miscellaneous Case Efforts, and Factual Development billing entries

Plaintiff's counsel's time entries under the descriptions "Legal Research Other," "Miscellaneous Case Efforts," and "Factual Development" all relate to time spent on abandoned legal theories and administrative tasks.  The lone entry for "Legal Research Other" details time spent researching "necessity of pleading affirmative defenses and standard for more definite statement motion."  *See* ECF No. 46-2 at 53.  Defendant did not file a motion for more definite statement and it is unclear to what Plaintiff's counsel's time entry about affirmative defenses relates.  As noted above, the Court should decline to award fees for a motion "that was ultimately not filed in the case, particularly in the absence of any explanation of why the fees are reasonably necessary."  *See Whatley*, 2014 U.S. Dist. LEXIS 42990, at *18–19.

The time entries under ""Miscellaneous Case Efforts" and "Factual Development" also relate to unpursued legal strategies related to venue and jurisdictional issues as well as discussions related to administrative tasks such as finalizing a pro hac vice filing, generic entries regarding "case direction" and "status of case," and the "division of labor and assignments."  *See* ECF No.

46-2 at 53–54.  Such administrative tasks should be subtracted from the total hours submitted by Plaintiff's counsel.  *See, e.g.*, *Lewallen*, 2009 U.S. Dist. LEXIS 62503, at *17–19 (excluding hours for basic communications and case organization).  As a result, Plaintiff should not recover the $1,315.43 sought for the tasks under these three billing categories.

          5.      <u>Unproductive Billing Entries Across Categories</u>

As noted above, Plaintiff requested and was granted additional time to respond to Defendant's MSJ.  The stated reason for the extension request was to conduct additional discovery but, after receiving the requested extension, Plaintiff used none of the information sought and received in the additional discovery she was allowed to conduct.  The unproductive hours related to additional discovery, Plaintiff's Motion to Compel, the negotiation and filing of the parties' Protective Order, and review of Defendant's supplemental production totaling $1,982.73 in fees should be excluded from any attorney's fees award.  *See* ECF No. 46-2 at 42–43, 47 (Bridges billing entries for $91.35, $69.60, $43.50, $48.58, and $43.50; Herrington's billing entries for $109.20, $1053.00, and $507.00; and Sorrenti's billing entry for $17.00).  Again, the Court should decline to award fees for work that was not ultimately used to prosecute Plaintiff's case, particularly in the absence of any explanation of why the fees are reasonably necessary."  *See, e.g.*, *Whatley*, 2014 U.S. Dist. LEXIS 42990, at *18–19.

**C.**      <u>**Numerous Remaining *Johnson* Factors Weigh in Favor of Reducing Any Attorney's Fees Award**</u>

A number of the remaining *Johnson* factors, not considered in the lodestar analysis above, weigh in favor of a further reduction to Plaintiff's requested attorney's fees award.  These factors include the lack of novelty and difficulty of the issues in the case, Plaintiff's counsel's ability to accept other cases, whether the fee is fixed or contingent, and the fact that the case was not

US_ACTIVE-172170655

undesirable to Plaintiff's counsel.  These factors, when considered together, weigh in favor of the requested reduction of any attorney's fees award.

>    1.    <u>Lack of novelty and difficulty of the issues in the case</u>

Plaintiff's claims in this case were not novel or difficult.  This was a straight-forward, single-plaintiff overtime case in which Plaintiff claimed she was misclassified under the FLSA. Nothing before the Court indicates those claims involved novel or difficult facts or legal issues. *See Dooling v. Bank of the W.*, 2013 U.S. Dist. LEXIS 204660, at *7–8 (E.D. Tex. Mar. 8, 2013) (noting "the relatively straightforward nature of Plaintiff's FLSA claim" and denying a portion of the attorney's fees requested).  Furthermore, this was the third lawsuit that Plaintiff's counsel filed has filed against Defendant within a span of approximately two-and-one-half years claiming FLSA misclassification.  Indeed, the complaint in this case mimicked much of the two prior complaints, even in areas where such mimicry was an obvious error.  *See, e.g.*, ECF No. 29 at 3–4 (comparing *Greene v. Tyler Techs.*, 1:19-cv-01338-AT, (N.D. Ga.) to this lawsuit); *see also* ECF No. 46-2 at 16 (referencing review of filings in *Wright v. Tyler Techs.*, 4:20-cv-00454 KGB (E.D. Ark.) in billing entries).  Plaintiff's counsel's knowledge of Defendant's business, and his familiarity with Defendant's legal arguments as to the exempt classification of its employees, further supports a finding that this case was not novel or difficult.  Plaintiff's requested attorney's fees award should be decreased to reflect those facts.

>    2.    <u>Plaintiff's counsel has not been precluded from accepting other cases</u>

There is nothing in the record to indicate that Plaintiff's counsel was precluded from accepting other cases due to their representation of Plaintiff in this case.  Because this case was not complex, it "should not have caused counsel to limit the number of cases counsel could handle at any given time."  *Baki v. Bigelow Mgmt.*, 2006 U.S. Dist. LEXIS 115965, at *10 (E.D. Tex. Mar. 24, 2006) (reducing lodestar amount for attorney's fees award).  Moreover, "if counsel chose

US_ACTIVE-172170655

to spend a considerable amount of time on this case to the exclusion of others, it was a choice, not necessitated by the nature of the case." *Id.*

### 3. Whether the fee is fixed or contingent

Plaintiff does not state whether she entered into a fixed fee or contingency agreement with her counsel. However, in his affidavit, Plaintiff's counsel acknowledges the majority of the work his firm performs is on a contingency fee basis. *See* ECF No. 46-2 at 3, ¶ 7. Plaintiff also cites to case law discussing contingency fee cases to support her argument that the amount of time her attorneys spent on her case is reasonable. *See* ECF No. 46 at 2–3. "[U]nder a typical contingency fee arrangement, counsel for Plaintiff would receive far less than the fee requested." *Baki*, 2006 U.S. Dist. LEXIS 115965, at *11 (considering this factor when reducing a plaintiff's requested attorney's fees award). Here, Plaintiff requests more attorney's fees than she was awarded in damages. Plaintiff's counsel should not receive considerably more in this case than the percentage they would receive under their typical contingency fee arrangement.

### 4. The case was not undesirable

This case was not undesirable to Plaintiff's counsel. In fact, Plaintiff argues that her counsel were able to more efficiently represent her because they had previous experience in FLSA litigation against Defendant to justify her requested attorneys' fees award. *See* ECF No. 46 at 4. Based on Plaintiff's argument, it appears this case was desirable to Plaintiff's counsel and, as a result, this factor does not support Plaintiff's requested attorney's fees.

## IV.   CONCLUSION

Plaintiff's lack of success on the merits alone justifies a reduction of her requested attorney's fees award. A reduction is further supported due to Plaintiff's counsel's failure to

US_ACTIVE-172170655

adequately exercise billing judgment and an analysis of the *Johnson* factors.   Accordingly,

Defendant respectfully requests that any attorney's fees award not exceed $9,798.13.

Dated:        April 4, 2023                 */s/ Paulo B. McKeeby*
                                             Paulo B. McKeeby (Lead Attorney)
                                             TX State Bar No. 00784571
                                             pmckeeby@reedsmith.com
                                             Amanda E. Brown
                                             TX State Bar No. 24087839
                                             aebrown@reedsmith.com
                                             Reed Smith LLP
                                             2850 N. Harwood St., Suite 1500
                                             Dallas, TX 75201
                                             Telephone:   +1.469.680.4200
                                             Facsimile:    +1.469.680.4299

                                             **ATTORNEYS FOR DEFENDANT**


                          **CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that on April 4, 2023, a true and correct copy of the above
was filed using the Court's CM/ECF system that caused notice to be served upon the following:

Charles R. Bridgers                          Melinda Arbuckle
Matthew W. Herrington                        Shellist Lazarz Slobin LLP
DeLong Caldwell Bridgers Fitzpatrick &       11 Greenway Plaza
Benjamin, LLC                                Suite 1515
101 Marietta St.                             Houston, TX 77046
Ste. 2650                                    marbuckle@eeoc.net
Atlanta, GA 30303
charles.bridgers@dcbflegal.com
matthew.herrington@dcbflegal.com


                                             */s/ Paulo B. McKeeby*
                                             Paulo B. McKeeby

US_ACTIVE-172170655