# EXHIBIT 2

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TALIA N. HARRISON,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. 4:21-cv-607-ALM |

### SECOND DECLARATION OF MATTHEW W. HERRINGTON

Attorney Matthew W. Herrington hereby submits his declaration, pursuant to 28 U.S.C. § 1746, in support of Plaintiff Talia Harrison's Motion for Award of Attorney's Fees and Costs Pursuant to the Fair Labor Standards Act.

1. My name is Matthew W. Herrington. I am over the age of twenty-one (21) and suffer from no legal disabilities. I make the following Declaration based on my personal knowledge as well as the contemporaneous business records of my firm.

2. During the litigation of Plaintiff Talia Harrison's overtime claim against Defendant Tyler Technologies, Inc., I was aware that Ms. Harrison had worked for Tyler in two distinct but related positions.

3. As Ms. Harrison has previously testified to, the work she performed in her second position as Implementation Analyst was the very same work she had been performing in her previous position as Project Manager. The primary—and possibly only—difference was that she no longer had supervisory duties for an Implementation Consultant, and she no longer needed to bill directly to client cases or regularly travel to client worksites. But

  the day-to-day of the work she performed was no different than 50% of the work she had previously performed in her role as a Project Manager.

4. Because these positions were so similar and the duties overlapped in every relevant way, it was not necessary for me to conduct significant additional discovery or additional legal research as to the Implementation Analyst position. The work that Ms. Harrison performed in that position was completely subsumed within her duties as a Project Manager. Every aspect of her job duties as Implementation Analyst was also relevant to her duties as a Project Manager.

5. I spent no substantial additional time working on this case as a result of the fact that Plaintiff worked in two positions during the course of her employment, other than the small amount of time it took to brief a few additional paragraphs in Plaintiff's response to Defendant's Summary Judgment Motion.

6. No job duties related solely to Plaintiff's position as Implementation Analyst and thus the overwhelming majority of the work on this case would have been performed identically whether or not she had worked in multiple positions.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 20, 2023

                *s/ Matthew W. Herrington*
                Matthew W. Herrington
                Georgia Bar No. 275411